1  SPENCER HOSIE (CA Bar No. 101777)
   shosie@hosielaw.com
2  BRUCE WECKER (CA Bar No. 078530)
   bwecker@hosielaw.com
3  HOSIE McARTHUR LLP
   One Market, 22nd Floor
4  San Francisco, CA 94105
   (415) 247-6000 Tel.
5  (415) 247-6001 Fax

6

7  ROBERT J. YORIO (CA Bar No. 93178)
   CARR & FERRELL LLP
8  2200 Geng Road
   Palo Alto, CA 94303
9  (650) 812-3400 Tel.
   (650) 812-3444 Fax
10

11 Attorneys for Plaintiff
   PRIVASYS, INC.

12

13             UNITED STATES DISTRICT COURT

14    FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

15 PRIVASYS, INC,                      §
16                                     §
                Plaintiff,             §
17                                     §   Case No. C 07-03257 SI
        v.                             §
18                                     §   **STIPULATED PROTECTIVE ORDER**
19 VISA INTERNATIONAL SERVICE          §
   ASSOCIATION, VISA U.S.A.,           §
20                                     §
                Defendants.            §
21 ─────────────────────────────────── §

22

23

24

25

26

27

28

1

## 1. PURPOSES AND LIMITATIONS

2

3

4

5

6

7

8

9

10

11

12

13

14

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

15

16

## 2. DEFINITIONS

17

18

19

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

20

21

22

23

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

24

25

26

27

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

28

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items:

1    extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

2    nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive

3    means.

4           2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a

5    Producing Party.

6           2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery

7    Material in this action.

8

9           2.7. Designating Party: a Party or non-party that designates information or items

10   that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential

11   — Attorneys' Eyes Only."

12          2.8 Protected Material: any Disclosure or Discovery Material that is designated as

13   "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

14          2.9. Outside Counsel: attorneys who are not employees of a Party but who are

15   retained to represent or advise a Party in this action.

16

17          2.10 House Counsel: attorneys who are employees of a Party.

18          2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as

19   their support staffs).

20          2.12 Expert: a person with specialized knowledge or experience in a matter

21   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

22   witness or as a consultant in this action and who is not a past or a current employee of a Party or of a

23   competitor of a Party's and who, at the time of retention, is not anticipated to become an employee

24   of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant

25   retained in connection with this litigation.

26

27          2.13 Professional Vendors: persons or entities that provide litigation support

28

services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

organizing, storing, retrieving data in any form or medium; etc.) and their employees and

subcontractors.

### 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as

defined above), but also any information copied or extracted therefrom, as well as all copies,

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

parties or counsel to or in court or in other settings that might reveal Protected Material.

### 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

otherwise directs.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order

(see, e.g., second paragraph of section 5.1(a), below), or as otherwise stipulated or ordered, material

that qualifies for protection under this Order must be clearly so designated before the material is

disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions

or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains

protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before

the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.2 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must cooperate with Designating Party to thereafter treat the material in accordance with that designation under the provisions of this Order. Absent the timely notification by the Designating Party, the Receiving Party has no duty to assume any

STIPULATED PROTECTIVE ORDER    5
22319\1300746.1

1  document is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" if it is not designated
2  as such upon production.

3  ## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

4  6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's
5  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
6  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive
7  its right to challenge a confidentiality designation by electing not to mount a challenge promptly
8  after the original designation is disclosed.
9

10  6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating
11  Party's confidentiality designation must do so in good faith and must begin the process by conferring
12  directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel
13  for the Designating Party. In conferring, the challenging Party must explain the basis for its belief
14  that the confidentiality designation was not proper and must give the Designating Party an
15  opportunity to review the designated material, to reconsider the circumstances, and, if no change in
16  designation is offered, to explain the basis for the chosen designation. A challenging Party may
17  proceed to the next stage of the challenge process only if it has engaged in this meet and confer
18  process first.
19

20  6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality
21  designation after considering the justification offered by the Designating Party may file and serve a
22  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that
23  identifies the challenged material and sets forth in detail the basis for the challenge. Each such
24  motion must be accompanied by a competent declaration that affirms that the movant has complied
25  with the meet and confer requirements imposed in the preceding paragraph and that sets forth with
26
27
28

STIPULATED PROTECTIVE ORDER          6
22319\1300746.1

1  specificity the justification for the confidentiality designation that was given by the Designating
2  Party in the meet and confer dialogue.

3        The burden of persuasion in any such challenge proceeding shall be on the
4  Designating Party. Until the court rules on the challenge, all parties shall continue to afford the
5  material in question the level of protection to which it is entitled under the Producing Party's
6  designation.
7

8        7. ACCESS TO AND USE OF PROTECTED MATERIAL

9        7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed
10 or produced by another Party or by a non-party in connection with this case only for prosecuting,
11 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
12 the categories of persons and under the conditions described in this Order. When the litigation has
13 been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL
14 DISPOSITION).
15

16       Protected Material must be stored and maintained by a Receiving Party at a location
17 and in a secure manner that ensures that access is limited to the persons authorized under this Order.

18       7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
19 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
20 disclose any information or item designated CONFIDENTIAL only to:
21

22              (a) the Receiving Party's Outside Counsel of record in this action, as well as
23 employees of said Counsel to whom it is reasonably necessary to disclose the information for this
24 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached
25 hereto as Exhibit A;
26

27              (b) the officers, directors, and employees (including House Counsel) of the
28 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

STIPULATED PROTECTIVE ORDER                    7
22319\1300746.1

1    the "Agreement to Be Bound by Protective Order" (Exhibit A);

2              (c) experts (as defined in this Order) of the Receiving Party to whom

3    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

4    Bound by Protective Order" (Exhibit A);

5              (d) the Court and its personnel;

6              (e) court reporters, their staffs, and professional vendors to whom disclosure is

7    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

8

9    Protective Order" (Exhibit A);

10             (f) during their depositions, witnesses in the action to whom disclosure is

11   reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

12   (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

13   Protected Material must be separately bound by the court reporter and may not be disclosed to

14   anyone except as permitted under this Stipulated Protective Order;

15

16             (g) officers, directors, and employees of the Designating Party; and

17             (h) the author or recipient of the document.

