1   Roderick M. Thompson (State Bar No. 096192)
    Eugene Y. Mar (State Bar No. 227071)
2   June T. Tai (State Bar No. 226997)
    Farella Braun & Martel LLP
3   235 Montgomery Street, 17th Floor
    San Francisco, CA  94104
4   Telephone:  (415) 954-4400
    Facsimile:  (415) 954-4480
5
    Attorneys for Defendant
6   VISA U.S.A.

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  PRIVASYS, INC.,                          Case No.  C 07 3257 SI

13              Plaintiff-Counterclaim       **DEFENDANT AND COUNTERCLAIMANT**
                Defendant,                    **VISA U.S.A.'S ANSWER AND**
14                                            **COUNTERCLAIMS**

15          vs.

16  VISA INTERNATIONAL SERVICE
    ASSOCIATION, VISA U.S.A.,                 **DEMAND FOR JURY TRIAL**

17              Defendants-
                Counterclaimants.
18

19

20          Defendant Visa U.S.A. Inc. ("Visa U.S.A.") answers and counterclaims to PrivaSys Inc.'s

21  Original Complaint ("Complaint") by admitting, denying, and alleging as follows:

22                                **PARTIES**

23          1.      Responding to paragraph 1 of the Complaint, Visa U.S.A. is without sufficient

24  knowledge or information to form a belief as to the truth of the allegations of that paragraph, and

25  on that basis denies them.

26          2.      Responding to paragraph 2 of the Complaint, Visa U.S.A. is a Delaware

27  membership corporation with offices in San Francisco and Foster City, California.  Defendants

28  Visa International Services Association ("Visa International") and Visa U.S.A. are separate

1  corporations, and PrivaSys' usage of the name "Visa" to denote both corporations creates

2  confusion and ambiguity throughout the remainder of the Complaint.  Throughout this Answer,

3  unless otherwise indicated, Visa U.S.A.'s response is limited to its knowledge of matters within

4  the United States.  Except as so expressly admitted, denied.

5  **JURISDICTION AND VENUE**

6      3.      Responding to paragraph 3 of the Complaint, Visa U.S.A. admits that PrivaSys

7  purports to bring a claim for patent infringement under 35 U.S.C. § 271 over which the Court has

8  subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).  Visa U.S.A. further admits that

9  venue over PrivaSys' purported patent claim is proper in this judicial district.  Except as so

10  expressly admitted, denied.

11      4.      Responding to paragraph 4 of the Complaint, Visa U.S.A. admits that it has offices

12  in this judicial district.  Except as so expressly admitted, denied.

13  **INTRADISTRICT ASSIGNMENT**

14      5.      Responding to paragraph 5 of the Complaint, admitted.

15  **BACKGROUND**

16      6.      Responding to paragraph 6 of the Complaint, Visa U.S.A. admits that a typical

17  Visa-branded payment card may be made of plastic, may have embossed characters showing the

18  account number and information about the cardholder, and may have an encoded magnetic stripe

19  on the back of the card.  Some Visa-branded payment cards contain a printed, visible three digit

20  security code.  Except as so expressly admitted, Visa U.S.A. is without knowledge or information

21  sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on

22  that basis denies each and every such allegation.

23      7.      Responding to paragraph 7 of the Complaint, Visa U.S.A. admits that a typical

24  merchant accepting Visa-branded payment cards has a reader at the point of sale that can read the

25  data from the magnetic stripe of a Visa-branded payment card and transmit data to the issuing

26  bank with an authorization request.  Track 1 data on the magnetic stripe of a typical Visa-branded

27  payment card may contain the account number, customer's name, expiration date, and may also

28  include discretionary data.  Track 2 data on the magnetic stripe of a typical Visa-branded payment

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS                                - 2 -                                22319\1319690.2

Case No.: C 07 3257

1  card may contain the account number, expiration date, and may also include discretionary data.

2  Except as so expressly admitted, Visa U.S.A. is without knowledge or information sufficient to

3  form a belief as to the truth of the remaining allegations of this paragraph, and on that basis

4  denies each and every such allegation.

