SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE BISHOP (CA Bar No. 089205)
gbishop@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

ROBERT J. YORIO (CA Bar No. 93178)
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA  94303
(650) 812-3400 Tel.
(650) 812-3444 Fax

Attorneys for Plaintiff
PRIVASYS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| PRIVASYS, INC.,<br><br>    Plaintiff and Counter-Defendant<br><br>    v.<br><br>VISA INTERNATIONAL SERVICE ASSOCIATION and VISA U.S.A.<br><br>    Defendants and Counterclaimants | Case No. C 07-03257 SI<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Hearing Date:  November 16, 2007<br>Hearing Time:  9:00 a.m.<br>The Honorable Susan Illston<br>Courtroom 10, 19th Floor |

# TABLE OF CONTENTS

I.   INTRODUCTION AND STATEMENT OF FACTS ...........................................1

II.  JOINDER IS PROPER ......................................................................................2

III. LEAVE TO AMEND SHOULD BE GRANTED .................................................4

IV.  CONCLUSION....................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ............................ 4

*Foman v. Davis*, 371 U.S. 178 (1962) ................................................................................ 4

*Mymail, Ltd v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004) ....................... 3, 4

*Sprint Communications Co., L.P. v. TheGlobe.com, Inc.*,
      233 F.R.D. 615 (D. Kansas 2006) ............................................................................. 3

*Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551 (N.D. Ill. 1964) ........................... 3

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966) ............................................. 2

**Statutes**

Federal Rules of Civil Procedure, Rule 15 ........................................................................ 4

Federal Rules of Civil Procedure, Rule 20 ........................................................................ 2

United States Code §271 .................................................................................................... 3

**Miscellaneous**

7 Wright, A. Miller & M. K. Kane, *Federal Practice and Procedure* §1652
(3d ed. 2001)          ........................................................................................................ 2

7 C. Wright, A. Miller & M. K. Kane, *Federal Practice and Procedure* §1653
(3d ed. 2001)          ........................................................................................................ 2

## I.    INTRODUCTION AND STATEMENT OF FACTS

In the original complaint it filed on June 20, 2007, PrivaSys alleged that Visa (*i.e*., Visa International Service Association and Visa U.S.A.) infringed PrivaSys' patent by incorporating and using PrivaSys' patented technology in Visa's new "contactless" payWave credit and debit cards.  Visa is a membership association, made up of the banks who issue Visa cards and participate in the Visa payment network.

The amended complaint does not add any claims against Visa, but simply adds as defendants two of the Visa member banks, Chase (*i.e*., JPMorgan Chase & Co., Chase Bank, N.A., and Chase Bank, USA, N.A.) and Wells Fargo (*i.e.*, Wells Fargo & Company and Wells Fargo Bank, N.A.), asserting against them largely the same claims as are alleged against Visa.  The amended complaint alleges patent infringement against Chase and Wells Fargo, based on the same patent, the same infringing products and services (Visa payWave), and the close participation by these two member banks with Visa in the transactions that make up the infringement.  That is, as the amended complaint alleges, Chase and Wells issue Visa payWave cards and process payWave transactions, and work closely with Visa in doing so.  *See, e.g*., Amended Complaint ("AC") ¶¶ 1, 4-5, 8-9, 31-38.  Chase and Wells Fargo issue Visa payWave cards by agreement with Visa, and under Visa's rules and standards governing the design, features and functionality of Visa's payment cards and programs.  *Id*. ¶¶3-5, 31-32, 35-36.  Indeed, the relationship of Chase and Wells with Visa is even closer than a contractual one, because Chase and Wells, with the other Visa member banks, constitute Visa itself.  *Id*. ¶¶3-5.

Accordingly, the issues raised with respect to Visa, Chase, and Wells Fargo, are largely the same.  Inasmuch as the patent and infringing products are the same, the same questions of patent claim construction and infringement will be presented for all three

MEMORANDUM IN SUPPORT OF                    1                    CASE NO. C 07-03257 SI
MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT

defendants. Similarly, because the same patent is involved, the same defenses of asserted patent invalidity will arise for the three defendants. Judicial economy and convenience of the parties argue strongly in favor of litigating the claims against these defendants in the same action. There is no reason to litigate these cases separately, and every reason to litigate them together.

