Roderick M. Thompson (State Bar No. 096192)
rthompson@fbm.com
Andrew Leibnitz (State Bar No. 184723)
aleibnitz@fbm.com
Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
June T. Tai (State Bar No. 226997)
jtai@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
VISA U.S.A. INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PRIVASYS, INC.,<br><br>Plaintiff-Counterclaim Defendant,<br><br>vs.<br><br>VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A.,<br><br>Defendants-Counterclaim Plaintiffs. | Case No. 07 3257 SI<br><br>**VISA U.S.A. INC.'S OPPOSITION TO PRIVASYS'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Hearing Date: November 16, 2007<br>Hearing Time: 9:00 a.m.<br>The Honorable Susan Illston<br>Courtroom 10, 19th Floor |

## I. INTRODUCTION

Plaintiff PrivaSys's Motion presents the unusual situation where leave to amend to add additional defendants early in this patent infringement case should be denied.[1] PrivaSys cannot allege that Chase or Wells Fargo practice all of the elements of any claim of the patent-in-suit. Because recently-issued precedent from the Federal Circuit has emphasized that patent infringement claims cannot proceed in such circumstances of "divided infringement," *BMC Resources, Inc. v.*

---

[1] PrivaSys's motion seeks to add as defendants to the case: JP Morgan Chase & Co., Chase Bank N.A., and Chase Bank, USA, N.A. (collectively "Chase"), and Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively "Wells Fargo").

1
VISA'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
22319\1370318.1

*Paymentech, et al.*, 498 F.3d 1373 (Fed. Cir. Sept. 20, 2007), PrivaSys's proposed amendment is futile. *See Foman v. Davis*, 371 U.S. 178 (1962) (futility justifies denial of leave to amend).

By proposing to add Chase and Wells Fargo as defendants – and by threatening to add many more of Defendant Visa U.S.A. Inc.'s ("Visa's") member banks that use the same Visa technology – PrivaSys needlessly seeks to multiply these proceedings, apparently in an attempt to gain leverage over Visa. The facts have not changed, however, since the filing of the original complaint. PrivaSys does not assert that it has learned anything new or different since it filed the original Complaint. PrivaSys's core allegation – that use of Visa payWave technology infringes its '154 patent – remains unchanged. *See* Motion at 1 ("the patent and infringing products are the same" for all three defendants). PrivaSys seeks to increase the hostage value of this litigation by needlessly burdening Visa's customers. This transparent tactic should be rejected, and the motion should be denied. Alternatively, if the Court in its discretion decides to allow the proposed amendment, at a minimum, all proceedings against Visa's member banks should be stayed until determination of what the parties agree is the central "question of whether Visa's payWave card infringes the patent." Motion at 4.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. **Should PrivaSys's motion be denied, given the futility of PrivaSys's allegations against Chase and Wells Fargo?** Last month, the Federal Circuit effectively rejected suits involving "divided infringement" by making clear that a patentee cannot sue for infringement of a method patent claim where "different parties perform different acts within one claim." *See BMC Resources, Inc. v. Paymentech, et al.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007) ("this court will not unilaterally restructure the claim or the standards for joint infringement to remedy these ill-conceived claims"). Here, PrivaSys's '154 patent describes an invention requiring actions by at least three different parties. Its claims each require at least four separate steps to complete a payment transaction using a secure card number ("SCN"): (1) "using" the card *by the customer*; (2) "transferring" the SCN from *customer to the merchant*; (3) "transferring" the SCN *from the merchant* to a card issuer; and (4) verifying the transaction if valid *by the card issuer*. *See e.g.*, '154 Patent, Claims 1, 23, 24, 26 and 27 (all independent claims). Accordingly, PrivaSys cannot

state a claim for direct infringement by issuers of Visa-branded cards such as Chase or Wells Fargo, since banks do not practice each step or element of any of the claims in the '154 patent. PrivaSys's motion for leave to amend to add Chase and Wells Fargo as parties should be denied as futile.[2]

