**United States District Court**
For the Northern District of California

1

2

3                          UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6

7    SPEEDTRACK, INC.,

8                Plaintiff,                    No. C 06-7336 PJH
                                              C 07-3602 PJH
9         v.
                                              **ORDER GRANTING IN PART**
10   WAL-MART STORES, INC.,                   **AND DENYING IN PART MOTION**
                                              **TO BIFURCATE AND GRANTING**
11              Defendant.                    **MOTION TO STAY**
     _____/
12
     SPEEDTRACK, INC.,
13
                Plaintiff,
14
          v.
15
     OFFICE DEPOT, INC., et al.,
16
                Defendants.
17   _____/

18        Defendants' motions in the above cases came on for hearing before this court on

19   October 3, 2007.  Defendant Wal-Mart Stores, Inc. and intervenor Endeca Technologies,

20   Inc. filed a motion to bifurcate in Speedtrack, Inc. v. Wal-Mart Stores, Inc. ("Speedtrack I").

21   Defendants Office Depot, Inc., CDW Corporation, Newegg.com, Circuit City Stores, Inc.,

22   PC Connection, Inc., and CompUSA, Inc. collectively filed a motion to stay the litigation in

23   Speedtrack, Inc. v. Office Depot, Inc., et al. ("Speedtrack II").  Plaintiff Speedtrack and

24   intervenor Endeca were represented in both actions by their counsel, Alan P. Block and

25   Roderick G. Dorman.  All defendants were represented by their counsel, Steven M. Bauer.

26   Having carefully reviewed the parties' papers and considered the arguments and the

27   relevant legal authority, and good cause appearing, the court hereby GRANTS the motion

28   to bifurcate in part and DENIES the motion to bifurcate in part, and GRANTS the motion to

United States District Court
For the Northern District of California

1    stay, for the reasons stated at the hearing, and summarized as follows.

2         1.    With respect to Speedtrack I, defendant and intervenor's motion to bifurcate

3    the case into liability and damages issues by party, with Endeca proceeding to trial on

4    liability issues before Wal-Mart proceeds to trial on damages issues, is DENIED.  However,

5    bifurcation with respect to liability and damages issues generally, with each issue being

6    litigated simultaneously against both defendant and intervenor, is GRANTED, up through

7    and including dispositive motions.  Liability shall be litigated first.  Discovery shall be taken,

8    followed by dispositive motions at the close of liability discovery.  Once liability issues are

9    resolved, damages discovery shall commence, followed by dispositive motions as to

10   damages at the close of damages discovery.  Each side shall be allowed one dispositive

11   motion as to each phase of the case (i.e., liability and damages).

12        2.    In view of the above, defendant Wal-Mart's request for a protective order with

13   respect to pre-filing damages is DENIED as moot as this juncture.

14        3.    With respect to Speedtrack II, defendants' motion to stay the litigation,

15   pending resolution of Speedtrack I, is GRANTED.  After trial and/or final resolution of

16   Speedtrack I, the court will determine, with input from the parties, how the individual

17   customer defendants are to be tried in Speedtrack II.  Until then, Speedtrack II shall trail

18   Speedtrack I.  By separate order filed concurrently herewith, Speedtrack II is also referred

19   for a settlement conference with Magistrate Judge Spero, to be held together with the

20   settlement conference already scheduled in Speedtrack I.  With the exception of the

21   settlement conference, all other proceedings in Speedtrack II are stayed, including

22   discovery.

23

24   **IT IS SO ORDERED.**

25   Dated: October 10, 2007

26                                        PHYLLIS J. HAMILTON
                                          United States District Judge

27

28

2