# EXHIBIT G

LEXSEE


Caution
As of: Oct 28, 2007

CHARLES E. HILL Vs. AMAZON.COM, INC., ET AL.

CIVIL ACTION NO. 2:02-CV-186

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, MARSHALL DIVISION

2006 U.S. Dist. LEXIS 3389

January 19, 2006, Decided
January 19, 2006, Filed

**SUBSEQUENT HISTORY:** Patent interpreted by Kukoly v. World Factory, Inc., 2007 U.S. Dist. LEXIS 45414 (E.D. Pa., June 21, 2007)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff patentee alleged defendants, a computer company and an internet company, infringed various claims of three patents that were directed toward electronic catalog systems and methods of storing constant and variable data relating to products on a main computer and a remote computer and periodically updating the constant data stored on the remote computer with data received from the main computer. Defendants moved for summary judgment.

**OVERVIEW:** The claim language required that steps be performed on a main computer and a remote computer. Defendants argued they only performed the steps relating to the main computer and customers independently performed the remaining steps on the remote computer. The patentee could prevail if it showed defendants exerted sufficient control or had a sufficient connection to users operating the remote computers required by the claims. An agency or working in concert was not necessarily required. Defendants designed their websites to control product selection by a customer and with an awareness of the customers' web browser capabilities. Navigation within the website was circumscribed by the links provided. Defendants suggested that customers update their browsers or modify browser settings. The record suggested defendants took advantage of browser caching capabilities to permit a remote computer's browser to cache certain items and not others. The relationship described in the patents between the main and the remote computer was one of vendor and customer, the very relationship relied upon to establish connection or control sufficient to warrant submission of direct infringement to the jury.

**OUTCOME:** Defendants' motions for summary judgment of no direct or indirect infringement were denied.

**CORE TERMS:** remote, summary judgment, infringement, constant, patent, revision, entity, customer, website, variable, browser, stored, memory, indirect, patented, time to respond, storing, omnibus, general rule, predicate act, agency relationship, connected, concert, issue of fact, extension of time, leave to file, transmitting, supplemental, capabilities, infringe

**LexisNexis(R) Headnotes**

*Patent Law > Claims & Specifications > Claim Language > Product by Process*
*Patent Law > Infringement Actions > Infringing Acts > Contributory, Indirect & Induced Infringement*
*Patent Law > Subject Matter > Processes > General Overview*
[HN1]The general rule is that, to be liable as a direct infringer, one must perform all of the steps of a claimed method. A method claim is directly infringed only by one practicing the patented method. Despite the general

rule, several courts have suggested that when different entities perform the claimed steps of a patented method, one party may be liable for direct infringement depending on the extent to which it is connected to or controls the other entity.

*Patent Law > Claims & Specifications > Claim Language > Product by Process*
*Patent Law > Infringement Actions > Infringing Acts > Contributory, Indirect & Induced Infringement*
*Patent Law > Subject Matter > Processes > General Overview*

[HN2]Some connection between the parties is required to make out a case of direct infringement of a method claim when one party does not perform all of the steps of the method. Not just any connection, however, is sufficient. In the absence of an agency or contractual relationship, the case law appears to require a showing that the defendant and the third party are connected at least to the extent that the defendant must actually direct the third party to perform the remaining steps of the method. Thus, although proof of an agency relationship or concerted activity would be sufficient to impose liability in circumstances where one party does not perform all of the steps of the claimed method, such a showing is not invariably required.

**COUNSEL:** [*1] For Charles E Hill & Associates Inc., Plaintiff: Kristi Jean Thomas, Theodore Stevenson, III, McKool Smith, Dallas, TX; Samuel Franklin Baxter, Attorney at Law, Marshall, TX; Brandon S Judkins, Nancy G Tinsley, R Trevor Carter, Baker & Daniels, Indianapolis, IN; C John Brown, Kristiana M Brugger, Robert D Null, Baker & Daniels -- Indianapolis, Indianapolis, IN; David P. Irmscher, Jeffrey V Gery, Baker & Daniels, Fort Wayne, IN; David R Pruitt, Baker & Daniels LLP -- South Bend, South Bend, IN; Gary Scott Kitchen, McKool Smith -- Dallas, Dallas, TX; Richard L Creighton, Jr., Keating Muething & Klekamp PLL, Cincinnati, OH; Ryan C Barker, Barker & Daniels LLP, Indianapolis, IN.

For Amazon.com Inc., Defendant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Crystina P Coats, Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Erin Overom Dungan, Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; James M Sarnecky, Jesse Hindman, John Allcock, Kristin Glencer Strojan, M Elizabeth Day, Michael K Han, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US [*2] LLP -- East Palo Alto, East Palo Alto, CA.

