# EXHIBIT H

3 of 21 DOCUMENTS

LIFELINK PHARMACEUTICALS, INC., Plaintiff, vs. NDA CONSULTING, INC., et al. Defendants.

CASE NO. 5:07-CV-785

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

2007 U.S. Dist. LEXIS 62674

August 24, 2007, Decided
August 24, 2007, Filed

**PRIOR HISTORY:** *Lifelink Pharms., Inc. v. NDA Consulting, Inc., 2007 U.S. Dist. LEXIS 57342 (N.D. Ohio, Aug. 7, 2007)*

**COUNSEL:** [*1] For Lifelink Pharmaceuticals, Inc., Plaintiff: Peter Turner, Stephen D. Dodd, Meyers, Roman, Friedberg & Lewis, Cleveland, OH; Phillip Emery Dube, Becker & Poliakoff, Fort Lauderdale, FL; Robert T. Glickman, McCarthy, Lebit, Crystal & Liffman, Cleveland, OH.

For NDA Consulting, Inc., Erik J. Deitsch, also known as Rik Deitsch, Defendants: Gary C. Rosen, Sr., LEAD ATTORNEY, Becker & Poliakoff, Fort Lauderdale, FL; Kimberly A. Brennan, Robert T. Glickman, McCarthy, Lebit, Crystal & Liffman, Cleveland, OH; Peter Turner, Phillip Emery Dube, Meyers, Roman, Friedberg & Lewis, Cleveland, OH.

For Waiora USA, Inc., Waiora International, Inc., Waiora Holdings, LLC, Waiora, LLC, Waiora Australia, LLC, Waiora Hong Kong, LLC, Stanley J. Cherelstein, Kelley Spears, Adrian Goad, Adrian Goad, d/b/a www.allnaturalprevention.com, David Bynum, David Bynum, d/b/a www.zeolitebodydetox.com, David Ewing, vid Ewing, d/b/a www.kz1300.com, Lloyd Wright, Lloyd Wright, d/b/a www.hepatiticsfree.com, Health Is Wealth Maui, LLC, d/b/a, www.healthiswealthmaui.com, Purify Your Body, LLC, d/b/a, www.purifyyourbody.com, Spectrum Supplements, Inc., Robin Reno, Robin Reno, d/b/a www.ncdwaiora.com, Defendants: David L. Drechsler, [*2] Buckingham, Doolittle & Burroughs - Cleveland, Cleveland, OH; Peter Turner, Phillip Emery Dube, Meyers, Roman, Friedberg & Lewis, Cleveland, OH; Robert T. Glickman, McCarthy, Lebit, Crystal & Liffman, Cleveland, OH; Ryan J. Morley, Buckingham, Doolittle & Burroughs, Cleveland, OH.

For James Spears, Defendant: David L. Drechsler, Buckingham, Doolittle & Burroughs - Cleveland, Cleveland, OH; Joseph M. Ruscak, Mark C. Terzola, Roetzel & Andress - Akron, Akron, OH. Peter Turner, Phillip Emery Dube, Meyers, Roman, Friedberg & Lewis, Cleveland, OH; Robert T. Glickman, McCarthy, Lebit, Crystal & Liffman, Cleveland, OH; Ryan J. Morley, Buckingham, Doolittle & Burroughs, Cleveland, OH.

For John Doe Distributors 1-1000, John Doe Manufacturer, Jacalyn Lantrip, Jacalyn Lantrip, d/b/a www.ahealthybody.net, Defendants: David L. Drechsler, Buckingham, Doolittle & Burroughs - Cleveland, Cleveland, OH; Peter Turner, Phillip Emery Dube, Meyers, Roman, Friedberg & Lewis, Cleveland, OH; Robert T. Glickman, McCarthy, Lebit, Crystal & Liffman, Cleveland, OH.

For Rowan Emrys, Rowan Emrys, d/b/a www.tarryall.net, Defendant: Pro se, Fort Collins, CO; David L. Drechsler, Buckingham, Doolittle & Burroughs - Cleveland, [*3] Cleveland, OH; Peter Turner, Phillip Emery Dube, Meyers, Roman, Friedberg & Lewis, Cleveland, OH; Robert T. Glickman, McCarthy, Lebit, Crystal & Liffman, Cleveland, OH.

For John Hanna, John Hanna, d/b/a www.tarryall.net Defendant: Pro se, Fort Collins, CO; David L. Drechsler, Buckingham, Doolittle & Burroughs - Cleveland, Cleveland, OH; Peter Turner, Phillip Emery Dube, Meyers, Roman, Friedberg & Lewis, Cleveland, OH; Robert T. Glickman, McCarthy, Lebit, Crystal & Liffman, Cleveland, OH.

