# EXHIBIT I

LEXSEE



Warning
As of: Oct 28, 2007

**MARLEY MOULDINGS LIMITED, a Nevada Corporation, Plaintiff, v. MIKRON INDUSTRIES, INC., a Washington Corporation, Defendant.**

**No. 02C 2855**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**2003 U.S. Dist. LEXIS 7211; 66 U.S.P.Q.2D (BNA) 1701**

**April 29, 2003, Decided**
**April 30, 2003, Docketed**

**SUBSEQUENT HISTORY:** Later proceeding at Marley Mouldings Ltd. v. Mikron Indus., Inc., 2003 U.S. Dist. LEXIS 15510 (N.D. Ill., Sept. 4, 2003)

**DISPOSITION:** [*1] Defendant's motions for summary judgment denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff patent holder sued defendant alleged patent infringer. The alleged infringer moved for summary judgment of noninfringement and for summary judgment of no infringement.

**OVERVIEW:** In regards to the alleged infringer's first summary judgment motion, the alleged infringer argued that it did not infringe the patent because a third-party vendor performed the first step of mixing particles of wood flour with plastic and their subsequent encapsulation to form the pellets. The alleged infringer defined the size of the wood flour particles that the third-party vendor had to use and also specified the moisture content of the pellets. The alleged infringer could not avoid infringing the patent merely by having the third-party vendor perform one of the required steps when the vendor was connected to the alleged infringer. There were material issues of fact relating to the extent of the alleged infringer's involvement in the first step of the process. The alleged infringer's second summary judgment motion was premature. The court had not yet held a Markman

hearing. Therefore, the court had not yet construed the claim terms as a matter of law.

**OUTCOME:** Both of the alleged infringer's summary judgment motions were denied.

**CORE TERMS:** flour, pellet, infringement, patent, polymer, summary judgment, entity, infringe, extrudable, resin, patented invention, quantity, window, foam, performing, particles, infringed, undisputed, dictates, mixing, solid, aids, matter of law, patent infringement, patented process, separate entities, manufactured, infringing, literally, literal

LexisNexis(R) Headnotes

*Civil Procedure > Discovery > Methods > General Overview*
*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
*Civil Procedure > Summary Judgment > Standards > Materiality*
[HN1]Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c).

*Civil Procedure > Summary Judgment > Evidence*

Case 3:07-cv-03257-SI    Document 43-10    Filed 11/02/2007    Page 3 of 6

2003 U.S. Dist. LEXIS 7211, *; 66 U.S.P.Q.2D (BNA) 1701

***Civil Procedure > Summary Judgment > Standards > General Overview***

[HN2]In deciding a summary judgment motion, all the evidence and the reasonable inferences that may be drawn from the evidence is viewed in the light most favorable to the nonmovant.

***Civil Procedure > Summary Judgment > Standards > General Overview***

[HN3]Summary judgment maybe granted when no reasonable jury could return a verdict for the nonmoving party.

***Patent Law > Infringement Actions > Infringing Acts > Make***

***Patent Law > Infringement Actions > Infringing Acts > Sale***

***Patent Law > Infringement Actions > Infringing Acts > Use***

[HN4]Pursuant to 35 U.S.C.S. § 271(a), a party literally infringes a patent that without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent. The claims define the scope of the patented invention. A process or method claim is directly infringed only when the process is performed. Each claim of a patent is an entity that must be considered as a whole.

***Patent Law > Infringement Actions > Infringing Acts > General Overview***

[HN5]To find patent infringement there must be some connection between the entities performing the steps of a method patent. Direct infringement is not applicable to an entity that makes and sells only a component of the claimed process.

***Patent Law > Infringement Actions > Infringing Acts > General Overview***

[HN6]A party cannot avoid direct infringement merely by having another entity perform one or more of the required steps when that party is connected with the entity performing one or more of the required steps. Under such facts, the party that is contracting out part of the process or method and then completing the process may be infringing the patented invention because that party, through its connection with the entity performing only part of the process, is in actuality performing the combination of each and every step of the claimed method.

***Patent Law > Infringement Actions > Claim Interpretation > Scope***

***Patent Law > Infringement Actions > Infringing Acts > General Overview***

[HN7]A patent infringement analysis consists of two steps. In the first step, referred to as claim construction, the meaning and scope of the patent claims asserted to be infringed are determined. The second step entails proving the infringement by comparing the properly construed claims to the device accused of infringing.

