# EXHIBIT K

16 of 21 DOCUMENTS


Positive
As of: Oct 25, 2007

MITSUBISHI ELECTRIC CORPORATION, and MITSUBISHI ELECTRIC INDUSTRIAL CONTROLS, INC., Plaintiffs, v. IMS TECHNOLOGY, INC., HURCO COMPANIES, INC., and DOES 1-20, Defendants.

Case No. 96 C 0499

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

1996 U.S. Dist. LEXIS 12239

August 21, 1996, Decided
August 21, 1996, FILED; August 22, 1996, DOCKETED

**DISPOSITION:** [*1] Mitsubishi's motion for a stay and/or injunction denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
[HN1] In the interests of judicial economy, a court has discretion to enjoin or stay parties under its jurisdiction from proceeding with a concurrent action involving the same or related issues.

*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
*Patent Law > Remedies > Equitable Relief > Injunctions*
[HN2] The "customer suit" exception permits stays where the first-filed action is brought against the customer of an offending manufacturer and a subsequent action is brought involving the manufacturer itself. The exception was created on the assumption that a manufacturer has a greater interest in defending patent infringement actions than a customer or end-user. Critical considerations to be weighed in deciding whether to stay or enjoin such suits are: whether or not all, or at least major, issues regarding the customers will be resolved by the second suit; and whether or not the customers have agreed to be bound by the results, including liability for damages, flowing from the second suit.

*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
*Patent Law > Remedies > Equitable Relief > Injunctions*
[HN3] The willingness to be bound by judgment of the case strongly weighs against a stay or injunction because it increases the chance for duplicitous litigation.

**COUNSEL:** For Plaintiffs: JOHN W. KOZAK, Esq., MARK E. PHELPS, Esq., DAVID M. AIRAN, Esq., Leydig, Voit & Mayer, Ltd., Chicago, IL. LES J. WEINSTEIN, Esq., CHERYL L. JOHNSON, Esq., DANIEL E. ROBBINS, Esq., Graham & James, Los Angeles, CA.

For Defendants: RAYMOND P. NIRO, Esq., ROBERT A. VITALE, JR., Esq., RICHARD B. MEGLEY, Esq., MICHAEL S. LEE, Esq., Niro, Scavone, Haller & Niro, Ltd., Chicago, IL.

**JUDGES:** MARTIN C. ASHMAN, United States Magistrate Judge. Judge Ann C. Williams

**OPINION BY:** MARTIN C. ASHMAN

**OPINION**

## REPORT AND RECOMMENDATION

This case is one of three suits pending in the Northern District of Illinois which involve United States **Patent** No. B1 4,477,754 ("the '754 **Patent**"), held by IMS Technology, Inc. ("IMS").[1] In two of the suits, IMS has brought infringement actions against manufacturers of computer numerical control systems ("CNC Systems") and their customers and end-users - *95 C 5779* and *96 C 3002*. In the present case, Plaintiffs, Mitsubishi Electric Corporation and Mitsubishi Electric Industrial Controls, Inc. ("Mitsubishi"), have brought a declaratory judgment suit against IMS and Hurco Companies, Inc. ("Hurco") [*2] seeking a determination that the '754 **Patent** is invalid, unenforceable, and not infringed by any process, or product made or sold by Mitsubishi or customers or distributors of Mitsubishi's CNC Systems or by any end-user of Mitsubishi-manufactured CNC Systems. At issue before this Court is Mitsubishi's motion to stay and to enjoin IMS from proceeding with any infringement suits, regarding the '754 **Patent**, against Mitsubishi's customers. For the following reasons, the Court recommends the denial of Mitsubishi's motion to stay and denial of Mitsubishi's motion for an injunction.

    1  IMS holds the rights, title and interest in United States **Patent** No. 4,477,754 entitled, "Interactive Machining System" issued on October 16, 1984 and confirmed on recommendation by the U.S. **Patent** Office on March 21, 1995 ("the '754 **Patent**"). The '754 **Patent** has 19 claims: Claims 1-10 and 16-19 claim an apparatus "for controlling the relative motion between a tool and a workpiece;" Claims 11-15 claim methods "for automatically and interactively performing machining operations on a workpiece."

