# EXHIBIT N

LEXSEE 198 U.S.P.Q. (BNA) 100

**Williams Gold Refining Company Incorporated v. Semi-Alloys Incorporated**

No. Civ. 75-300

United States District Court for the Western District of New York

*1978 U.S. Dist. LEXIS 19777; 198 U.S.P.Q. (BNA) 100*

Feb. 2, 1978

**COUNSEL:** [*1] Edwin T. Bean, Jr., and Crystal & Bean, both of Buffalo, N.Y., for plaintiff.

Michael I. Rackman, and Gottlieb, Rackman & Reisman, both of New York, N.Y., and Jaeckle, Fleischman & Mugel, Buffalo, N.Y., for defendant.

**OPINION BY:** ELFVIN

**OPINION**

Elfvin, District Judge.

Williams Gold Refining Company, Incorporated ("Williams") brought this suit against Semi-Alloys Incorporated ("Semi-Alloys") for a declaration of patent invalidity and/or non-infringement. Defendant moved for summary judgment or in the alternative for a stay or transfer of this proceeding to the Northern District of Texas where defendant had already instituted a patent infringement suit against one of plaintiff's customers, Metalized Ceramics Corporation ("Met Ceram"). Plaintiff moved to enjoin defendant from proceeding with the Texas action. By order dated June 28, 1977, I transferred the action to the United States District Court for the Northern District of Texas where, officially, it is now pending.[1] Plaintiff appealed my decision to the United States Court of Appeals for the Second Circuit, then filed a motion for reconsideration. Thereafter, plaintiff moved before the Court of Appeals for a remand and such motion [*2] was granted for the limited purpose of reconsideration in light of *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 194 USPQ 49 (1st Cir. 1977).

    1 The file had been dispatched to the court in Texas, then was returned here when said appeal was noticed. It went then to the Clerk of the United States Court of Appeals for the Second Circuit who returned it here when the matter was remanded at appellant's request and now is "flagged" to be re-delivered to the United States District Court for the Northern District of Texas as soon as the instant matter has been determined.

As set forth in *Gluckin Co. v. International Playtex Corp.*, 407 F.2d 177, 178, 160 USPQ 513, 513-514 (2d Cir. 1969)

"The general rule in this Circuit is that, as a principle of sound judicial administration the first suit should have priority, 'absent the showing of balance of convenience in favor of the second action,' or unless there are special circumstances which justify giving priority to the second."

This rule applies to multiple suits against manufacturers and/or their customers. *Coleco Industries, Inc. v. Empire Plastic Corp.*, 321 F.Supp. 146, 166 USPQ 347 (S.D.N.Y. 1970). However, such suits [*3] often do present special circumstances and, if the court finds factors of substance indicating that the balance of convenience favors priority for the second suit, it may enjoin prosecution of the first-filed suit. In my original decision, I weighed the balance of convenience factors supporting priority for each suit and determined that there were no factors of substance supporting priority for either. I therefore denied plaintiff's motion for an injunction. I also determined that judicial economy would best be served by a transfer of the action to the Northern District of Texas.

Plaintiff argues that Codex creates a presumption in favor of the second-filed manufacturer's suit and that this presumption must be rebutted before the first suit can be accorded its normal priority. Defendant asserts that Codex does not represent a change in the law from Gluckin which had established a presumption in favor of the second-filed suit. Defendant further argues that I must have utilized this presumption in my initial decision and found it to have been rebutted. Defendant's argument is unpersuasive. The Second Circuit opinion in Gluckin established a method for district court judges to [*4] use in

Case 3:07-cv-03257-SI   Document 43-15   Filed 11/02/2007   Page 3 of 4

Page 2

1978 U.S. Dist. LEXIS 19777, *; 198 U.S.P.Q. (BNA) 100

exercising their discretion. Once the court determines that the first suit is a customer action, it is to balance the factors of convenience and if there are factors of substance supporting priority for the second-filed suit, the district court would be correct in enjoining the prosecution of the first-filed suit. If there are no factors of convenience supporting the second suit, the first suit is to take priority. See, *Form-flex Foundations, Inc. v. Cupid Foundations, Inc., 383 F.Supp. 497, 184 USPQ 301 (S.D.N.Y. 1974); Coleco Industries, Inc. v. Empire Plastic Corp., supra*. The opinion of the United States Court of Appeals for the Second Circuit does not indicate that the court sought to establish a presumption in favor of the second-filed suit, and a review of the cases relied upon by that court makes it unlikely that such a result was ever intended.

