SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

ROBERT J. YORIO (CA Bar No. 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (CA Bar No. 214868)
cspringer@carrferrell.com
CHRISTOPHER P. GREWE (CA Bar No. 245938)
cgrewe@carrferrell.com
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA 94303
(650) 812-3400 Tel.
(650) 812-3444 Fax

Attorneys for Plaintiff
PRIVASYS, INC.

*(additional attorneys listed on signature page)*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| PRIVASYS, INC.,<br><br>                Plaintiff,<br><br>  v.<br><br>VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A.<br><br>                Defendant | Case No. C 07-03257 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

Plaintiff PrivaSys, Inc. ("PrivaSys") and defendants Visa International Service Association and Visa U.S.A. Inc. (collectively "Visa") hereby submit this Joint Case

JOINT CASE MANAGEMENT STATEMENT      1      CASE NO. C 07-03257 SI

Management Statement, in connection with the case management conference in this matter scheduled for November 16, 2007.

## 1. JURISDICTION AND SERVICE

The parties agree that the Court has subject matter jurisdiction over this action. All current parties have been served. There are no issues regarding personal jurisdiction or venue. In the event that the Court grants PrivaSys' pending motion to amend the complaint to add as defendants the "Chase" defendants (*i.e.*, JPMorgan Chase & Co., Chase Bank, N.A. and Chase Bank, USA, N.A.) and the "Wells Fargo" defendants (*i.e.*, Wells Fargo & Co. and Wells Fargo Bank, N.A.), these defendants will need to be served. PrivaSys does not believe there are any issues regarding personal jurisdiction or venue over these putative defendants.

## 2. STATEMENT OF FACTS

### A. A BRIEF DESCRIPTION OF THE FACTS

This is a patent infringement case. Plaintiff PrivaSys, in its complaint, alleges infringement of United States Patent Number 7,195,154. Visa has filed answers and counterclaims for declaratory judgment.

PrivaSys in its complaint alleges that Visa has infringed and is presently infringing the patent-in-suit through its credit and debit payment cards and electronic devices, including the Visa payWave cards and devices issued by financial institution members. The complaint alleges both that Visa directly infringes and that it has induced others to make, use or sell the system. In its proposed amended complaint, PrivaSys alleges that Visa member banks Chase and Wells Fargo also infringe, directly and indirectly.

Visa alleges that the patent-in-suit is invalid, that it is not infringed by Visa either directly or indirectly, and that it is unenforceable due to inequitable conduct. Visa opposes PrivaSys' motion for leave to add Chase and Wells Fargo.

### B. THE PRINCIPAL FACTUAL ISSUES WHICH THE PARTIES DISPUTE

a. Whether any defendant has infringed, and continues to infringe the patent-in-

JOINT CASE MANAGEMENT STATEMENT      2      CASE NO. C 07-03257 SI

suit, directly or by inducement;

        b.        Whether any such alleged infringement is willful;

        c.        Whether the patent-in-suit is invalid;

        d.        Whether the patent is unenforceable for inequitable conduct;

        e.        The amount of PrivaSys' damages for any infringement;

        f.        Whether PrivaSys is barred from recovering past damages based on prosecution laches;

        g.        Whether PrivaSys' claims are barred by the doctrine of first sale and patent exhaustion.

**3.    LEGAL ISSUES**

The disputed points of law are anticipated to be:

        a.        The proper construction of the claims of the patents-in-suit;

        b.        Whether the asserted claims are invalid or unenforceable for failure to comply with one or more of 35 U.S.C. §101, §102, §103, §112 or the rules and regulations of the U.S. Patent Office;

        c.        Whether any party is entitled to attorneys' fees and costs pursuant to 35; U.S.C. §285;

        d.        Whether PrivaSys is entitled to treble damages pursuant to 35 U.S.C. §284; and

        e.        Whether PrivaSys is entitled to a permanent injunction to prevent the Defendants from violating PrivaSys' adjudicated patent rights pursuant to 35 U.S.C. § 283.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

**4.    MOTIONS**

PrivaSys has filed a motion for leave to file an amended complaint, which seeks to add as defendants Chase and Wells Fargo. Visa U.S.A. Inc. filed its opposition to this

motion in October 26, 2007, and in the alternative moved for a stay of the claims against Chase and Wells Fargo. PrivaSys opposes a stay. These motions are set for hearing on November 16, 2007.

The parties anticipate claim construction briefing under the Patent Local Rules and various summary judgment motions. Defendants may seek an early summary judgment ruling that the accused technology does not infringe the patent-in-suit depending on the Court's claim construction. Defendants may also file a motion to foreclose Plaintiff's request for an injunction.

**5.   AMENDMENT OF PLEADINGS**

As stated above, PrivaSys has filed a motion for leave to amend its complaint by adding two of the Visa member banks, Chase and Wells Fargo.