18        7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

19   Information or Items.

20        Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

21   Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

22   ATTORNEYS' EYES ONLY" only to:

23        (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of

24   said Counsel to whom it is reasonably necessary to disclose the information for this litigation and

25   who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit

26   A;

27

28

1    (b) House Counsel of a Receiving Party (1) who has no involvement in competitive decision-

2    making or in patent prosecutions involving credit card payment systems, (2) to whom disclosure is

3    reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by

4    Protective Order" (Exhibit A);

5        (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this

6    litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7        (d) the Court and its personnel;

8        (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably

9    necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order"

10    (Exhibit A);

11        (f) officers, directors, and employees of the Designating Party; and

12        (g) the author or recipient of the document.

13        8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

14    LITIGATION.

15        If a Receiving Party is served with a subpoena or an order issued in other litigation

16    that would compel disclosure of any information or items designated in this action by the Non-

17    Receiving Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18    ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

19
      immediately and in no event more than three court days after receiving the subpoena or order. Such
20
      notification must include a copy of the subpoena or court order.
21

22        The Receiving Party also must immediately inform in writing the Party who caused the

23    subpoena or order to issue in the other litigation that some or all the material covered by the

24    subpoena or order are the subject of this Protective Order. In addition, the Receiving Party must

25    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

26
      caused the subpoena or order to issue.
27

28        The purpose of imposing these duties is to alert the interested parties to the existence

1   of this Protective Order and to afford the Designating Party in this case an opportunity to try to

2   protect its confidentiality interests in the court from which the subpoena or order issued. The

3   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

4   confidential material – and nothing in these provisions should be construed as authorizing or

5   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

6

7   ## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

9   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

10  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

11  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

12  person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

13

14  (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

15  that is attached hereto as Exhibit A.

16

17  10. FILING PROTECTED MATERIAL. Without written permission from the Designating

18  Party or a court order secured after appropriate notice to all interested persons, a Party may not file

19  in the public record in this action any Protected Material. A Party that seeks to file under seal any

20  Protected Material must comply with Civil Local Rule 79-5.

21  11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing

22  Party, within sixty days after the final termination of this action, each Receiving Party must return all

23  Protected Material to the Producing Party. As used in this subdivision, "all Protected Material"

24

25  includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing

26  any of the Protected Material. With permission in writing from the Designating Party, the Receiving

27  Party may destroy some or all of the Protected Material instead of returning it. Whether the

28

1  Protected Material is returned or destroyed, the Receiving Party must submit a written certification

2  to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty

3  day deadline that identifies (by category, where appropriate) all the Protected Material that was

4  returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

5  compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

6
7  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

8  motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

9  materials contain Protected Material. Any such archival copies that contain or constitute Protected

10  Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11

12      12. MISCELLANEOUS

13          12.1 Right to Further Relief. Nothing in this Order abridges the right of any person

14
15  to seek its modification by the Court in the future.

16          12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective

17  Order no Party waives any right it otherwise would have to object to disclosing or producing any

18  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

19  Party waives any right to object on any ground to use in evidence of any of the material covered by

20  this Protective Order.

21

22      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23

24  Dated: July 23, 2007                    FARELLA BRAUN & MARTEL LLP

25

26                                          By: _____

27                                              Roderick Thompson

28                                          Attorneys for Defendant

VISA U.S.A

Dated: July 23, 2007                    MAYER, BROWN, ROWE & MAW LLP

                                        By: _____
                                            W. Joseph Melnik  Ian N. Feinberg

                                        Attorneys for Defendant
                                        VISA INTERNATIONAL SERVICE
                                        ASSOCIATION


Dated: July 25 2007                     HOSIE MCARTHUR LLP


                                        By: _____
                                            Spencer Hosie

                                        Attorneys for Plaintiff
                                        PRIVASYS, INC.


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:_____    _____
                                    Hon. Susan Illston
                                    U.S. District Court Judge

1

2

3
## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4

5
I, _____ [print or type full name], of _____

6
[print or type full address], declare under penalty of perjury that I have read in its entirety and

7
understand the Stipulated Protective Order that was issued by the United States District Court for the

8
Northern District of California on [date] in the case of _____ [insert formal name of the case

9
and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all

10

11
the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

12
comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

13
that I will not disclose in any manner any information or item that is subject to this Stipulated

14
Protective Order to any person or entity except in strict compliance with the provisions of this Order.

15
I further agree to submit to the jurisdiction of the United States District Court for the

16
Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

17
Order, even if such enforcement proceedings occur after termination of this action.

18

19
I hereby appoint _____ [print or type full name] of

20
_____ [print or type full address and telephone number]

21
as my California agent for service of process in connection with this action or any proceedings

22
related to enforcement of this Stipulated Protective Order.

23

24
Date: _____

25
City and State where sworn and signed: _____ _____

26
Printed name: _____
                        [printed name]
27
Signature: _____
                    [signature]
28

STIPULATED PROTECTIVE ORDER          13
22319\1300746.1

## EXHIBIT A
### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Northern District of California on [date] in the case of _____ [insert formal name of the case

and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]
Signature: _____
                    [signature]

STIPULATED PROTECTIVE ORDER                    14
22319\1300746.1