5        8.      Responding to paragraph 8 of the Complaint, Visa U.S.A. admits that "skimming"

6  and data compromise are terms commonly used to refer to fraud that may occur in the payment

7  card industry.  Except as so expressly admitted, Visa U.S.A. is without knowledge or information

8  sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on

9  that basis denies each and every such allegation.

10       9.      Responding to paragraph 9 of the Complaint, Visa U.S.A. admits that "smart card"

11  is a term commonly understood to be a payment card with an embedded microchip.  Visa U.S.A.

12  understands that EMVCo LLP was formed by Europay International, MasterCard International,

13  and Visa International.  Except as so expressly admitted, Visa U.S.A. is without knowledge or

14  information sufficient to form a belief as to the truth of the remaining allegations of this

15  paragraph, and on that basis denies each and every such allegation.

16       10.     Responding to paragraph 10 of the Complaint, denied.

17       11.     Responding to paragraph 11 of the Complaint, Visa U.S.A. admits that applicable

18  Visa U.S.A. rules set out the circumstances under which an acquiring bank in the United States

19  bears the risk of loss due to its merchant accepting a Visa branded payment card in a fraudulent

20  "card present" transaction.  Except as so expressly admitted, Visa U.S.A. is without knowledge or

21  information sufficient to form a belief as to the truth of the remaining allegations of this

22  paragraph, and on that basis denies each and every such allegation.

23       12.     Responding to paragraph 12 of the Complaint, Visa U.S.A. is without sufficient

24  knowledge or information to form a belief as to the truth of the allegations regarding

25  MasterCard's activities, and on that basis denies them.  Except as so stated, denied.

26       13.     Responding to paragraph 13 of the Complaint, Visa U.S.A. is without sufficient

27  knowledge or information to form a belief as to the truth of the allegations regarding

28  MasterCard's activities, and on that basis denies them.  Visa U.S.A. admits that it has studied the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS
Case No.: C 07 3257

- 3 -

22319\1319690.2

1  economics of the use in the United States of payment cards with an embedded microchip.  Except

2  as so expressly admitted, denied.

3  **PrivaSys' Alleged Solution to Payment Card Fraud**

4      14.     Responding to paragraph 14 of the Complaint, Visa U.S.A. is without sufficient

5  knowledge or information to form a belief as to the truth of the allegations of that paragraph, and

6  on that basis denies them.

7      15.     Responding to paragraph 15 of the Complaint, Visa U.S.A. is without sufficient

8  knowledge or information to form a belief as to the truth of the allegations of that paragraph, and

9  on that basis denies them.

10     16.     Responding to paragraph 16 of the Complaint, Visa U.S.A. is without sufficient

11  knowledge or information to form a belief as to the truth of the allegations of that paragraph, and

12  on that basis denies them.

13     17.     Responding to paragraph 17 of the Complaint, Visa U.S.A. is without sufficient

14  knowledge or information to form a belief as to the truth of the allegations of that paragraph, and

15  on that basis denies them.

16     18.     Responding to paragraph 18 of the Complaint, Visa U.S.A. is without sufficient

17  knowledge or information to form a belief as to the truth of the allegations of that paragraph, and

18  on that basis denies them.

19  **The PrivaSys Patent**

20     19.     Responding to paragraph 19 of the Complaint, Visa U.S.A. admits that a copy of

21  U.S. Patent No. 7,195,154 titled "Method for Generating Customer Secure Card Numbers" ("the

22  '154 patent") was attached to the Complaint as Exhibit A, and that the '154 patent lists the "Date

23  of Patent" as March 27, 2007, the "Inventor" as Larry Routhenstein, and the "Assignee" as

24  PrivaSys, Inc.   Except as so expressly admitted, Visa U.S.A. is without knowledge or

25  information sufficient to form a belief as to the truth of the remaining allegations of this

26  paragraph, and on that basis denies each and every such allegation.

27     20.     Responding to paragraph 20 of the Complaint, Visa U.S.A. admits that the '154

28  patent lists 35 patent claims.  Except as so expressly admitted, Visa U.S.A. is without knowledge

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS                                         - 4 -                                         22319\1319690.2

Case No.: C 07 3257

1    or information sufficient to form a belief as to the truth of the remaining allegations of this

2    paragraph, and on that basis denies each and every such allegation.  To the extent legal

3    conclusions are set forth in that paragraph, no response is required.