Further, there is no question here of prejudice to defendants. Visa answered only recently, on August 21, 2007. The case management conference is set for November 2. Permitting the requested amendment will not delay this case.

## II.    JOINDER IS PROPER.

Under Rule 20 of the Federal Rules of Civil Procedure, all persons may be joined as defendants in one action if there is alleged against them "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." F.R.C.P. 20(a).

The drafters of the federal rules devised Rule 20(a) "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 C. Wright, A. Miller & M. K. Kane, *Federal Practice and Procedure* §1652 at 395 (3d ed. 2001) ("Wright, Miller & Kane"). "Under the [Federal] Rules [of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Courts "are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Wright Miller & Kane, §1653 at 411-

MEMORANDUM IN SUPPORT OF                              2                        CASE NO. C 07-03257 SI
MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT

12. Rule 20(a) has been applied to allow joinder of defendants alleged to have violated the same patent. *Sprint Communications Co., L.P. v. TheGlobe.com, Inc.*, 233 F.R.D. 615, 618 (D. Kansas 2006) ("clear economies to be achieved on behalf of all parties" by joining defendants who infringed same patent); *Mymail, Ltd v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004).

The claims against Chase, Wells Fargo and Visa clearly arise out of the same "transaction, occurrence, or series of transactions or occurrences." Chase and Wells, members of the Visa association, infringe the same patent by selling and using the same Visa infringing products and services, *i.e.*, by issuing Visa payWave cards and participating in the Visa network. AC ¶¶ 3-5, 31-38. Chase and Wells Fargo issue Visa payWave cards pursuant to Visa's rules governing payment card and programs design, features and functionality. *Id*. ¶¶3-5, 31-32, 35-36. Thus, Visa and the bank defendants here infringe the patent at the same time, when *e.g.*, Chase and Wells issue a Visa payWave card or process a payWave transaction.

Further, reflecting the close cooperation and integration between Visa and Chase and Wells in the infringing activity, the amended complaint alleges that Visa induced Chase and Wells to infringe, and that Chase and Wells induced Visa to infringe, in violation of 35 U.S.C. §271(b). *Id*. ¶40. Where an additional party allegedly induced the infringement alleged against the defendant in an existing action, "judicial economy would require that party's presence in the original infringement suit, as well." *Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551, 554 (N.D. Ill. 1964).

The second requirement of Rule 20(a), that there exist a common issue of law or fact, is also satisfied here. Indeed, largely all the issues for the three defendants are common. The same patent claims will have to be construed for each defendant. The case against each

defendant presents the same question of whether Visa's payWave card infringes the patent. With the same patent, defenses of invalidity, such as anticipation or obviousness based upon alleged prior art, will be the same. In sum, there is essentially one case against three defendants.

**III.    LEAVE TO AMEND SHOULD BE GRANTED.**

Under Rule 15 of the Federal Rules of Civil Procedure, "leave shall be freely given where justice so requires." Rule 15(a), F.R.C.P. This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court stated: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' *Id.* at 182.

There is no delay or prejudice here. This case is in its early stages, inasmuch as Visa filed its answer recently. Discovery has not yet begun. Chase and Wells Fargo will be able to participate fully in all aspects of preparing this case for trial.

On the other side of the coin, there is every reason for the cases against these three defendants to go forward in one action. As described above, the transactions and issues are largely the same for all defendants. Discovery, claims construction, motion practice and trial can be conducted once if the parties are joined, rather than three times if separate suits are required. Moreover, the risk of inconsistent rulings, such as inconsistent claims constructions of the same patent, will be avoided by joinder. *See MyMail*, 223 F.R.D. at 458 ("besides being a duplicative use of scarce judicial resources, two claim constructions risk

MEMORANDUM IN SUPPORT OF                4                CASE NO. C 07-03257 SI
MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT

inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice") .

### IV. CONCLUSION

For the reasons set forth above, plaintiff PrivaSys respectfully requests that the Court grant its motion for leave to file its Amended Complaint.

Dated:  September 28, 2007                     Respectfully submitted,


/s/ Spencer Hosie
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE BISHOP (CA Bar No. 089205)
gbishop@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

ROBERT J. YORIO (CA Bar No. 93178)
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA  94303
(650) 812-3400 Tel.
(650) 812-3444 Fax

Attorneys for Plaintiff
PRIVASYS, INC.