**2.    Alternatively, should any proceedings against Visa's member banks be stayed pending a determination of whether Visa's payWave technology infringes any valid claim of the '154 Patent?** The Amended Complaint would allege only that Chase and Wells Fargo issue Visa branded payment cards with the Visa payWave technology "under Visa's rules and standards governing the design, features and functionality." *See* Motion at 1 (citing proposed First Amended Complaint ("FAC") at ¶¶ 3-5, 31-32, 35-36). As PrivaSys recognizes, its proposed amendment merely restates separately for Visa, Chase and Wells Fargo "the same question of whether Visa's payWave card infringes." *Id.* at 4. Courts routinely stay patent infringement actions against customers in favor of focusing the case on the supplier or designer of the accused technology. That is especially the case where – as here – the Plaintiff is threatening lawsuits against a large number of customers in an attempt to extract licenses after the supplier has declined to take one. *See* Complaint at ¶ 21 (Visa "has refused to take a license."). The motion to amend should be denied outright, or, alternatively, granted conditionally upon the granting of a stay of all proceedings against Chase and Wells Fargo and any other Visa member banks that are added as defendants pending determination of Plaintiff's claims of infringement against Visa.

### III.   STATEMENT OF FACTS

On June 20, 2007, PrivaSys filed this action against Visa International Services Association and Visa. The Complaint alleges that "Visa Infringing Activities" consist of offering to member banks Visa payWave payment cards under "Visa's contactless payment protocols." *See* Complaint at ¶¶ 22-25. This, according to the Complaint, constitutes both "direct infringement" by Visa and, by agreeing "with its issuing banks to distribute Visa payWave devices," that Visa has "actively induced" infringement. *See* Complaint at ¶¶ 26, 27. On August 21, 2007, both Visa entities filed

---

[2] Visa also does not practice all of the steps of any of the '154 patent claims. Visa, however, filed its answer before *BMC* was decided. Visa may rely on the *BMC* case in a subsequent motion for summary judgment.

their answers and counterclaims.

On September 28, 2007, PrivaSys carried out its threat to file this Motion for Leave to Amend Complaint and expand this suit to include two of Visa's customers and member banks, Wells Fargo and Chase. The Amended Complaint would add the allegation that "Visa's member banks, including Chase and Wells Fargo, are required to conform to Visa's rules and specifications when issuing payWave cards." FAC at ¶ 26. In nearly identical terms, it goes on to accuse Chase and Wells Fargo of infringement based solely on their issuance of Visa payWave devices. *Id.* at ¶¶ 31-34 and ¶¶ 35-38. PrivaSys has also demanded licenses from a number of Visa's other member banks who issue payWave devices and may seek to add them as defendants. PrivaSys has represented to the Court that it "expects to state by November 16, 2007, based on communications with certain additional Visa member banks, whether such parties will be added as defendants." Docket # 37 [Stipulation 10-24-07].

### IV.  ARGUMENT

Once a responsive pleading has been filed, "a party may amend the party's pleadings only by leave of court." Fed. R. Civ. P. 15(a). Although leave is generally freely given, courts refuse to grant leave when a proposed amendment would be futile. "There is no purpose in allowing a futile amendment." *Kentmaster Mfg. Co. v. Jarvis Products Corp.*, 146 F.3d 691, 696 (9th Cir. 1998). "[T]he grant or denial of a motion to amend is committed to the discretion of the district court, and denial is proper where there is . . . 'futility of the amendment.'" *321 Studios v. Metro Goldwyn Mayer Studios*, 307 F. Supp.2d 1085, 1092 (N.D. Cal. 2004) (Illston, J.) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is considered futile where the added claim could be defeated by a motion to dismiss or for summary judgment." *Id.*

####    A.  PrivaSys's Amendments Are Futile because Chase and Wells Fargo Cannot Directly Infringe the Patent-in-suit.

As recently definitively applied by the Federal Circuit in the context of payment transactions, direct infringement is limited to those actors who practice each step of the claimed method. *BMC*, 498 F.3d at 1378. The *BMC* court explained that "[d]irect infringement requires a party to perform or use each and every step or element of a claimed method." *Id.* While liability for indirect

infringement may be possible, "[i]ndirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement." *Id.* at 1379. In other words, direct infringement requires "a showing that a defendant has practiced each and every element of the claimed invention." *Id.* at 1380.