For America Online Inc., Defendant: Otis W Carroll, Jr., Jack Wesley Hill, Ireland Carroll & Kelley, PC, Tyler, TX; Mark A Losey, McNees Wallace & Nurick, Columbus, OH; Melody Habecker, Fish & Richardson PC -- Washington DC, Washington, DC; Michael J McKeon, Fish & Richardson PC, Washington, DC; Thomas E O'Connor, Jr., McNees Wallace & Nurick, Columbus, OH.

For Barnesandnoble.com Inc., Defendant: Lawrence G Kurland, Bryan Cave LLP, New York, NY; David A Roodman, K Lee Marshall, Bryan Cave LLP, St Louis, MO; Earl Glenn Thames, Jr, Michael Edwin Jones, Potter Minton, Tyler, TX; George C Chen, Bryan Cave LLP, Phoenix, AZ; Joseph J Richetti, Bryan Cave LLP -- New York, New York, NY; Peter J Brann, Brann & Isaacson, Lewiston, ME.

For Buy.com Inc., Eddie Bauer Inc., Intimates Brands Inc., Defendants: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; John Allcock, M Elizabeth Day, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, [*3] DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, CA.

For eBay Inc., Defendant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Christopher R Ottenweller, Orrick Herrington & Sutcliffe -- Menlo Park, Menlo Park, CA; Crystina P Coats, Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Erin Overom Dungan, Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; James M Sarnecky, Jesse Hindman, John Allcock, Kristin Glencer Strojan, M Elizabeth Day, Michael K Han, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, CA.

For Gap Inc., Defendant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; David A Nelson, Latham & Watkins LLP, Chicago, IL; Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; John Allcock, M Elizabeth Day, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, [*4] CA.

For International Business Machine Corp, Defendant: Mark Nolan Reiter, Daniel T Conrad, Jones Day, Dallas, TX; David L. Witcoff, Matthew David Kellam, Jones Day, Chicago, IL; Michael Charles Smith, The Roth Law Firm, Marshall, Tx; Eric Miller Albritton, Attorney at Law, Longview, TX.

For J Crew Group Inc., Defendant: Arlene Hong, J Crew Group Inc., New York, NY; Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; John Allcock, M Elizabeth Day, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, CA.

For L L Bean Inc., Defendant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; John Allcock, M Elizabeth Day, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- [*5] East Palo Alto, East Palo Alto, CA; Peter J Brann, Brann & Isaacson, Lewiston, ME.

For Lands' End Inc., Defendant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Erik J Phelps, Attorney at Law, Dodgeville, WI; Crystina P Coats, Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Erin Overom Dungan, Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; James M Sarnecky, Jesse Hindman, John Allcock, Kristin Glencer Strojan, M Elizabeth Day, Michael K Han, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, CA.

For Limited Brands Inc., Defendant: Angelo Notaro, Notaro & Michalos PC, Orangeburg, NY; Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Crystina P Coats, Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Erin Overom Dungan, Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; James M Sarnecky, Jesse Hindman, John Allcock, Kristin Glencer Strojan, M Elizabeth Day, Michael K Han, DLA Piper Rudnick Gray Cary US LLP, [*6] San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, CA.

For Quixtar Inc., Defendant: James A Collins, James R Sobieraj, Jason Wejnert, Joseph W Flerlage, Laura Beth Miller, Brinks Hofer Gilson & Lione, Chicago, IL; Elizabeth L DeRieux, Sidney Calvin Capshaw, III, Brown McCarroll, Longview, TX.

For Recreation Equipment Inc., Defendant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Pamela Rossano Myers, Attorney at Law, Kent, WA; Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; John Allcock, M Elizabeth Day, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, CA.

For Sears Roebuck and Co, Defendant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Crystina P Coats, Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Erin Overom Dungan, Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; Frank Calabrese, Sears [*7] Roebuck and Co, Hoffman Estates, IL; James M Sarnecky, Jesse Hindman, John Allcock, Kristin Glencer Strojan, M Elizabeth Day, Michael K Han, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, CA; Reginald J Hill, Jenner & Block -- Chicago, Chicago, IL.

For Spiegel Inc., Defendant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Angelo Bufalino, Vedder Price Kaufman & Kammholz, Chicago, IL; Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; John Allcock, M Elizabeth Day, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, CA.

For Williams-Sonoma Inc., Defendant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Claude M Stern, Qwinn Emanuel Urquhart Oliver & Hedges -- Redwood, Redwood Shores, CA; Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; J David Hadden, Fenwick & West, Mountain Valley, CA; Kathryn B Riley, DLA [*8] Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; John Allcock, M Elizabeth Day, DLA

Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, CA.