Case 3:07-cv-03257-SI   Document 43-9   Filed 11/02/2007   Page 3 of 4

Page 2
2007 U.S. Dist. LEXIS 62674, *

For Waiora Hong Kong, LLC, Stanley J. Cherelstein, Waiora USA, Inc., Waiora International, Inc., Waiora Holdings, LLC, Waiora, LLC, Waiora Australia, LLC, Counter-Claimants: David L. Drechsler, Buckingham, Doolittle & Burroughs - Cleveland, Cleveland, OH; Peter Turner, Phillip Emery Dube, Meyers, Roman, Friedberg & Lewis, Cleveland, OH; Robert T. Glickman, McCarthy, Lebit, Crystal & Liffman, Cleveland, OH; Ryan J. Morley, Buckingham, Doolittle & Burroughs, Cleveland, OH.

For Waiora Hong Kong, LLC, Stanley J. Cherelstein, Waiora USA, Inc., Waiora International, Inc., Waiora Holdings, LLC, Waiora, LLC, Waiora Australia, LLC, Counter-Defendants: David L. Drechsler, Buckingham, Doolittle & Burroughs - Cleveland, [*4] Cleveland, OH; Peter Turner, Phillip Emery Dube, Meyers, Roman, Friedberg & Lewis, Cleveland, OH; Robert T. Glickman, McCarthy, Lebit, Crystal & Liffman, Cleveland, OH; Ryan J. Morley, Buckingham, Doolittle & Burroughs, Cleveland, OH.

For NDA Consulting, Inc., Erik J. Deitsch, Counter-Claimants: Phillip Emery Dube, Meyers, Roman, Friedberg & Lewis, Cleveland, OH.

For Lifelink Pharmaceuticals, Inc., Counter-Defendant: Peter Turner, Phillip Emery Dube, Stephen D. Dodd, Meyers, Roman, Friedberg & Lewis, Cleveland, OH; Robert T. Glickman, McCarthy, Lebit, Crystal & Liffman, Cleveland, OH.

**JUDGES:** JAMES S. GWIN, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JAMES S. GWIN

**OPINION**

ORDER AND OPINION

[Resolving Doc. No. 80]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 16, 2007, Plaintiff Lifelink Pharmaceuticals, Inc. ("Lifelink") commenced the instant suit, asserting claims of **patent** infringement, breach of contract, fraud, conspiracy and unjust enrichment, and seeking declaratory judgment. [Doc. 1.] On July 6, 2007, Defendants Kelley Spears, Adrian Goad, Rowan Emrys, John Hanna, David Bynum, David Ewing, Lloyd Wright, Health Is Wealth Maui, LLC, d/b/a www.healthiswealthmaui.com, Purify Your Body, LLC, d/b/a www.purifyyourbody.com, [*5] and Robin Reno (the "customer defendants") motioned the Court to stay litigation against them pending resolution of the Plaintiff's claims against NDA Consulting, Inc. ("NDA"). [Doc. 80.] The Plaintiff opposes the customer defendants' motion. [Doc. 86.] For the reasons stated below, the Court **DENIES** the defendants' motion requesting a stay.

**I. Background**

Plaintiff Lifelink, an Ohio corporation, owns by assignment *U.S. Patent No. 6,288,045.* [Doc. 1.] The patent discloses a "Epithelial Cell Cancer Drug" and was issued on September 11, 2001. *Id.* With this suit, the Plaintiff alleges that Defendants Erik Deitsch ("Deitsch"), NDA, Stanley J. Cherelstein ("Cherelstein"), Waiora USA, Inc., Waiora International, LLC, Waiora Holdings, LLC, Waiora, LLC, Waiora Australia, LLC and Waiora Hong Kong, LLC ("Waiora"), and distributors of Waiora, such as the customer defendants, sold Lifelink's product without paying license or royalty fees to Lifelink. *Id.*

**II. Legal Standard & Analysis**

Federal trial courts have the power to stay proceedings, even for an indefinite period of time. *See Landis v. North Am. Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936).* "This power springs from the inherent authority of every court to [*6] control the disposition of its cases." *Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997).* A trial court's discretion is not, however, absolute. *Landis, 299 U.S. at 257.* Rather, courts must "weigh competing interests and maintain an even balance" in determining whether to grant a request to stay proceedings. *Id at 255.*

In **patent** cases, the Federal Circuit has established a tripartite formula for trial courts to employ when deciding whether to stay a case. *Cherokee Nation of Oklahoma, 124 F.3d at 1416.* Specifically, in deciding whether to grant a stay, "a trial court must first identify a pressing need for the stay. The court must then balance interests favoring a stay against interests frustrated by the action. Overarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Id.*