***Patent Law > Infringement Actions > Claim Interpretation > General Overview***

***Patent Law > Infringement Actions > Summary Judgment > General Overview***

[HN8]An argument of noninfringement is properly made at a Markman hearing, after which, the court will then construe the claim terms as a matter of law.

COUNSEL: For MARLEY MOULDINGS LIMITED, plaintiff: Hugh Allen Abrams, Tara C Norgard, Jon Michael Spanbauer, Sidley Austin Brown & Wood, Chicago, IL.

For MIKRON INDUSTRIES, INC., defendant: Jon O. Nelson, Janice V. Mitrius, Joseph John Berghammer, Jason S Shull, Wendell Wade Harris, Banner & Witcoff, Ltd., Chicago, IL.

For MIKRON INDUSTRIES, INC., defendant: Michael J Folise, Seed Intellectual Property Law Group, Seattle, WA.

For MIKRON INDUSTRIES, INC., counter-claimant: Janice V. Mitrius, Jason S Shull, Wendell Wade Harris Banner & Witcoff, Ltd., Chicago, IL.

For MIKRON INDUSTRIES, INC., counter-claimant: Michael J Folise, Seed Intellectual Property Law Group, Seattle, WA.

For MARLEY MOULDINGS LIMITED, counter-defendant: Hugh Allen Abrams, Tara C Norgard, Jon Michael Spanbauer, Sidley Austin Brown & Wood, Chicago, IL.

JUDGES: JOHN W. DARRAH, United States District Judge.

OPINION BY: JOHN W. DARRAH

OPINION

**MEMORANDUM OPINION AND ORDER**

Case 3:07-cv-03257-SI    Document 43-10    Filed 11/02/2007    Page 4 of 6

2003 U.S. Dist. LEXIS 7211, *; 66 U.S.P.Q.2D (BNA) 1701

Plaintiff, Marley Mouldings Limited ("Marley"), commenced a patent infringement action against Mikron Industries, Inc. ("Mikron") for the infringement of United States Patent 5,951,927 ("927 [*2] Patent"). Before this Court are Mikron's Motion for Summary Judgment of Noninfringement and Mikron's Motion for Summary Judgment of No Infringement.

**BACKGROUND**

Claim 1 of the 927 Patent states:

A method of forming a solid elongated member of predetermined profile for use as a door, window or frame molding, comprising the steps of:

encapsulating wood flour particles with a polymer resin in an extrudable material by high intensity mixing, said extrudable material consisting essentially of, in parts (volume):

| polymer resin: | in an amount of up to 100 |
| wood flour: | 15-140 |
| stabilizers: | in an amount up to 5 |
| lubricants: | in an amount up to 5 |
| process aids: | in an amount up to 10, |

extruding and cutting said extrudable material to form pellets of said extrudable material,

mixing additional polymer resin and a non-aqueous blowing agent with said pellets to form an extrudable foam material,

compressing said extrudable foam material at a compression stage by passage through an orifice, said orifice having at one end thereof a predetermined of, in parts (volume):

| polymer resin: | in an amount up to 100 |
| wood flour: | 15-140 |
| stabilizers: | in an amount up to 5 |
| lubricants: | in an amount up to 5 |
| process aids: | in an amount up to 10 |
| blowing agents: | .2 to 5 |

[*3]   expanding said foam material through a shaper, said shaper having an internal solid surface defining a channel for said foam material, and

solidifying said foam material to form a solid elongated member.

(Def.'s 56.1(a)(3) Statement P A1) [1].

1   Defendant's Statements of Undisputed Facts in support of its Motion for Summary Judgment of Noninfringement are designated by the prefix "A". Defendant's Statements of Undisputed Facts in support of its Motion for Summary Judgment of No Infringement are designated by the prefix "B".

Mikron manufactures or has manufactured polymer resin/wood flour composite extrusions for use in windows, brick molding, slats and window blinds. (Def.'s 56.1(a)(3) Statement P B5). These composite structures are sold under the product name Mikronwood XTR. (Id., P B6). Mikron's combined materials are extruded to form the Mikronwood XTR extrusion profiles. (Id., P B9). Mikronwood XTR is not sold as a retail product. Mikron sells Mikronwood XTR to window manufacturers who combine [*4] the Mikronwood XTR components with other components to make a window system. (Plaint.'s 56.1(a)(3)(B) Statement P 13).