[*3] Relevant Procedural History

The presence of three lawsuits relating to the same **patent** in this District has understandably precipitated some efforts at consolidation. As the judge assigned to the lowest numbered case, i.e., Case No. 95 C 5779, Judge Charles P. Kocoras has issued several important orders affecting all three suits. First, on motion of certain defendants, Judge Kocoras severed them from Case No. 95 C 5779 and transferred them to one of the other two pending suits. Effectively, Judge Kocoras has aligned the customers and end-users with the manufacturer to whom they relate. (Docket Nos. 115, 116, 117). As a result, this case involves only CNC System equipment manufactured by Mitsubishi and includes customers and end-users of Mitsubishi-made equipment such as Yamazaki Mazak Corp., Yamazaki Mazak Trading Corp. and Mazak Corp. (collectively "the Mazak parties"), Machinery Systems, Inc. ("Machinery Systems") and Fox Tool Company, Inc. ("Fox Tool"). Case No. 95 C 5779 involves only CNC System equipment manufactured by Okuma Machinery Works, Ltd. and Okuma America Corporation ("Okuma") and Fanuc Ltd., including customers and end-users such as Ellison Machinery Company [*4] of the Midwest ("Ellison"), Apollo Machine & Manufacturing Co., Inc. ("Apollo") and Nissan Motor Co., Ltd., Nissan Motor Car Carrier Co., Ltd. and Nissan Motor Corp USA, Inc. (collectively "the Nissan parties").[2] Case No. 96 C 3002 involves CNC Systems equipment manufactured by Bridgeport Machine, Inc. ("Bridgeport") and Southwestern Industries, Inc. ("Southwestern") and includes customers and end-users such as Arpac Corporation ("Arpac") and American Control Technology, Inc. ("American Control").

    2  The Nissan parties' primary supplier of CNC Systems is Fanuc Ltd.; however, they have also purchased a few CNC Systems from Mitsubishi which they allegedly use outside the U.S.

Second, on IMS's motion, Judge Kocoras referred all three cases to the Executive Committee for coordinated pretrial proceedings under Local Rule 2.30(G). (Docket No. 46).[3] Pursuant to this order, the parties have submitted to Judge Kocoras a proposed joint plan for coordinated discovery on common issues re-aligned and discovery on common [*5] issues coordinated under Judge Kocoras with the parties. On August 6, 1996, Judge Kocoras clarified his previous orders and reaffirmed Judge Ann C. Williams' authority over the present case. Judge Kocoras further noted that this Magistrate Judge retained authority, under Judge Williams' referral, to enter a Report and Recommendation on the motion to stay for injunction. Thus, the Court finds Mitsubishi's motion ripe for adjudication.

    3  Initially the Executive Committee interpreted Judge Kocoras' referral as being for reassignment for relatedness under Local Rule 2.31. However, on August 6, 1996, Judge Kocoras vacated the finding of relatedness and referred the cases only to coordinate pretrial proceedings.

Mitsubishi seeks a stay as to their customers joined in the present suit; in addition, Mitsubishi seeks an injunction to restrain IMS from proceeding in Case No. 95 C 5779 with any allegations of infringement against the Nissan parties relating to their use of Mitsubishi-produced CNC Systems and to enjoin [*6] IMS from bringing any further suits against Mitsubishi's customers. Mitsubishi argues that these measures are necessary to protect all of their customers from unnecessary litigation regarding Mitsubishi-manufactured equipment. Mitsubishi suggests that IMS has initiated its infringement litiga-

tion in an effort to improperly pressure Mitsubishi through its named customers and may do so with other, as yet unnamed, customers. On June 24, 1996, the Mazak parties, Fox Tool and Machining Systems joined Mitsubishi's call for a stay in this suit; in addition, Mazak Corp. requests a stay of its counterclaim against IMS.

[HN1] In the interests of judicial economy, a court has discretion to enjoin or stay parties under its jurisdiction from proceeding with a concurrent action involving the same or related issues. *In re Van Geuns, 946 F.2d 845 (Fed. Cir. 1991)*. Generally, the first-filed suit takes priority in adjudication; however, Mitsubishi asserts that, under the "customer suit" exception, IMS's first-filed infringement claims against Mitsubishi customers and end-users (the Mazak parties, Machinery Systems and Fox Tool), which have been transferred into this suit, should be stayed pending resolution [*7] of Mitsubishi's later-filed declaratory judgment action. Mitsubishi further argues that the "customer suit" exception warrants the enjoining of IMS's infringement action against the Nissan parties as it relates to the few Mitsubishi-produced CNC Systems purchased by Nissan. IMS contends that neither a stay nor an injunction is warranted.