The decision in *Bancroft & Sons Co. v. Spunize Co. of America, Inc., 268 F.2d 522, 122 USPQ 110 (2d Cir. 1959)*, was bottomed on the rule that the first-filed suit should receive priority. The court did recognize, however, that an exception existed where there was a multiplicity of suits against customers of manufacturers. [*5] *Bancroft, supra at 524, 122 USPQ at 112*. Similarly, in *Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 147 USPQ 506 (2d Cir. 1965)*, the court stated that the suit in the first forum should be tried first "unless there are other factors of substance which support the exercise of the court's discretion that the balance of convenience is in favor of proceeding first in another district". *Mattel, supra at 424, 147 USPQ at 507-508*. Departure from the "first-filed" rule of priority would be justified if the first-filed suit was against a customer of the infringer, while the second suit was against the infringer himself, *Mattel, supra at 424, fn. 4, 147 USPQ at 507, fn. 4*. The Mattel opinion cites *Delamere Co. v. Taylor-Bell Co., 199 F.Supp. 55, 132 USPQ 252 (S.D.N.Y. 1961)*, in support of this assertion. The district court judge in the Gluckin case relied heavily upon the Delamere case in reaching her decision. Delamere had allowed the second-filed action to proceed after finding that New York was the most convenient forum. The court's discussion in Delamere of the prevailing law was aimed at showing that the first-filed rule was not an absolute rule, but was merely a tool to aid the [*6] district court in the exercise of its discretion. The opinion in Gluckin reviews the factors used by the Delamere court to justify giving priority to the second-filed suit and shows that many of the same factors existed in the suit before her. The appellate court's opinion in Gluckin reviewed the factors of substance indicating that the balance of convenience supported the second-filed suit and upheld the trial judge's determination that the New York action should proceed first. Another case cited in Gluckin was *Kerotest Manufacturing Co. v. C-O-Two Co., 342 U.S. 180, 92 USPQ 1 (1952)*, in which the Court agreed with the decision of the United States Court of Appeals for the Third Circuit under review that the rule of priority for first-filed suits was not absolute. The Court of Appeals had found Illinois to be the most convenient forum as well as the forum that would most likely serve the purposes of judicial economy. Although the aforementioned cases recognized an exception to the first-filed rule, they do not indicate that a new rule giving preference to a later filed manufacturer's suits was being espoused. I cannot agree with defendant's statements to the effect that Gulckin [*7] created a presumption in favor of the manufacturer's suit.

The opinion of the United States Court of Appeals for the First Circuit explicitly states that it is adopting a new presumption in customer suits - to wit, "that a manufacturer's declaratory judgment action in its home forum, at least if brought no later than promptly after a customer action, should take precedence over a mere customer action in a jurisdiction in which the manufacturer could not be sued" (emphasis added). *Codex, supra, at 738, 194 USPQ at 51*. This presumption, however, is not inflexible and, in a footnote, the court recognizes that there may be some situations in which it would be preferable for the patent holder to sue the customer. The court also indicated that the first-filed suit could receive priority if the balance of convenience showed it was warranted. I do not feel that this presumption is controlling on the facts of the instant case.