PrivaSys has also asked Visa to stipulate to adding as a defendant Visa Inc. Subsequent to the filing of PrivaSys' motion for leave to amend, Visa U.S.A. and Visa International Service Association restructured effective October 2, 2007, and are now part of Visa Inc. Visa declined this stipulation on grounds that PrivaSys' allegations of infringement of a U.S. patent relate solely to the activities of Visa U.S.A. PrivaSys is considering whether to move to add Visa Inc. as a defendant.

PrivaSys expects to state by November 16, 2007, based on communications with certain additional Visa member banks, whether such parties will be added as defendants.

**6.   EVIDENCE PRESERVATION**

In previous litigation involving the same technology, PrivaSys imposed a litigation hold on documents related to this action, collected those documents and produced them to the other party. Copies of those documents are maintained in the office of counsel. In addition, other relevant parties, including PrivaSys' patent litigation counsel, have been directed to preserve their files.

Visa has imposed a litigation hold on documents and electronically stored information reasonably related to this action, which includes active steps to prevent erasure of e-mails, voice mails, and other electronically-recorded material.

**7.   DISCLOSURES**

The parties will exchange their initial disclosures before close of business on November 9, 2007.

**8.   DISCOVERY:**

At this time, the parties propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules as follows:

(a) Plaintiff PrivaSys may notice and take no more than fifteen (15) depositions lasting a total of no more than one hundred (100) hours;

(b) Defendants Visa International and Visa U.S.A. may notice and take no more than fifteen (15) depositions lasting a total of no more than one hundred (100) hours, to be allocated between Visa International and Visa U.S.A. as they decide;

(c) A testifying expert shall not be subject to discovery on any draft of the report in this case that was written by the testifying expert or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery;

(d) Discovery of materials provided to testifying experts shall be limited to those materials, facts, and other matters actually relied upon by the testifying expert in forming his final report, trial or deposition testimony or any opinion in this case.  No discovery can be taken from any consulting expert.

(e) No conversations or communications between counsel and any testifying or consulting expert, including any communications or drafts of agreements created prior to the date of the consulting agreement, will be subject to discovery unless the conversations or

communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(f) Materials, communications, and other information exempt from discovery under paragraphs (c) - (e) shall be treated as attorney-work product for the purposes of this litigation.

The parties agree that all documents and electronically stored information ("ESI") produced in discovery will be produced in single-page Tagged Image File Format (".tiff").

The parties agree that data integrity for the underlying native files for ESI produced in discovery shall be preserved by performing a routine copy of the files and using reasonable measures to prevent the files from being modified at the time or thereafter. If the content or the metadata of the files are intentionally modified, the producing party must inform the requesting party by providing the date of modification, the reason for modification, the persons involved in the modification; and a detailed and accurate description of the contents of the file prior to each modification.

If the producing party redacts content of any document or ESI file before production in discovery for privilege or other permissible purpose, then the producing party must indicate that the file has been redacted, and an original, unmodified file must be retained at least during the pendency of the case.

The costs of document production will be borne by the parties in accordance with FRCP 26.

The Proposed Docket Control Deadlines, below, in Section 20(D) contain a proposed schedule for discovery.

**9.    CLASS ACTIONS**

Not applicable.

**10.    RELATED CASES**

No related cases are pending before other Judges of this Court.

**11.    RELIEF**

*Plaintiffs' Request*:  PrivaSys seeks damages, injunctive relief, a declaration that the patent-in-suit is enforceable and that Visa has willfully enfringed, enhanced damages under 35 U.S.C. §284, and costs and attorney's fees including those awardable under 35 U.S.C. §285.  PrivaSys expects that its damage computations will be based upon an adequate compensation for the infringement of U.S. Patent No. 7,195,154, including damages and a reasonable royalty on the manufacturing, distribution, and sales of infringing products (hardware and software) including payWave payment devices and services (as well as infringing uses of those products and services) including processing of payWave transactions, enhanced damages for willful infringement, and attorneys' fees and costs associated with conducting this suit.  PrivaSys expects that the reasonable royalty will also include a royalty on the convoyed sales generated by the infringing products and services, such as payWave payment devices and processing of payWave transactions, offered or performed by Visa and member banks.

At present, however, no actual computation of damages exists.  To compute its damages, PrivaSys expects to rely primarily on documents within the possession and control of Visa, Chase and Wells, which have not yet been provided to PrivaSys.  PrivaSys may also rely on expert assistance in performing the damages computation.

*Defendants' Request*:  In addition to a declaration that Defendants have not infringed any valid claim of the '154 patent, that the '154 patent is invalid, and that the '154 patent is unenforceable, Defendants seek costs and attorneys' fees arising from PrivaSys' improper claims of infringement pursuant to 35 U.S.C. § 285.  These costs and fees will be ascertainable following judgment in this case.