4       21. Responding to paragraph 21 of the Complaint, Visa U.S.A. admits that PrivaSys

5    purports to have licensed a portion of its intellectual property to MasterCard and First Data, Inc.

6    Visa U.S.A. also admits it does not have a license to any of PrivaSys' patents.  Except as so

7    expressly admitted, denied.

8             **Visa's Allegedly Infringing Services**

9       22. Responding to paragraph 22 of the Complaint, Visa U.S.A. admits that the '154

10   patent lists March 27, 2003 under "prior publication data."  Visa U.S.A. also admits PrivaSys

11   counsel informed Visa U.S.A. of the pending issuance of the '154 patent in February 2007.

12   Except as so expressly admitted, denied.

13      23. Responding to paragraph 23 of the Complaint, Visa U.S.A. admits that some of its

14   member banks have issued Visa-branded payment cards with a contactless technology known as

15   payWave.  Visa U.S.A. understands that Visa International's contactless feature in Asia is known

16   as Visa Wave.  Visa-branded contactless technology cards with payWave contain an embedded

17   microchip and radio-frequency antenna (RF) that allows a reader at the point-of-sale to receive

18   data from the chip when it is placed in close proximity of the reader.  Visa-branded payWave

19   cards may send data in accordance with Track 1 or Track 2 magnetic stripe formats.  Except as so

20   expressly admitted, denied.

21      24. Responding to paragraph 24 of the Complaint, Visa U.S.A. admits that Visa's

22   contactless protocols include a transaction-specific value known as a dynamic card verification

23   value ("dCVV").  A pre-existing key in each card is applied with a variable factor in an algorithm

24   to create a dCVV.  The dCVV may be embedded within Track 2 Equivalent Data.  The bank that

25   issued the card is able to confirm the dCVV calculation to verify each contactless transaction.

26   Except as so expressly admitted, denied.

27      25. Responding to paragraph 25 of the Complaint, Visa U.S.A. is without knowledge

28   or information sufficient to form a belief as to the truth of the allegations of this paragraph, and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS
Case No.: C 07 3257

- 5 -

22319\1319690.2

1    on that basis denies each and every such allegation.

2                           **COUNT I**

3         26.      Responding to paragraph 26 of the Complaint, denied.

4         27.      Responding to paragraph 27 of the Complaint, denied.

5         28.      Responding to paragraph 28 of the Complaint, denied.

6         29.      Responding to paragraph 29 of the Complaint, denied.

7         30.      Responding to paragraph 30 of the Complaint, denied.

8                      **VISA USA'S DEFENSES**

9                        **First Defense**

10        31.      Visa U.S.A. has not infringed and does not infringe any valid claim of the '154

11    patent.

12                      **Second Defense**

13        32.      Visa U.S.A. is informed and believes and thereon alleges that the '154 patent is

14    invalid because it fails to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including

15    without limitation, Sections 101, 102, 103, and 112.

16                      **Third Defense**

17        33.      Visa U.S.A. is informed and believes and thereon alleges that the relief sought by

18    PrivaSys is barred by virtue of PrivaSys' unclean hands.

19                      **Fourth Defense**

20        34.      The '154 patent is unenforceable due to inequitable conduct for the reasons set

21    forth in the Third and Fourth Counterclaims below confirm in ¶ ¶ 49-65, hereby incorporated by

22    reference.

23                      **Fifth Defense**

24        35.      Visa U.S.A. is informed and believes and thereon alleges that the relief sought by

25    PrivaSys is barred in whole or in part by the doctrine of estoppel and/or laches.

26                      **Sixth Defense**

27        36.      The '154 patent is unenforceable due to prosecution laches for the reasons set forth

28    in the Fifth Counterclaim below confirm in ¶ ¶ 66-71, hereby incorporated by reference.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS
Case No.: C 07 3257

- 6 -

22319\1319690.2

**Seventh Defense**

37.      Visa U.S.A. is informed and believes and thereon alleges that the relief sought by PrivaSys is barred in whole or in part by the doctrines of first sale and patent exhaustion.