The patent-in-suit in *BMC* claimed a series of methods for processing debit transactions without a personal identification number (PIN) using an interface between a standard touch-tone phone and a debit card network. *Id.* at 1375-76. The Federal Circuit affirmed summary judgment of noninfringment because (1) the method claims required multiple actors, such as financial institutions, debit networks, and processing networks, to perform all the steps of a claim; and (2) there was insufficient evidence to establish that defendant Paymentech controlled the actions of the other actors. *Id.* The patent required "four different parties to perform different acts within one claim," making it difficult to "prov[e] infringement of this claim format." *Id.* at 1381.

Here, too, the '154 patent recites method claims that require at least three actors to perform all the steps.[3] In the '154 patent, the inventor describes his invention as requiring actions by a cardholder, a merchant and a issuing bank, though typically other "intermediaries" are also involved.

> As is the case in most financial transactions, ***three parties*** are typically involved in completed credit card transactions ***according to the present invention***.
>
> [1] A party presents a credit card account number with the intent to initiate a monetary payment (or credit/return). . . . ***[T]his is the first entity or customer***.
>
> [2] Another party receives the credit card account number with the intent to receive a monetary payment (or credit/return) . . . . ***[This is] the second entity or merchant***.
>
> [3] Finally, ***there is at least one . . . money source [which] may be one or more banks . . .***

Thompson Decl. Exh. A ['154 Patent] at 5:20-44 (emphasis added).

Each independent claim requires action by each of these same three actors. Claim 23, which is representative, reads in relevant part as follows:

---

[3] The '154 Patent is appended as Exhibit A to PrivaSys's Complaint and incorporated by reference into the Complaint and therefore is properly considered on this motion.

| Claim Language | Alleged Actor |
|---|---|
| A method for providing one or more secure transactions between a first entity [the customer] and a at least one additional entity [the merchant] comprising the steps of: | N/A (Preamble) |
| (1) using an electronic card to generate a Secure Card Number ("SCN") for the first entity, . . . . ; | Payment Card used by Customer |
| (2) transferring the SCN and a first entity identifier to a second entity in a first transaction; | Customer |
| (3) transferring the SCN and the first entity identifier from the second entity to a money source; and | Merchant |
| (4) verifying that the first transaction is valid with the money source by use of the first entity identifier and the SCN . . . | Bank |

*Id.* at 12:48-65.

Visa member banks such as Chase and Wells Fargo that issue Visa payWave cards do not practice all of the steps listed in Claim 23 or any of the independent claims of the '154 patent. As the patent describes, a "first entity" or the cardholder presents the card and generates the secure card number (SCN). *Id.* at 5:22-25 & 6:10-13. The patent then describes the transfer of the SCN to a merchant, labeled as the "second entity." *Id.* at 5:25-31. The specification and claims explain that the SCN is again transferred from the merchant to a money source, and the money source validates the SCN. *Id.* at 5:40-44 & Complaint at ¶ 19 (identifying Visa member bank as an alleged "money source"). At a minimum, three actors – the cardholder, the merchant, and the "money source," which apparently can be an issuing bank – are required to perform all the steps of the claimed methods.

Neither PrivaSys's motion nor the proposed amended complaint contends that Chase or Wells Fargo performs all the steps of any asserted method claims. PrivaSys nonetheless accuses "Defendants," including Chase and Wells Fargo, of "direct infringement." FAC at ¶ 38. The proposed complaint alleges that Chase and Wells Fargo issue payWave cards and process payWave transactions, but is devoid of any allegation that the banks use cards to generate a SCN or transfer a

SCN to a merchant as required for direct infringement of any of the claims. Furthermore, PrivaSys does not assert that the member banks control the actions of the cardholder ("first entity") or the merchants ("second entity.") Simply put, the member banks do not perform all the steps of the claimed methods of the '154 patent. Under *BMC*, where no single defendant controls the practice or implementation of each claimed step in a method claim, a patentee's claim for infringement cannot proceed. The '154 patent contains only method claims. Accordingly, any amendment to add Chase and Wells Fargo as parties would be futile and waste judicial resources.