For "all defendants", Defendant: David L. Witcoff, Jones Day, Chicago, IL.

For Recreational Equipment, Inc., Defendant: Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX.

For Victoria's Secret Direct, L.L.C., Defendant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Crystina P Coats, Edward H Sikorski, DLA Piper Rudnick Gray Cry -- San Diego, San Diego, CA; Erin Overom Dungan, Kathryn B Riley, DLA Piper Rudnick Gray Cary US LLP-East Palo Alto, East Palo Alto, CA; James M Sarnecky, Jesse Hindman, John Allcock, Kristin Glencer Strojan, M Elizabeth Day, Michael K Han, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; William G Goldman, DLA Piper Rudnick Gray Cary US LLP -- East Palo Alto, East Palo Alto, CA.

For America Online Inc., Counter Claimant: Otis W Carroll, Jr., Jack Wesley Hill, Ireland Carroll & Kelley, PC, Tyler, TX; Mark A Losey, McNees Wallace & Nurick, Columbus, OH; Melody Habecker, [*9] Fish & Richardson PC -- Washington DC, Washington, DC; Michael J McKeon, Fish & Richardson PC, Washington, DC; Thomas E O'Connor, Jr., McNees Wallace & Nurick, Columbus, OH.

For Charles E Hill & Associates Inc., Counter Defendant: Samuel Franklin Baxter, Attorney at Law, Marshall, TX; R Trevor Carter, Baker & Daniels, Indianapolis, IN; Theodore Stevenson, III, McKool Smith, Dallas, TX.

For Quixtar Inc., Counter Claimant: James R Sobieraj, Jason Wejnert, Laura Beth Miller, Brinks Hofer Gilson & Lione, Chicago, IL.

For Sears Roebuck and Co, Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; James M Sarnecky, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA; Frank Calabrese, Sears Roebuck and Co, Hoffman Estates, IL.

For Recreation Equipment Inc., Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Pamela Rossano Myers, Attorney at Law, Kent, WA.

For Limited Brands Inc., Counter Claimant: Angelo Notaro, Notaro & Michalos PC, Orangeburg, NY; Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; James M Sarnecky, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA.

[*10] For Lands' End Inc., Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Erik J Phelps, Attorney at Law, Dodgeville, WI; James M Sarnecky, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA.

For L L Bean Inc., Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Peter J Brann, Brann & Isaacson, Lewiston, ME.

For J Crew Group Inc., Counter Claimant: Arlene Hong, J Crew Group Inc., New York, NY; Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX.

For Eddie Bauer Inc., Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX.

For eBay Inc., Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Christopher R Ottenweller, Orrick Herrington & Sutcliffe -- Melo Park, Menlo Park, CA; James M Sarnecky, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA.

For Buy.com Inc., Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX.

For Amazon.com Inc., Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; James M Sarnecky, [*11] DLA Piper Rudnick Gray Cary US LLP, San Diego, CA.

For Spiegel Inc., Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Angelo Bufalino, Vedder Price Kaufman & Kammholz, Chicago, IL.

For Intimates Brands Inc., Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX.

For Williams-Sonoma Inc., Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; Claude M Stern, Qwinn Emanuel Urquhart Oliver & Hedges -- Redwood, Redwood Shores, CA; J David Hadden, Fenwick & West, Mountain Valley, CA.

For Gap Inc, The, Counter Claimant: Charles Homer Clark, Charles Ainsworth, Clark Lea & Ainsworth, Tyler, TX; David A Nelson, Latham & Watkins LLP, Chicago, IL.

For Barnesandnoble.com Inc., Counter Claimant: Lawrence G Kurland, Bryan Cave LLP, New York, NY; David A Roodman, K Lee Marshall, Bryan Cave LLP, St Louis, MO; Earl Glenn Thames, Jr, Michael Edwin Jones, Potter Minton, Tyler, TX.

For International Business Machine Corp, Counter Claimant: Mark Nolan Reiter, Daniel T Conrad, Jones Day, Dallas, TX; David L. Witcoff, Matthew David Kellam, Jones Day, Chicago, [*12] IL; Michael Charles Smith, The Roth Law Firm, Marshall, Tx.

For America Online Inc., Counter Claimant: Jack Wesley Hill, Ireland Carroll & Kelley, PC, Tyler, TX.

For Sears Roebuck and Co, Limited Brands Inc., Amazon.com Inc., eBay Inc., Victoria's Secret Direct, L.L.C., Lands' End Inc., Limited Brands Inc., Counter Claimant: James M Sarnecky, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA.