With the instant motion, the customer defendants say that the Court should stay all litigation against them pending resolution of the Plaintiff's claims against NDA Consulting, Inc. [Doc. 80.] The defendants argue that a stay is appropriate because (1) continued involvement in the instant litigation would severely burden [*7] the customer defendants, who are merely "consumers who suffer from serious health ailments" that "purchase the Product for their own personal use," rather than commercial distributors and (2) staying the proceedings against the customer defendants would not significantly frustrate

the Plaintiff's interests because (a) NDA is the "real party in interest" and (b) the Plaintiff will be able to collect any judgment they obtain directly from NDA. *Id.* Additionally, the defendants say that the "**customer suit exception**" requires a stay in this case because, in **patent** suits, the law prefers to resolve **patent** holder's claims against the manufacturer or product source before addressing residual claims against customers or secondary distributors. *Id.*

The Plaintiff, unsurprisingly, opposes the defendants' motion and says that staying proceedings against the customer defendants would substantially frustrate its interests. [Doc. 86.] First, Plaintiff Lifelink says that the customer defendants are an integral part of Waiora's distribution network, rather than mere customers purchasing the infringing Product for personal use. *Id.* In support of that proposition, the Plaintiff notes that Lifelink named [*8] the instant defendants precisely because they "post prominent websites offering the Product for sale to the public." *Id.* Accordingly, the Plaintiff argues that each of the customer defendants have realized substantial profits from their sales of the Product and, as such, are in no way secondary defendants. *Id.* Moreover, the Plaintiff disagrees that it will necessarily be able to collect any judgment it obtains directly from NDA. *Id.*

Second, Plaintiff Lifelink argues that the customer suit exception does not apply in the instant case. Specifically, the Plaintiff says that the "customer suit" exception only applies in instances where "a **patent** holder has sued a customer/product purchaser and thereafter the product manufacturer files suit in a different jurisdiction for declaratory judgment as to the enforceability or validity of the **patent**." *Id.* Then - and only then - does the exception operate to require that the second manufacturer suit proceed first, because of the "manufacturer's presumed greater interest in defending its actions against charges of **patent** infringement; and to guard against possibility of abuse." [Doc. 86.] Here, NDA is not the manufacturer of the product and all the [*9] defendants are parties to a single suit. Accordingly, the Plaintiff argues that the customer defendants' reliance on the customer suit exception is misplaced. *Id.*

Ultimately, the Court agrees with the Plaintiff. First, it is undisputed that the customer defendants did operate web sites through which they engaged in at least some limited distribution of the Product. [Docs. 80, 86.] Therefore, the scope of the instant defendants' role - and their corresponding importance to the Plaintiff's case - is at the very least unclear at this stage of the litigation. Even if each of the instant defendants' role as a distributor was relatively limited, however, the Court agrees with the Plaintiff that delaying proceedings against the group as a whole would significantly frustrate Lifelink's interests.

Moreover, the potential scope of damages in this case is presently unclear, such that it is possible that Plaintiff Lifelink may be unable to collect any Judgment from NDA and/or Waiora alone.

Additionally, the customer exception does not apply in the instant case. The customer defendants conceptualize the exception broadly, arguing that "the principle behind the customer suit exception is that the [*10] manufacturer or product source should litigate its claims with the **patent** holder first before any customer suit because that litigation typically resolves all issues related to any alleged **patent** infringement." [Doc. 93.] Accordingly, the defendants say that it is immaterial that here, unlike in the cases they cite invoking the customer exception, the product source and purported customers are all parties in the same action. *Id.*

The Court agrees that the exception is designed to ensure that **patent** infringement claims against customers do not proceed prior to the Court addressing pending claims against a product's manufacturer. However, the purpose of the exception is not limited to protecting secondary defendants from unnecessarily being exposed to the costs of litigation. Rather, the customer exception also functions to (1) promote judicial economy and (2) protect the ability of manufacturers to effectively litigate the issue of **patent** infringement. *Codex Corp. v. Milgo Electronic Corp., 553 F.2d 735, 737 (1st Cir. 1977).*

Where, as here, a **patent** holder's suit names as defendants both purported customers and the product's source, neither of these latter two goals necessitates staying [*11] proceedings against the customer defendants. To the contrary, granting a stay in such a situation would run counter to the goal of fostering judicial economy without enhancing the product source defendant's ability to litigate the issue of **patent** infringement. Based upon such considerations, the Court sees no reason to preclude Plaintiff Lifelink's case from proceeding contemporaneously against both the instant defendants and NDA. Accordingly, the Court denies the defendants' motion.

### III. Conclusion

For these reasons, the Court **DENIES** the customer defendants' motion to stay litigation against them pending resolution of the Plaintiff's claims against NDA Consulting, Inc.

IT IS SO ORDERED.

Dated: August 24, 2007

*s/ James S. Gwin*

UNITED STATES DISTRICT JUDGE