Mikron purchases "pre-made" polymer/wood flour pellets from North Wood Plastics, Inc, ("North Wood") which is located in Sheboygan, Wisconsin. (Def.'s

Case 3:07-cv-03257-SI    Document 43-10    Filed 11/02/2007    Page 5 of 6

2003 U.S. Dist. LEXIS 7211, *; 66 U.S.P.Q.2D (BNA) 1701

56.1(a)(3) Statement PP A3). Mikron's polymer/wood flour pellets are "made to order" by North Wood. North Wood manufactures the wood flour pellets for Mikron with a fixed quantity by weight of wood flour and polymer pellets. However, North Wood can vary the quantities of process aids and other additives. (Plaint.'s 56.1(a)(3)(B) Statement P 3; Def.'s Response to P 3). Mikron dictates the specific recipe that North Wood must use to produce Mikron's polymer/wood flour pellets to the extent that North Wood cannot vary the quantity by weight of wood flour and polymer pellets. (Plaint's 56.1(a)(3)(B) Statement P 5; Def.'s Response to P 5). Mikron also provides North Wood with the formulation for the pellets, and North Wood sets its equipment to produce a pellet with the provided formulation. (Plaint.'s 56.1(a)(3)(B) Statement P 6; Def.'s Response to P 6).

Miron supplies the polymer resin that North Wood must use to produce [*5] Mikron's polymer/wood flour pellets. (Plaint.'s 56.1(a)(3)(B) Statement P 7). Mikron defines the size of the wood flour particles that North Wood must use to produce Mikron's polymer/wood flour pellet. (Id., P 8). Mikron also specifies the moisture content in the pellets. (Id., P 9).

## ANALYSIS

[HN1]Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). [HN2]All the evidence and the reasonable inferences that may be drawn from the evidence is viewed in the light most favorable to the nonmovant. Miller v. American Family Mutual Ins. Co., 203 F.3d 997, 1003 (7th Cir. 2000). [HN3]Summary judgment maybe granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

## I. Motion for Summary Judgment of Noninfringement

[HN4]Pursuant to 35 U.S.C. § 271(a), a party literally infringes a patent that "without authority makes, uses, offers to sell, or sells any [*6] patented invention ... during the term of the patent...." The claims define the scope of the patented invention. See Johnson & Johnson Assoc. Inc. v. R.E. Service Co., 285 F.3d 1046, 1052 (Fed. Cir. 2002). A process or method claim is directly infringed only when the process is performed. See Joy Tech., Inc. v. Flakt, 6 F.3d 770, 773 (Fed. Cir. 1993). Each claim of a patent is an entity that must be considered as a whole. See General Foods Corp. v. Studiengesellschaft Kohle, 972 F.2d 1272, 1274 (Fed. Cir. 1992).

Mikron argues that it does not infringe the 927 Patent because it does not perform the initial step of mixing the particles of wood flour with plastic and subsequent encapsulation to form the pellet. Instead, Mikron purchases pre-made pellets from a third-party vendor, North Wood. Because Mikron does not perform every step of the claimed method, it cannot, and does not, directly infringe the 927 Patent because the "patented invention" includes the combination of each and every step of the claimed method.

Neither the Supreme Court nor the Federal Court of Appeals has addressed the issue of whether a party who does not perform [*7] every step of a method claim may be liable for direct infringement of a method claim where separate entities perform separate steps of a method claim. The Fifth Circuit has "questioned whether a method claim can be infringed when two separate entities perform different operations and neither has control of the other's activities." See Mobil Oil Corp. v. Filtrol Corp., 501 F.2d 282, 291-92 (5th Cir. 1974). However, several district courts have found that a party directly infringes a method or process patent where the various steps in the patent are performed by distinct entities. See Cordis Corp. v. Medtronic Ave, Inc., 194 F. Supp. 2d 323, 349 (D. Del. 2002) (Cordis); Faroudja Lab., Inc. v. Dwin Electronics, Inc., 1999 U.S. Dist. LEXIS 22987, 1999 WL 111788 (N.D. Cal. Feb. 24, 1999) (Faroudja); Avery Dennison Corp. v. UCB Films, 1997 U.S. Dist. LEXIS 13594, 1997 WL 567799 (N.D. Ill. Sept. 4, 1997); E.I. Dupont De Nemours & Co. v. Monsanto Co, 903 F. Supp. 680, 734 (D. Del. 1985) (Dupont); Ralston Purina Co. v. Far-Mar-Co., Inc., 586 F. Supp. 1176, 1226 (D. Kan. 1984); Shields v. Halliburtron Co., 493 F. Supp. 1376, 1389 (W.D. La. 1980); [*8] see also, Crowell v. Baker Oil Tools, 143 F.2d 1003, 1004 (9th Cir. 1944) ("one may infringe a patent if he employ[s] an agent for that purpose or has the offending particles manufactured for him by an independent contractor"). However, [HN5]there must be some connection between the entities performing the steps of the method patent, and direct infringement is not applicable to an entity that makes and sells only a component of the claimed process. See Cordis, 194 F. Supp. 2d at 349; Faroudja, 1999 U.S. Dist. LEXIS 22987, 1999 WL 111788 at *5; Monsanto, 903 F. Supp. at 734-35.