[HN2] The "customer suit" exception permits stays where the first-filed action is brought against the customer of an offending manufacturer and a subsequent action is brought involving the manufacturer itself. *Whelen Technologies, Inc. v. Mill Specialties, Inc., 741 F. Supp. 715 (N.D. Ill. 1990)*, citing William *Gluckin & Co. v. International Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969)*. This exception was created on the assumption that a manufacturer has a greater interest in defending patent infringement actions than a customer or end-user. Critical considerations to be weighed in deciding whether to stay or enjoin such suits are: whether or not all, or at least major, issues regarding the customers will be resolved by the second suit; and whether or not the customers have agreed to be bound by the results, including liability for damages, [*8] flowing from the second suit. See *Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1463 (Fed. Cir. 1990)*; and *Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989)*.

Mitsubishi argues that it is the real party in interest and that issues regarding the '754 Patent's validity and infringement by Mitsubishi-manufactured CNC Systems will be resolved in this suit against IMS. Mitsubishi contends that the Mazak parties, Machinery Systems, Fox Tool and the Nissan parties will have no liability should Mitsubishi prevail in this action. In the alternative, Mitsubishi maintains that even if its CNC System is found to infringe, any damages assessed against it would satisfy most if not all of IMS's claims. In other words, Mitsubishi expresses confidence that its suit, regardless of result, will provide "efficient and virtually complete relief" of all litigation revolving around Mitsubishi-manufactured CNC Systems and the '754 Patent. (Mitsubishi Reply at 5).

The Court finds, under the circumstances of this case, that judicial economy would not be served either by staying IMS's infringement claims against the Mazak parties, Machinery Systems or Fox Tool, in this case; or by [*9] enjoining IMS's infringement claims against the Nissan parties in Case No. 95 C 5779 or against other Mitsubishi customers or end-users. First, it is undisputed that IMS has alleged distinct infringement claims against each of these parties and while Mitsubishi may indeed be a very important party, it is by no means the only interested Defendant. IMS seeks damages for the infringement of both apparatus and method claims. It is conceivable that Mitsubishi's CNC System could be non-infringing; however, its use by the other Defendants could infringe on the method claim of the '754 Patent. IMS's distinct method infringement claims against Mitsubishi's customers and end-users do not rest solely on whether or not Mitsubishi's product infringes. Thus, it is possible that some major issues involving the customers and end-users would not be resolved by this suit. For this reason, employing the "customer suit" exception would be inappropriate at this time.

Second, none of the named customer/end-user defendants have indicated [HN3] a willingness to be bound by judgment of this case. This fact strongly weighs against a stay or injunction because it increases the chance for duplicitous litigation. See [*10] *Refac Intern., Ltd. v. IBM, 790 F.2d 79, 81 (Fed. Cir. 1986)* (affirming trial court's stay of suit against customers noting that they had agreed to be bound by the judgment of the suit between the patent holder and the manufacturer), *aff'd on recons., 798 F.2d 459 (Fed. Cir. 1986)*.

Third, little judicial efficiency will result from a stay or injunction. Since IMS has alleged distinct infringement against these Defendants which is interrelated with any potential infringement by Mitsubishi, discovery will necessarily involve all of these parties. These Defendants will therefore be intimately involved in the litigation regardless of a stay or injunction. In any event, it is inconceivable that the customers/end-users would totally ignore this case if a stay were granted. In this Court's experience, it is certainly reasonable to expect some degree of involvement by these defendants' attorneys, since evidence discovered and legal rulings could impact them at a later date. This Court finds that this fact weighs against a stay or injunction action at this time.

Fourth, the injunctive relief Mitsubishi seeks relating to the Nissan parties and other customers defies precise definition [*11] and would prove non-workable. While the injunction as to the Nissan parties is clearly

limited as far as the parties involved are concerned, the extent of such an injunction is much more ambiguous. Since the Nissan parties are customers of Fanuc, they will necessarily be involved in litigation involving Case No. 95 C 5779. There will be no good method for defining the extent of the injunction. Even worse, in the case of other unnamed Mitsubishi customers, any injunction would likely either be too broad or too narrow in scope and very difficult to monitor. To construct an injunctive relief as to certain parties not named in this suit would create more problems than it would alleviate.

For these reasons, the Court finds that a stay or an injunction would not serve either the parties' or the Court's interests.

### Conclusion

The Court hereby recommends denial of Mitsubishi's motion for a stay and/or an injunction.

MARTIN C. ASHMAN

United States Magistrate Judge

Dated: August 21, 1996.