Several references are made in Codex to the first-filed suit as a mere customer action, and the manufacturer is characterized as the true defendant in the customer action. *Codex, supra at 738, 194 USPQ at 51*. Realizing that this would not be true in all cases [*8] of multiple suits, the court stated that less weight should be given to the manufacturer's forum in suits where the customer is more than a "shadow of the manufacturer". *Codex, supra at 738, fn. 6, 194 USPQ at 51, fn.6*. The instant case presents such a situation. Patent '468 is a method patent covering a method of making hermetically sealed containers having on them semi-conductor devices. [2] An infringement of a method patent occurs only when there is a replication of every step in substantially the same operative order. It is not necessary for the alleged infringer to duplicate every step inasmuch as one who actively induces or knowingly contributes to the infringement is liable. *35 U.S.C. § 271*. Met Ceram produces containers for the final product and contracts with Semi-Alloys or Williams for the production of the covers with the fusible rings attached. Although a seller of a patented product is guilty of patent infringement, Met Ceram is in a different position than that of a retail store or a company which receives a patented item for use in its business and not for the purpose of resale. The court in Codex described the defendant in the customer suit as a mere customer. [*9] Met Ceram is not a mere

Case 3:07-cv-03257-SI    Document 43-15    Filed 11/02/2007    Page 4 of 4

Page 3
1978 U.S. Dist. LEXIS 19777, *; 198 U.S.P.Q. (BNA) 100

customer; it is involved in one step of a manufacturing process which may be an infringement of patent '468.

> 2   See, *Williams Gold Refining Co., Inc. v. Semi-Alloys, Inc.*, 434 F.Supp. 453, 454, 198 USPQ 37, (W.D.N.Y. 1977) for a description of patent '468.

Another difference between Codex and the case at bar is that the district court in Codex found and the appellate court agreed that the action could not be transferred to the district in which the customer action was pending. Such is not the case here. Semi-Alloys had sufficient contacts with the State of Texas to support jurisdiction over it in the Texas action and venue would have been proper in Texas pursuant to *28 U.S.C. § 1391 (b) & (c)*; therefore, this case was properly transferred to Texas under *28 U.S.C. § 1404(a)*.

In my original decision I determined that judicial economy would be served by a transfer of the case to Texas. Milgo, the defendant in Codex, had argued that a stay of the Massachusetts action or a transfer of the action to Kansas would promote judicial economy. The United States Court of Appeals for the First Circuit indicated that it was not persuaded by these arguments. [*10]

> 3   Firstly, the patent owner was at the same time espousing the proposition that the manufacturer's declaratory judgment suit would be simply held in abeyance and tried later, which represented the antithesis of judicial economy. Secondly, the sole aspect of economy seemingly was that the same patent had been upheld in an earlier suit in Kansas, and that the same jurist might preside over the new action there. On the assumption that such would evolve, the same was considered by the United States Court of Appeals for the First Circuit to be a negative factor in the decisional scales re transfer. *Codex, 553 F.2d, at 739, 194 USPQ at 51-52.* Such consideration is not present here.

Defendant argues that Codex is not applicable to this case because plaintiff is not a manufacturer and cites a recent case, *Ciba-Geigy Corp. v. Minnesota Mining and Manufacturing Co.*, No. 77-503, 196 USPQ 548 (D.R.I. Oct. 27, 1977), in support of its argument. In that case it was found that plaintiff had met all the requirements for application of the Codex presumption but determined that plaintiff was not a manufacturer because it did not "make" the goods protected by the patent. Apparently, [*11] defendant held a combination patent that protected a type of fire fighting foam. Ciba-Geigy Corp. only supplied the necessary chemicals (surfactants) to coplaintiff Ansul. Ansul then blended the surfactants with water and stabilizers, packaged the product and sold it as its own product. The court relied on *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 173 USPQ 769 (1972), in reaching his decision. However, that case also involved a combination patent. Defendant has not supplied any legal authority to show that this rule applies to method patents. Although there are similarities between combination and method patents (combination patents protect the combination of elements, not the individual elements of a machine, and method patents protect a process, but not any one step or part of a process), it is not clear that the Deepsouth rationale applies to method patents. The parties have not briefed this question and, because I adhere to my original decision, it is not necessary to decide it.

The presumption adopted in Codex does not appear to be any more sound than the existing rule in this circuit. "The manufacturer who is charged with infringing a patent cannot stretch [*12] the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart". *Kerotest Manufacturing Co. v. C-O-Two Co., supra at 185, 92 USPQ at 3.*

It is therefore hereby

Ordered that my earlier decision that this action be transferred to the United States District Court for the Northern District of Texas is adhered to.