**12.    SETTLEMENT AND ADR**

The parties have held extensive settlement discussions, both prior to and following the filing of the complaint.

PrivaSys believes that an early referral to mediation may be productive.

Visa believes that referral to mediation, after claim construction, may be appropriate.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties declined the appointment of a Magistrate Judge for all purposes.

**14.   OTHER REFERENCES**

Not applicable.

**15.   NARROWING OF ISSUES**

The parties believe that it is premature to narrow the issues for trial other than to make the identifications required by the Patent Local Rules.

**16.   EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited schedule with streamlined procedures.

**17.   SCHEDULING**

The Proposed Docket Control Deadlines, Section 20(D) below, proposes a schedule for discovery cutoff, pretrial conference, and trial.

**18.   TRIAL**

The trial will be a jury trial, and the parties preliminarily anticipate that the trial will be 15-20 court days.  PrivaSys believes that this case will be ready for trial to begin in February, 2009.  Defendants believe that it is premature to estimate the earliest day on which trial can begin.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

PrivaSys filed the Certification of Interested Entities or Persons with its complaint, on June 20, 2007.  As of the date of this Case Management Conference Statement, pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Defendant Visa U.S.A. filed its Certification of Interested Entities or Persons" on August 21, 2007. (Dkt No. 23). Defendant Visa International filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 as a distinct section at the end of its answer on August 21, 2007.

Since those filings, Visa U.S.A Inc. and Visa International Services Association have become subsidiaries of Visa Inc. A new Certificate of Interested Entities will be filed shortly with the Court.

**20.   OTHER MATTERS**

   **A.   PROTECTIVE ORDER**

The parties filed a stipulated protective order on August 3, 2007. The Court entered that order on August 6, 2007.

   **B.   CLAIM CONSTRUCTION HEARING**

The Patent Local Rules require the parties to meet and confer about the manner in which the claim construction hearing will proceed. The parties have discussed the matters specified in the Patent Local Rules and believe that a determination of the manner in which the hearing will proceed, other than the proposed scheduling as set forth below, is premature.

   **C.   JURY DEMAND**

PrivaSys and the Visa defendants demand a trial by jury.

   **D.   PROPOSED DOCKET CONTROL DEADLINES**

The parties have agreed to follow the Northern District's Patent Local Rules in their general outline, with departures to accommodate the nature of this action and to reduce the need for hearings before this Court.

The parties have not reached agreement on the discovery and pretrial schedule. The parties' positions are set forth separately below.

a. PrivaSys' Position

PrivaSys sets forth below a pretrial and discovery schedule that it believes is reasonable whether or not Chase and Wells Fargo are parties. PrivaSys, however, recognizes that counsel for Chase and Wells Fargo will not have the opportunity to be heard on this schedule before the case management conference, and accordingly suggests that the scheduling order should be made subject to change after input by these additional defendants.

PrivaSys' suggested schedule is:

| PARTY | DEADLINE DESCRIPTION | DATE |
|---|---|---|
| All | Joint Case Management Statement and Proposed Order | November 9, 2007 |
| All | FRCP 26, Initial Disclosures | November 9, 2007 |
| PrivaSys | Preliminary Infringement Contentions on '154 patent | November 26, 2007 |
| PrivaSys | Production of Documents supporting Preliminary Infringement Contentions on PrivaSys Patents | November 26, 2007 |
| All | Deadline to Move to Add Parties | November 26, 2007 |
| Defendants | Preliminary Invalidity Contentions (on '154 patent) | January 14, 2008 |
| Defendants | Production of Documents supporting Preliminary Invalidity Contentions (on '154 patent) | January 14, 2008 |
| All | Exchange of Disputed Terms and Claim Elements for Construction | January 28, 2008 |
| All | Exchange of Preliminary Claim Constructions | February 11, 2008 |
| All | Exchange Extrinsic Evidence and Witness Summaries | February 11, 2008 |
| All | Joint Claim Construction and Pre-hearing Statement | March 24, 2008 |
| All | Deadline to Complete Claim Construction Discovery | April 28, 2008 |
| PrivaSys | Opening Markman Brief | May 12, 2008 |
| Defendants | Responsive Markman Brief | May 26, 2008 |
| PrivaSys | Reply Brief | June 2, 2008 |
| All | Claim Construction Hearing (Subject to the Court's Convenience) | 9 a.m., June 16, 2008 |
| All | Final Infringement Contentions | Markman Order + 30 days |
| All | Final Invalidity Contentions | Markman Order + 50 days |
| Defendants | Willfulness Opinion and Documents | Markman Order + 50 days |
| All | Fact Discovery Deadline Last Day for Discovery Motion to be *heard*. | Markman Order + 60 days |
| All | Expert Reports | Markman Order + 90 days |
| All | Rebuttal Expert Reports | Markman Order + 120 days |
| All | Close of Expert Discovery | Markman Order + 150 days |
| All | Dispositive Motion Deadline | Markman Order + 150 days |
| All | Trial | February 2009 |

b.     Visa's Position

The Visa defendants believe it is premature to set a case schedule given PrivaSys' motion for leave to amend the complaint to add Chase and Wells Fargo as additional defendants. Indeed, PrivaSys indicated that it is still considering whether it will add additional parties as defendants in this case. A case schedule can be set once the parties to this suit have all been joined and appeared.