## COUNTERCLAIMS FOR DECLARATION OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '154 PATENT

Defendant and Counterclaimant Visa U.S.A., Inc. ("Visa U.S.A.") for its Counterclaims against Plaintiff and Counterclaim Defendant PrivaSys, Inc. ("PrivaSys") avers as follows:

38.      Visa U.S.A. incorporates by reference and realleges its responses set forth in the paragraphs above.

39.      Visa U.S.A. is a Delaware membership corporation having its principal place of business in Foster City, California.

40.      Based on information in the Complaint, PrivaSys is a Delaware corporation with its principal place of business in Newbury Park, California.

41.      Visa U.S.A. counterclaims against PrivaSys pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the Courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

42.      This Court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

43.      Venue over this counterclaim in this District is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because, on information and belief, PrivaSys is a corporation subject to personal jurisdiction in this District and regularly and systemically conducts its business in this District.

44.      An actual controversy exists between PrivaSys and Visa U.S.A. as set forth in the allegations of the Complaint in this action and Visa U.S.A.'s answer as to whether the '154 patent in invalid, unenforceable, and not infringed by Visa U.S.A.

### First Counterclaim For Relief
#### (Non-Infringement)

45.      Visa U.S.A. has not infringed and does not infringe any valid claim of the '154

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS
Case No.: C 07 3257

- 7 -

22319\1319690.2

1    patent.

2       46.    Based on the foregoing, Visa U.S.A. is entitled to a judgment that the '154 patent

3    is not infringed by Visa U.S.A.

4                    **Second Counterclaim for Relief**
                              **(Invalidity)**
5

6       47.    The '154 patent is invalid because it fails to comply with the requirements of 35

7    U.S.C. § 101 *et seq.*, including without limitation, Sections 101, 102, 103, and 112.

8       48.    Based on the foregoing, Visa U.S.A. is entitled to a judgment that the '154 patent

9    is invalid.

10                   **Third Counterclaim for Relief**
           **(Inequitable Conduct – Material Nondisclosure)**

11      49.    Each of the claims of the '154 patent are unenforceable at least due to inequitable

12   conduct during the prosecution of the U.S. patent application No. 09/960,715 ("the '715

13   Application"), during which the named inventors, prosecutors, and those substantively involved

14   in the prosecution of the '154 patent failed to disclose to the U.S. Patent and Trademark Office

15   ("Patent Office") material information and all non-cumulative, material prior art of which they

16   were aware.

17      50.    On September 21, 2001, the inventors filed the '715 Application with the Patent

18   Office.  The '715 Application subsequently issued as the '154 patent.

19      51.    The inventors named in the '715 Application, and each individual associated with

20   the filing and prosecution of the application, had a continuing duty to disclose all information

21   they were aware of that was material to the patentability of the inventions being claimed in the

22   '715 Application and which was not merely cumulative over the prior art already before the

23   Patent Office.  The conduct of each person appearing before the Patent Office is governed by 37

24   C.F.R. § 1.56, which requires that:

25           "[e]ach individual associated with the filing and prosecution of a
             patent application has a duty of candor and good faith in dealing
26           with the Office, which includes a duty to disclose to the Office all
             information known to that individual to be material to patentability
27           as defined in this section…"

28      52.    As part of the duty of candor, the Manual of Patent Examining Procedure, §

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS                         - 8 -                         22319\1319690.2
Case No.: C 07 3257

1    2001.06(c) specifically requires that individuals involved in the prosecution of a pending patent

2    application disclose the existence of and material information resulting from litigation related to

3    the subject matter of the pending application.  In particular, § 2001.06(c) requires, in pertinent

4    part, as follows:

5                Where the subject matter for which a patent is being sought is or
              has been involved in litigation, *the existence of such litigation and*
6            *any other material information arising therefrom* must be brought
              to the attention of the U.S. Patent and Trademark Office. Examples
7            of such material information include evidence of possible prior
              public use or sales, questions of inventorship, prior art, allegations
8            of "fraud," "inequitable conduct," and "violation of duty of
              disclosure." (emphasis added)
9

10           53.    This duty of candor to the Patent Office was owed by (1) the purported inventor of

11    the '154 patent (Larry Routhenstein), (2) each attorney or agent who prepared or prosecuted the

12    '715 Application, including at least Roy L. Anderson and Paul L. Hickman, and (3) every person

13    who was substantively involved in the preparation or prosecution of the '715 Application and

14    who was associated with the inventor, with the assignee, or with anyone to whom there is an

15    obligation to assign the application (the "Obligated Persons").

16           54.    PrivaSys alleges that the '154 Patent covers methods for providing secure

17    transactions between a money source and a customer.  More specifically, the claims of the '154

18    Patent are directed to methods for securing transactions between two or more entities through the

19    use of what the claims describe as a "Secure Card Number".  The "Secure Card Number" is

20    defined throughout the '154 Patent as including at least a "Transaction Information Block," a

21    "Counter Block," and an "encrypted Personal Identification Number ("PIN") Block."

22           55.    PrivaSys purports to be the owner of U.S. Patent Number 6,805,288 ("the '288

23    patent") entitled "Method for Generating Customer Secure Card Numbers Subject to Use

24    Restrictions by an Electronic Card."  Larry Routhenstein is also listed as an inventor on the '288

25    patent as is Roy L. Anderson, William R. Bryant, and Jacob Y. Wong.  The '288 patent issued

26    from U.S. Patent Application No. 09/960,714 ("the '714 Application"), which was filed the same

27    day as the '715 Application (from which the '154 patent issued).  The '288 Patent was issued by

28    the Patent Office on October 19, 2004.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS                          - 9 -                          22319\1319690.2

Case No.: C 07 3257

1      56.     The claims of the '288 patent are directed to methods for securing transactions

2   between two or more entities through use of the same "Secure Card Number" as is claimed in the

3   '154 patent.  The only two independent claims of the '288 patent define the "Secure Card

4   Number" to include the same "Transaction Information Block," "Counter Block," and "encrypted

5   Personal Identification Number ('PIN') Block" as identified in the '154 patent.

6      57.     The subject matter of the '154 patent is substantially the same as the subject matter

7   of the '288 patent.  Not only are the specifications of both applications substantially similar, the

8   applicants for both the '154 patent and the '288 patent expressly stated in the "Cross Reference to

9   Related Applications" section of the patents that the two patents are related to each other.

10  Furthermore, because the claims of the '154 patent cover substantially the same subject matter as

11  the claims of '288 patent, the Patent Office repeatedly rejected some claims of the '715

12  Application on the basis that the claims of the '715 Application were not patentably distinct from

13  the claims of the '288 patent.  This rejection was only overcome by the filing by the applicants of

14  a terminal disclaimer, relinquishing any patent term for the '154 patent which would extend

15  beyond the term of the '288 patent.

16     58.     Upon information and belief, during the pendency of the '715 Application,

17  PrivaSys was simultaneously litigating claims related to the proper inventorship of the subject

18  matter that is claimed in the '288 Patent.  In PrivaSys, Inc. v. MasterCard International Inc., N.D.

19  Cal. Case No. 05-3663 CW (filed Sept. 12, 2005) and MasterCard International Inc. v. PrivaSys,

20  Inc., S.D.N.Y. Case No. 05-8511 CLB (filed Oct. 3, 2005) (collectively, "the PrivaSys-

21  MasterCard Litigation"), PrivaSys alleged, inter alia, that MasterCard misappropriated PrivaSys'

22  proprietary technology and incorporated such technology into U.S. Patent No. 6,657,566 ("the

23  '566 Patent"), which is owned by MasterCard.

24     59.     In particular, in the PrivaSys-MasterCard Litigation, PrivaSys alleged that

25  PrivaSys disclosed to MasterCard information for securing transactions using a "dynamic

26  authentication code."  PrivaSys further alleged that this "dynamic authentication code"

27  technology was incorporated into PrivaSys' '288 Patent, MasterCard's U.S. Provisional Patent

28  Application No. 60/337,913 (the "the '913 Application"), and MasterCard's Patent Application

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS                          - 10 -                          22319\1319690.2

Case No.: C 07 3257

1   No. 10/302,976 (filed Nov. 25, 2002), which matured into the '566 Patent.  In the PrivaSys-

2   MasterCard Litigation, PrivaSys described the '913 Application as being directed to the creation

3   and use of a "dynamic authentication code" to secure transactions, as was included in PrivaSys'

4   patents such as the '288 patent.

5            60.    In the PrivaSys-MasterCard Litigation, PrivaSys further described the '913

6   Application as "claiming the PrivaSys DAC technology in the RF context."  PrivaSys further

7   alleged that this claimed invention "was not novel and original with MasterCard …. It was novel

8   and original with PrivaSys."  As a result, in their first cause of action, PrivaSys alleged that

9   Routhenstein should be declared at least a co-inventor on the '566 Patent.  In other words, in

10  PrivaSys' view, the PrivaSys-MasterCard Litigation involved disputed questions regarding the

11  proper inventorship of technology for the creation and use of dynamic authentication codes to

12  secure transactions using radio frequency (RF) communications.  This technology is or has been

13  alleged by PrivaSys to be included in each of the '566 patent, the '288 patent, and the '154 patent.

14           61.    Although the '715 Application was pending before the Patent Office throughout

15  the entirety of the PrivaSys-MasterCard Litigation and further that the patents in dispute in the

16  PrivaSys-MasterCard Litigation involved substantially the same subject matter as that claimed in

17  the '715 Application, the Obligated Persons did not disclose to the Patent Office either the

18  existence of the PrivaSys-MasterCard Litigation or the questions raised regarding the

19  inventorship of the subject matter.  The Obligated Persons failed and refused to satisfy their duty

20  of candor to the Patent Office in spite of clear knowledge of both the PrivaSys-MasterCard

21  Litigation and the questions of inventorship and further did so, upon information and belief, with

22  the intent to deceive the examiner so that the '154 patent would be allowed to issue.

23           62.    Visa U.S.A.'s investigation of the '154 patent is continuing.  The '154 patent

24  purports to be related to many other pending applications and issued patents.  In addition, the

25  lawyer who filed the '715 Application was simultaneously prosecuting other related applications

26  and is the named inventor on some of them.  Several of these related patents and applications are

27  parts of large chains of related patents and pending applications.  Visa U.S.A. has not completed

28  its investigation of whether, in light of these circumstances, the Obligated Persons failed to

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS                      - 11 -
Case No.: C 07 3257

22319\1319690.2

1   comply with their duties of candor and related obligations in other respects (in addition to the

2   material omissions described above). In addition, discovery in this case has not begun and no

3   Rule 26 disclosures by PrivaSys have been made. Visa U.S.A. reserves its right to supplement as

4   may be appropriate its inequitable conduct defenses, as additional information is obtained and

5   evaluated.

6       63.    As a result, the '154 patent was obtained in contravention of 37 C.F.R. § 1.56.

7   Therefore, each of the claims of the '154 patent are unenforceable.

**Fourth Counterclaim for Relief**
**(Inequitable Conduct – "Buried" Prior Art)**

10      64.    The '154 patent is unenforceable due to inequitable conduct. On information and

11  belief, the attorney(s) and/or others substantively involved in the prosecution of the application

12  leading to the '154 patent submitted 74 additional prior art references to the examiner at the

13  Patent Office on September 11, 2006, three months after the Patent Office had issued a notice of

14  allowance, intending to make it extremely unlikely that the examiner would read, review and

15  evaluate all of the cited references. Some of the added references were material to the

16  application. One such reference is the 1996 EMV Co. Integrated Circuit Card Application

17  Specification for Payment Systems, Version 3.1.1 released on May 31, 1998. The "burying" of

18  this and other material prior art with intent to deceive the Patent Office constitutes inequitable

19  conduct.

20      65.    Based on either of the foregoing two counts, Visa is entitled to a judgment that the

21  '154 patent is unenforceable due to inequitable conduct.

**Fifth Counterclaim for Relief**
**(Prosecution laches)**

24      66.    Visa U.S.A. is informed and believes and thereon alleges that the '154 patent is

25  unenforceable due to prosecution laches. The named inventor, the attorneys who conducted the

26  prosecution before the Patent Office and/or others substantively involved in the prosecution of

27  application leading to the '154 patent systematically delayed the prosecution of Claim 27, and the

28  claims that depend from it—claims that PrivaSys assert are infringed by Visa U.S.A. During this

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA. 94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS                    - 12 -                    22319\1319690.2

Case No.: C 07 3257

1    period of delay, member banks issued Visa-branded payment cards with the payWave feature in

2    the United States.

3           67.    On September 21, 2001, the '715 Application was submitted to the Patent Office.

4    But it was not signed by the inventor and the required fee was not included.  Thereafter, this

5    pattern of repeated, simple administrative errors, missed deadlines, extensions of time, failures to

6    pay filing fees continued for the next four years.  On March 27, 2003, the '715 Application was

7    published as Patent Application No. 2003/0061168 without Claim 27, or its dependent claims.

8    On November 5, 2003, the patent office examiner indicated that claims 7-22 were allowable and

9    provided a statement of reasons for allowance.  Instead of proceeding to obtain issuance of the

10   patent, the applicant responded by filing an amendment to those claims, which was not signed and

11   the fee for the new claims was not paid.  These defects produced still more needless delay.  This

12   pattern suggests a deliberate plan by the named inventor, the prosecuting attorney(s), and/or

13   others substantively involved in the prosecution to achieve delay and thereby lengthen the period

14   of time available to add new claims.

15          68.    In contrast, also on September 21, 2001, the same inventor, represented by the

16   same attorney filed another application, the '714 Application, whose disclosure was virtually

17   identical to the disclosure of the '715 Application.  The '714 Application, however, was

18   prosecuted more diligently.  A notice of allowance was mailed on June 4, 2004 and the patent

19   issued as U.S. Patent No. 6,805,288 ("the '288 Patent") on October 19, 2004.

20          69.    On October 21, 2005, more than four years after the '715 Application was filed,

21   three years after the first Visa-branded payment cards with contactless technology were released

22   in the United States, and eight months after publication of Visa International's patent application

23   describing the Visa's technology, the named inventor, prosecutors, and/or individuals

24   substantively involved in the prosecution of the '154 patent first submitted a set of amended

25   claims that included Claim 27 and its dependent claims.  PrivaSys now points to Claim 27 and its

26   dependent claims as allegedly covering Visa's technology.  The '154 patent issued with Claim 27

27   and its dependent claims on March 27, 2007, five-and-half years after the application was first

28   submitted.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS                              - 13 -                           22319\1319690.2
Case No.: C 07 3257

70.     On information and belief, PrivaSys filed its original application without these patent claims and deliberately awaited intervening developments before adding Claim 27 and its dependent claims.  Visa U.S.A. has been potentially prejudiced by this delay.  The unreasonable and unexplained delay in prosecuting Claim 27 and its dependent claims therefore constitutes prosecution laches.

71.     Based on the foregoing, Visa U.S.A. is entitled to a judgment that the '154 patent is unenforceable due to prosecution laches.

## PRAYER FOR RELIEF

Wherefore, Visa U.S.A., Inc. respectfully request that the Court enter judgment as follows:

A.     That PrivaSys' complaint be dismissed with prejudice, that judgment be entered in favor of Visa U.S.A. against PrivaSys, and that PrivaSys take nothing under its Complaint;

B.     Declaring this case as an exceptional case, and that PrivaSys be required to pay Visa U.S.A. its cost of suit, including its attorneys' fees pursuant to 35 U.S.C. § 285;

C.     Declaring that the '154 patent is not valid and/or is unenforceable;

D.     Declaring that no valid claim of the '154 patent is infringed by Visa U.S.A. or by the use of its products or services;

E.     That PrivaSys and each of its officers, employees, agents, alter egos, attorneys and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Visa U.S.A. or any its members or otherwise claiming that Visa U.S.A.'s products or services infringe the '154 patent;

F.     For such relief as this Court may deem just and proper.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

VISA USA'S ANSWER AND
COUNTERCLAIMS
Case No.: C 07 3257

- 14 -

22319\1319690.2

1

## **DEMAND FOR JURY TRIAL**

2

3      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Visa U.S.A. hereby

4   demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be

5   raised in this action.

6

7

8   Dated: August 21, 2007                          FARELLA BRAUN & MARTEL LLP

9                                                   By: _____/s/ Roderick Thompson_ _____
                                                            Roderick Thompson
10

11                                                  Attorneys for Defendant
                                                    VISA U.S.A
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VISA USA'S ANSWER AND
COUNTERCLAIMS                        - 15 -                          22319\1319690.2

Case No.: C 07 3257