### B. In The Alternative, The Court Should Stay The Proceedings Against All Member Banks Pending Resolution Of The Infringement Dispute Between PrivaSys and Visa.

PrivaSys has made no secret of its desire to put pressure on Visa by making allegations against Visa member banks that use the payWave technology. PrivaSys warned Visa that it would demand all payWave issuers take a license to the '154 patent. Visa is currently aware of seven issuer banks being contacted by PrivaSys to date. This motion, seeking to add Chase and Wells Fargo as defendants, may therefore be just the first of several. As noted, PrivaSys has stated that it is in the process of contacting other member banks, and that by November 16, 2007, it expects to decide "whether such parties will be added as defendants." Docket No. 37 [Stipulation 10-24-07]. PrivaSys should end this "cat-and-mouse" game now. It should commit definitively as to whether or not it will attempt to add other banks as defendants. In exercising its discretion, the Court needs this information to evaluate the serious case management issues raised by PrivaSys's tactics. This will enable the Court to decide whether to allow a series of Visa's customers to be brought in to the case as defendants, and, if so, under what conditions.

When the primary dispute is between the patentee and the manufacturer, supplier, or designer, of the accused technology, courts have regularly stayed legal actions against customers under the "customer suit" exception. *See Katz v. Lear Siegler, Inc.* 909 F.2d 1459, 1463-64 (Fed. Cir. 1990); *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977) ("At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit ... a manufacturer must protect its customers,

either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products."). Here, PrivaSys's infringement allegations concern Visa's fraud prevention technology known as dynamic card verification value ("dCVV") deployed in Visa's payWave cards. Complaint at ¶ 24. If Visa prevails on its noninfringement, invalidity, or unenforceability defenses, the case will necessarily be resolved for the member banks. No reason exists to subject Visa's customers to the immediate burdens of fact discovery, expert discovery, claim construction, and summary judgment where Visa itself will litigate those matters. Staying the proceedings against Chase, Wells Fargo, and all the other member banks that PrivaSys has threatened to try to bring in to this case will prevent needless expenditure of resources by both the parties and the Court. Indeed, Judge Hamilton of this jurisdiction recently stayed a case against numerous customers of an accused software technology under similar conditions. *See Speedtrack v. Office Depot, Inc.*, No. 07-3602 PJH (N.D. Cal. Oct. 10, 2007) (attached as Exh. B to Thompson Decl.).

The Federal Circuit recognized that "although there may be additional issues involving the defendants in the [customer suits], their prosecution will be advanced if [the patentee] is successful on the major premises being litigated [], and may well be mooted if [the patentee] is unsuccessful." *Katz*, 909 F.2d at 1464. The same is true here. Resolution of the case between PrivaSys and Visa will either resolve the issue as to all the defendants with a finding of noninfringement, or significantly advance the major issue in this case.

## V.    CONCLUSION

PrivaSys's Motion for Leave to Amend Complaint seeks to raise the cost and burden of this litigation without advancing the dispositive issues of this case. PrivaSys's attempt to increase its potential damages award by adding more defendants must fail in light of the Federal Circuit's ruling in *BMC Resources v. Paymentech* because joining the member banks would be futile. Thus, PrivaSys' motion should be denied. In the alternative, if the Court chooses to allow PrivaSys to bring in customers as defendants, the proceedings against Chase, Wells Fargo and any other member banks who are added as defendants should be stayed pending a determination on the major issues of infringement, invalidity, and unenforceability, which may dispose of the entire case or significantly

8
VISA'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1  advance the issues without needlessly burdening the member banks.

2

3

4  DATED: October 26, 2007                         FARELLA BRAUN + MARTEL LLP

5

6
                                                   By    /s/ Roderick M. Thompson
7                                                        Roderick M. Thompson

8                                                  Attorneys for Defendant, VISA, U.S.A. INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28