**JUDGES:** T. JOHN WARD, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** T. JOHN WARD

**OPINION**

**MEMORANDUM OPINION AND ORDER**

At issue are the three motions for summary judgment of no direct or indirect infringement filed by the Moving Defendants, Defendant IBM, and Defendant AOL (## 239, 242, and 262). Those motions are denied for the reasons expressed in this order.

The plaintiff, Charles E. Hill & Assoc., Inc. ("Hill"), alleges that the defendants infringe various claims of three United States Patents. Specifically, Hill contends that the defendants infringe claims 1, 3-5, and 9 of the 490 patent, claims 2, 3, 17, and 18 of the 649 patent, and claims 1-6, 11, 13, 14, 17 and 20 of the 142 patent. [1] See Plaintiff's Final Infringement Contentions. The patents-in-suit are directed toward electronic [*13] catalog systems and methods. In general, the patents describe storing constant and variable data relating to products on a main computer and a remote computer and periodically updating the constant data stored on the remote computer with data received from the main computer.

1 The court granted summary judgment to AOL with respect to Hill's claims under the 490 and the 142 patents.

The asserted claims are all method claims. Claim 1 of the 490 patent provides an example of an asserted claim:

1. A method for generating information related to a product, the method comprising the steps of:

storing and maintaining variable data and constant data related to at least one product and a main revision status in a memory of a main computer, the main revision status indicating the revision level of the constant data stored in the main computer;

storing constant data related to the at least one product and a remote revision status in a memory of a remote computer, the constant data being a subset of information [*14] data related to the at least one product, the remote revision status indicating the revision level of the constant data stored in the remote computer;

transmitting the remote revision status from the remote computer to the main computer;

comparing the remote revision status with the main revision status;

updating constant data stored in the memory of the remote computer with constant data maintained in the memory of the main computer that is different from the constant data stored in the memory of the remote computer;

transmitting variable data related to the at least one product from the main computer to the remote computer;

integrating constant data related to the at least one product with the variable data related to the at least one product in the remote computer to generate the information data related to the at least one product including both constant data and variable data.

'490 patent, claim 1.

The claim language requires the performance of steps on two computers. In claim 1 of the 490 patent, the

claims explicitly refer to a "main computer" and a "remote computer." The defendants ask for summary judgment on the grounds that they do not perform each step of [*15] the claimed methods because they do not operate both the main and remote computers required by the claims in the patents. In other words, the defendants only perform the steps relating to the main computer, and, according to the motion for summary judgment, the customers independently perform the remaining steps on the remote computer.

The defendants correctly cite [HN1]the general rule that, to be liable as a direct infringer, one must perform all of the steps of a claimed method. _Joy Tech., Inc. v. Flakt, Inc., 6 F.3d 770, 773 (Fed. Cir. 1993)_. In that case, the court stated that "[a] method claim is _directly_ infringed only by one practicing the patented method." _Id. at 775_; see also _NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1319 (Fed. Cir. 2005)_. Despite the general rule, several courts have suggested that when different entities perform the claimed steps of a patented method, one party may be liable for direct infringement depending on the extent to which it is connected to or controls the other entity. See _Marley Mouldings, Ltd. v. Mikron Indus., Inc., 2003 U.S. Dist. LEXIS 7211, 2003 WL 1989640, *2-3 (N.D. Ill. April 30, 2002)_; [*16] _Cordis Corp. v. Medtronic Ave., Inc., 194 F. Supp. 2d 323, 349 (D. Del. 2002), rev'd on other grounds, 339 F.3d 1352 (Fed. Cir. 2003)_("some connection" is needed between the two entities); _Faroudja Labs, Inc. v. Dwin Electronics, Inc., 1999 U.S. Dist. LEXIS 22987, 1999 WL 567799 (N.D. Cal. 1999)_; see also _Civix-DDI, LLC v. Cellco Partnership, 387 F. Supp. 2d 869, 883 (N.D. Ill. 2005)_.

In light of the holdings of these cases, the court holds that the plaintiff may prevail if it shows that the defendants exert sufficient control or have a sufficient connection to users operating the remote computers required by the claims. For example, in _Cordis_, Judge Robinson considered a motion for judgment as a matter of law on a contributory infringement claim based on the argument that the plaintiff had not proven a predicate act of direct infringement by any one entity or related entities. That court instructed the jury that, to constitute direct infringement of a method claim, the plaintiff must prove "that every step of the method of medical treatment . . . is performed either by a single entity, or by different persons or entities who have some connection [*17] to each other." _Cordis, 194 F. Supp. 2d at 349 n.19_. She rejected the defendants' arguments that the two entities must "work in concert," "work jointly," or have an "agency relationship." _Id._ The evidence in that case established that the defendant had a close relationship with physicians who completed certain steps of the method claims. Moreover, the evidence established that the defendant sent samples of the accused device to physicians and recruited physicians to participate in clinical trials. The evidence also suggested that the defendant sought the physicians' input with respect to the accused device. This evidence was sufficient to support the jury's finding of a predicate act of direct infringement of the method claims by either one person or different persons with "some connection" to each other.

The court agrees that a showing of "agency" or "working in concert" is not necessarily required under these circumstances. The court also agrees that [HN2]some connection between the parties is required to make out a case of direct infringement of a method claim when one party does not perform all of the steps of the method. Not just any connection, however, is sufficient. [*18] In the absence of an agency or contractual relationship, the case law appears to require a showing that the defendant and the third party are connected at least to the extent that the defendant must actually direct the third party to perform the remaining steps of the method. See _Shields v. Halliburton Co., 493 F. Supp. 1376, 1389 (W.D.La. 1980)_("Infringement of a patented process or method cannot be avoided by having another perform one step of the process or method."). Thus, although proof of an agency relationship or concerted activity would be sufficient to impose liability in circumstances where one party does not perform all of the steps of the claimed method, see _Faroudja, 1999 U.S. Dist. LEXIS 22987, 1999 WL 111788 at *6_, such a showing is not invariably required.

Under this standard, the plaintiff has created a triable issue of fact. The court has considered the record as of September 15, 2005. See _infra_. In its response filed on that date, the plaintiff describes the evidence it relies on to support its contention that a sufficient connection exists between the defendants and their customers to warrant submission of this case to a jury. That evidence, viewed in [*19] the light most favorable to the plaintiff, establishes that the defendants design their websites so as to control the product selection by the customer. The navigation within the website is circumscribed by the links provided by the website designer. The defendants design their websites with an awareness of the web browser capabilities (and various possibilities) possessed by their customers. The evidence reflects that the various defendants, to improve the experience of the potential customers, make suggestions to the customers to update their browsers or modify their browser settings. The record also suggests that the defendants take advantage of the browser caching capabilities when designing their websites so as to permit the remote computer's browser to cache certain items and not others. Finally, third party conduct aside, the evidence reflects that the defendants'

employees access the websites to perform troubleshooting and customer service tasks.

The court has considered this evidence in light of the inventions claimed in the patents. The relationship described in the patents between the main and the remote computer is one of vendor and customer. This is the very relationship [*20] relied upon in this case to establish connection or control sufficient to warrant submission of direct infringement to the jury. Based on the evidence, the plaintiff has created a fact issue sufficient to compel the denial of the motion for summary judgment.

In reaching its conclusion, the court has considered the record as of September 15, 2005. To this end, the plaintiff's motion for extension of time to file a response to the defendants' motions for summary judgment (# 354) is granted. In their response to the motion, the defendants opposed the court permitting Hill any additional time to respond to the motions for summary judgment. Although Hill's conduct in completing discovery and responding to motions for summary judgment has been less than exemplary (see Order # 404), the court had previously granted Hill an extension of time to respond to the various motions for summary judgment until August 8, 2005, August 15, 2005, and August 29, 2005. (See Orders ## 303, 304, and 305). In the motion for extension of time, Hill requested until September 15, 2005, to file a response. Hill complied with the requested deadline by filing its response on September 15, 2005, accompanied [*21] by a motion for leave to exceed the page limits. In evaluating the motions for summary judgment of no direct infringement, the court has therefore considered the summary judgment record as of that date and finds that the evidence creates a triable issue of fact on the issue of direct infringement.

For the above reasons, the motion for extension of time to respond (# 354) is granted.

The motion for leave to exceed the page limits (# 386) with respect to plaintiff's omnibus opposition to the motion for summary judgment is granted.

The defendants' motion for an extension of time to reply to the response to motion for summary judgment (# 394) is granted.

The plaintiff's partially agreed motion for leave to file plaintiff's supplemental omnibus opposition to defendants' motion for summary judgment of no direct or indirect infringement and request to exceed the page limits (# 426) is denied as moot.

The plaintiff's motion for leave to file plaintiff's addendum to the supplemental omnibus opposition to defendants' motion for summary judgment of no direct or indirect infringement (# 434) is denied as moot.

The motions for summary judgment of no direct or indirect infringement (## 239, [*22] 242 and 262) are denied.

SIGNED this 19th day of January, 2006.

T. JOHN WARD

UNITED STATES DISTRICT JUDGE