For example, in Monsanto, a third party purchased a product where Monsanto had performed the first step of a three-step patented process and the third party then performed the last two steps of the process itself. Monsanto, 903 F. Supp. at 735. The Court found that the third party could not avoid liability for direct infringement by having someone else perform one or more of the steps of the patented process for them. Monsanto, 903 F. Supp. at 735. However, an entity such as Monsanto that

Case 3:07-cv-03257-SI    Document 43-10    Filed 11/02/2007    Page 6 of 6

2003 U.S. Dist. LEXIS 7211, *; 66 U.S.P.Q.2D (BNA) 1701

made and sold only a component of the claimed process [*9] did not directly infringe under Section 271(a). *Monsanto*, 903 F. Supp. at 735.

Theses cases are persuasive. [HN6]A party cannot avoid direct infringement merely by having another entity perform one or more of the required steps when that party is connected with the entity performing one or more of the required steps. Under such facts, the party that is contracting out part of the process or method and then completing the process may be infringing the patented invention because that party, through its connection with the entity performing only part of the process, is in actuality performing the combination of each and every step of the claimed method.

Here, the patented invention includes the pellet preparation stage that is performed by North Wood and the final product preparation which is performed by Mikron. Mikron attempts to avoid literal infringement liability by having North Wood perform the first step process. It is undisputed that there is some type of connection between Mikron and North Wood. The pelllets are "made to order" by North Wood based on certain directives from Mikron. The parties dispute the extent of Mikron's involvement in the production of the pellets [*10] by North Wood. Marley contends that Mikron dictates not only the ingredients and quantities of such ingredients but also the process itself. Mikron contends that it merely dictates the quantity of weight of wood flour and polymer pellets. In light of these material issues of fact relating to the extent of Mikron's involvement in the first step of the process, summary judgment cannot be granted. At the very least, there is a material issue of fact as to whether Mikron has control over North Wood's activities with the performance of the first two steps of the process. Accordingly, Mikron's Motion for Summary Judgment of Noninfringement is denied.

II. Motion for Summary Judgment of No Infringement

[HN7]A patent infringement analysis consists of two steps. In the first step, referred to as claim construction, the meaning and scope of the patent claims asserted to be infringed are determined. The second step entails proving the infringement by comparing the properly con-

strued claims to the device accused of infringing. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*Markman*).

Mikron seeks summary judgment of no infringement, arguing that [*11] Mikron's process does not meet every limitation of the 927 Patent -- specifically, the wood flour limitation as it appears in "step 5" of claim 1. For purposes of the instant motion, Mikron initially purports to adopt Marley's claim construction of the term "wood flour" as it appears in step 5 of claim 1. Marley however, points out that Mikron has only adopted a portion of Marley's claim construction of the term "wood flour". In its reply brief, Mikron then argues that its claim construction of the term "wood flour" in step 5 of claim 1 is correct as a matter of law and, alternatively, that even if the Court adopts Marley's construction, Mikron does not literally infringe step 5 of claim 1.

Mikron's Motion for Summary Judgment of No Infringement is premature. The Court has not yet construed the terms of the 927 Patent. A Markman hearing is scheduled for June 2003. While Mikron presents its argument for the construction of "wood flour" in its reply brief, Marley has not presented its argument for its construction of that term. [HN8]Such argument is properly made at the Markman hearing; after which, the Court will then construe the claim terms as a matter of law. *See Inverness Medical Switzerland v. Princeton Biomeditech Corp.*, 309 F.3d 1365, 1369 (Fed. Cir. 2002). [*12] A claim construction determination cannot be made at this stage of the litigation. Accordingly, the Court cannot proceed to the second step of the literal infringement analysis. Mikron's Motion for Summary Judgment of No Infringement is, therefore, denied.

## CONCLUSION

For the reasons set forth above, both of Defendant's Motions for Summary Judgment are denied.

Dated: 04-29-03

JOHN W. DARRAH

United States District Judge