If PrivaSys' motion for leave is denied, or the action against Wells Fargo and Chase is stayed, Visa proposes the following schedule:

| PARTY | DEADLINE DESCRIPTION | DATE |
|---|---|---|
| All | Joint Case Management Statement and Proposed Order | November 9, 2007 |
| All | FRCP 26, Initial Disclosures | November 9, 2007 |
| PrivaSys | Preliminary Infringement Contentions on '154 patent | December 4, 2007 |
| PrivaSys | Production of Documents supporting Preliminary Infringement Contentions on PrivaSys Patents | December 4, 2007 |
| All | Deadline to Add Parties | December 4, 2007 |
| Defendants | Preliminary Invalidity Contentions (on '154 patent) | February 29, 2008 |
| Defendants | Production of Documents supporting Preliminary Invalidity Contentions (on '154 patent) | February 29, 2008 |
| All | Exchange of Disputed Terms and Claim Elements for Construction | March 21, 2008 |
| All | Exchange of Preliminary Claim Constructions | April 21, 2008 |
| All | Exchange Extrinsic Evidence and Witness Summaries | April 21, 2008 |
| All | Joint Claim Construction and Pre-hearing Statement | May 16, 2008 |
| All | Deadline to Complete Claim Construction Discovery | June 16, 2008 |
| All | Opening Markman Brief | July 18, 2008 |
| All | Responsive Markman Brief | August 22, 2008 |
| All | Claim Construction Hearing (Subject to the Court's Convenience) | 9 a.m., September 12, 2008 |
| All | Final Infringement Contentions | Markman Order + 30 days |
| All | Final Invalidity Contentions | Markman Order + 50 days |
| Defendants | Willfulness Opinion and Documents | Markman Order + 50 days |
| All | Fact Discovery Deadline Last Day for Discovery Motions to be *heard*. | Markman Order +180 days |
| All | Expert Reports | Markman Order + 240 days |
| All | Rebuttal Expert Reports | Markman Order + 270 days |
| All | Close of Expert Discovery | Markman Order + 300 days |
| All | Dispositive Motion Deadline | Markman Order + 330 days |

Plaintiff and Defendants specifically reserve their right to request that the schedule be amended due to changes occurring in the course of the case, such as amendments to the pleadings, additions of parties, or other good cause, in accordance with Fed. R. Civ. P. 16(b).

Dated: November 9, 2007                    Respectfully submitted,

                                                                 */s/ Spencer Hosie*
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

ROBERT J. YORIO (CA Bar No. 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (CA Bar No. 214868)
cspringer@carrferrell.com
CHRISTOPHER P. GREWE
(CA Bar No. 245938)
cgrewe@carrferrell.com
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA  94303
(650) 812-3400 Tel.
(650) 812-3444 Fax

*Attorneys for Plaintiff
PRIVASYS, INC.*

*/s/ Ian Neville Feinberg*
IAN NEVILLE FEINBERG
(CA Bar No. 88324)
ifeinberg@mayerbrownrowe.com
ERIC BUTLER EVANS
(CA Bar No. 232476)
eevans@mayerbrownrowe.com
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000 Tel.
(650) 331-2060 Fax

*Attorneys for Defendant*
*VISA INTERNATIONAL SERVICE*
*ASSOCIATION*


*/s/ Roderick M. Thompson*
RODERICK M. THOMPSON
(CA Bar No. 096192)
rthompson@fbm.com
ANDREW LEIBNITZ
(CA Bar No. 184723)
aleibnitz@fbm.com
EUGENE Y. MAR
(CA State Bar No. 227071)
emar@fbm.com
JUNE T. TAI
(CA State Bar No. 226997)
jtai@fbm.com
FARELLA BRAUN & MARTEL LLP
Russ Building
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400 Tel.
(415) 954-4480 Fax

*Attorneys for Defendant*
*VISA U.S.A. Inc.*

I hereby attest that concurrence in the filing of this document has been obtained for all signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Date: November 9, 2007         */s/ Spencer Hosie*
                               Spencer Hosie
                               Attorneys for Plaintiff, PRIVASYS, INC.

JOINT CASE MANAGEMENT                15                CASE NO. C 07-03257 SI
STATEMENT

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this order.

Dated: _____     _____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE