Roderick M. Thompson (State Bar No. 096192)
rthompson@fbm.com
Andrew Leibnitz (State Bar No. 184723)
aleibnitz@fbm.com
Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
June T. Tai (State Bar No. 226997)
jtai@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
VISA U.S.A. INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PRIVASYS, INC., <br><br> Plaintiff-Counterclaim Defendant, <br><br> vs. <br><br> VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A., <br><br> Defendants-Counterclaimants. | Case No. C 07 3257 SI <br><br> **DEFENDANT AND COUNTERCLAIMANT VISA U.S.A.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> **JURY TRIAL DEMAND** |

Defendant Visa U.S.A. Inc. ("Visa U.S.A.") answers and counterclaims to PrivaSys Inc.'s Amended Complaint ("Amended Complaint") filed November 19, 2007, by admitting, denying, and alleging as follows:

## INTRODUCTION

1. Responding to paragraph 1 of the Amended Complaint, Visa U.S.A. admits that the Visa-branded payWave cards employ radio frequency or similar contactless communication and allow consumers to complete a transaction without "swiping" a card through a magnetic

stripe reader. Visa U.S.A. is without knowledge as to whether other entities have licensed PrivaSys's patent and technology, and on that basis denies it. Visa U.S.A. denies each and every one of the remaining allegations of this paragraph.

**PARTIES**

2. Responding to paragraph 2 of the Amended Complaint, Visa U.S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

3. Responding to paragraph 3 of the Amended Complaint, Visa U.S.A. is a Delaware membership corporation with offices in San Francisco and Foster City, California. Defendants Visa International Services Association ("Visa International") and Visa U.S.A. are both wholly owned subsidiaries of Visa Inc. and separate corporations. PrivaSys's usage of the name "Visa" to denote both corporations and their "predecessors and subsidiaries" creates confusion and ambiguity throughout the remainder of the Amended Complaint. Throughout this Answer, unless otherwise indicated, Visa U.S.A.'s response is limited its knowledge of matters within the United States. Member banks or financial institutions are Visa U.S.A.'s customers, and they issue Visa-branded payment cards that may be processed through Visa's payment network. Visa U.S.A. distributes operating regulations, rules and specifications to member banks that address the design, functionality, and processing of Visa-branded payment cards, including contactless cards. Except as so expressly admitted, denied.

4. Responding to paragraph 4 of the Amended Complaint, PrivaSys's usage of the name "Chase" to denote multiple Defendants creates confusion and ambiguity throughout the remainder of the Amended Complaint. Visa U.S.A. admits that JPMorgan Chase & Co. is a stockholder of Visa Inc. Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

5. Responding to paragraph 5 of the Amended Complaint, PrivaSys's usage of the name "Wells Fargo" to denote multiple Defendants creates confusion and ambiguity throughout the remainder of the Amended Complaint. Visa U.S.A. admits that Wells Fargo & Co. is a stockholder of Visa Inc. Visa U.S.A. is without knowledge or information sufficient to form a

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 2 -

22319\1387952.1

belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

## JURISDICTION AND VENUE

6. Responding to paragraph 6 of the Amended Complaint, Visa U.S.A. admits that PrivaSys purports to bring a claim for patent infringement under 35 U.S.C. § 271 over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a). Visa U.S.A. further admits that venue over PrivaSys' purported patent claim is proper in this judicial district. Except as so expressly admitted, denied.

7. Responding to paragraph 7 of the Amended Complaint, Visa U.S.A. admits that it has offices in this judicial district. Except as so expressly admitted, denied.

8. Responding to paragraph 8 of the Amended Complaint, Visa U.S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

9. Responding to paragraph 9 of the Amended Complaint, Visa U.S.A. iis without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

## INTRADISTRICT ASSIGNMENT

10. Responding to paragraph 10 of the Amended Complaint, admitted.

## BACKGROUND

11. Responding to paragraph 11 of the Amended Complaint, Visa U.S.A. admits that a typical Visa-branded payment card may be made of plastic, may have embossed characters showing the account number and information about the cardholder, and may have an encoded magnetic stripe on the back of the card. Some Visa-branded payment cards contain a printed, visible three digit security code. Except as so expressly admitted, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies each and every such allegation.

12. Responding to paragraph 12 of the Amended Complaint, Visa U.S.A. admits that a typical merchant accepting Visa-branded payment cards has a reader at the point of sale that can read the data from the magnetic stripe of a Visa-branded payment card and transmit data to the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 3 -

22319\1387952.1

issuing bank with an authorization request. Track 1 data on the magnetic stripe of a typical Visa-branded payment card may contain the account number, customer's name, expiration date, and may also include discretionary data. Track 2 data on the magnetic stripe of a typical Visa-branded payment card may contain the account number, expiration date, and may also include discretionary data. Except as so expressly admitted, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies each and every such allegation.

13. Responding to paragraph 13 of the Amended Complaint, Visa U.S.A. admits that "skimming" and data compromise are terms commonly used to refer to fraud that may occur in the payment card industry. Except as so expressly admitted, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies each and every such allegation.

14. Responding to paragraph 14 of the Amended Complaint, Visa U.S.A. admits that "smart card" is a term commonly understood to be a payment card with an embedded microchip. Visa U.S.A. understands that EMVCo LLP was formed by Europay International, MasterCard International and Visa International. Except as so expressly admitted, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies each and every such allegation.

15. Responding to paragraph 15 of the Amended Complaint, denied.

16. Responding to paragraph 16 of the Amended Complaint, Visa U.S.A. admits that applicable Visa U.S.A. rules set out the circumstances under which an acquiring bank in the United States bears the risk of loss due to its merchant accepting a Visa-branded payment card in a fraudulent "card present" transaction. Except as so expressly admitted, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies each and every such allegation.

17. Responding to paragraph 17 of the Amended Complaint, Visa U.S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding MasterCard's activities, and on that basis denies them. Except as so stated, denied.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 4 -

22319\1387952.1

18.     Responding to paragraph 18 of the Amended Complaint, Visa U.S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding MasterCard's activities, and on that basis denies them. Visa U.S.A. admits that it has studied the economics of the use in the United States of payment cards with an embedded microchip. Except as so expressly admitted, denied.

### PrivaSys' Alleged Solution to Payment Card Fraud

19.     Responding to paragraph 19 of the Amended Complaint, Visa U.S.A. is without sufficient knowledge or information to form a belief as to the allegations of that paragraph, and on that basis denies them.

20.     Responding to paragraph 20 of the Amended Complaint, Visa U.S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

21.     Responding to paragraph 21 of the Amended Complaint, Visa U.S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

22.     Responding to paragraph 22 of the Amended Complaint, Visa U.S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

23.     Responding to paragraph 23 of the Amended Complaint, Visa U.S.A. is without sufficient knowledge or information to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

### The PrivaSys Patent

24.     Responding to paragraph 24 of the Amended Complaint, Visa U.S.A. admits that a copy of U.S. Patent No. 7,195,154 titled "Method for Generating Customer Secure Card Numbers" ("the '154 patent") was attached to the Amended Complaint as Exhibit A, and that the '154 patent lists the "Date of Patent" as March 27, 2007, the "Inventor" as Larry Routhenstein, and the "Assignee" as PrivaSys, Inc. Except as so expressly admitted, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 5 -

22319\1387952.1

this paragraph, and on that basis denies each and every such allegation.

25. Responding to paragraph 25 of the Amended Complaint, Visa U.S.A. admits that the '154 patent lists 35 patent claims. Except as so expressly admitted, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies each and every such allegation. To the extent legal conclusions are set forth in that paragraph, no response is required.

26. Responding to paragraph 26 of the Amended Complaint, Visa U.S.A. admits that PrivaSys purports to have licensed a portion of its intellectual property to MasterCard and First Data, Inc. Visa U.S.A. also admits it does not have a license to any of PrivaSys' patents. Visa U.S.A. distributes operating regulations, rules and specifications to member banks that are address to the design, functionality, and processing of Visa-branded payment cards, including contactless cards. Except as so expressly admitted, denied.

### Visa U.S.A.'s Allegedly Infringing Services

27. Responding to paragraph 27 of the Amended Complaint, Visa U.S.A. admits that the '154 patent lists March 27, 2003 under "prior publication data." Visa U.S.A. also admits PrivaSys counsel informed Visa U.S.A. of the pending issuance of the '154 patent in February 2007. Except as so expressly admitted, denied.

28. Responding to paragraph 28 of the Amended Complaint, Visa U.S.A. admits that some of its member banks have issued Visa-branded payment cards with a contactless technology known as payWave. Visa U.S.A. understands that Visa International's contactless feature is known as Visa Wave in Asia. Visa-branded contactless technology cards with payWave contain an embedded microchip and radio-frequency antenna (RF) that allows a reader at the point-of-sale to receive data from the chip when it is placed in close proximity of the reader. Visa-branded payWave cards may send data in accordance with Track 1 or Track 2 magnetic stripe formats. Except as so expressly admitted, denied.

29. Responding to paragraph 29 of the Amended Complaint, Visa U.S.A. admits that Visa's contactless protocols include a transaction-specific value known as a dynamic card verification value ("dCVV"). A pre-existing key in each card is applied with a variable factor in

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

- 6 -

22319\1387952.1

Case No.: C 07 3257

an algorithm to create a dCVV. The dCVV may be embedded within Track 2 Equivalent Data. The bank that issued the card is able to confirm the dCVV calculation to verify each contactless transaction. Except as so expressly admitted, denied.

30. Responding to paragraph 30 of the Amended Complaint, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies each and every such allegation.

### Chase's Allegedly Infringing Services

31. Responding to paragraph 31 of the Amended Complaint, Visa U.S.A. understands that Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A. issue Visa-branded "blink" contactless cards. U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies each and every such allegation.

32. Responding to paragraph 32 of the Amended Complaint, Visa U.S.A. admits that Visa's contactless protocols include a transaction-specific value known as a dynamic card verification value ("dCVV"). As to the remaining allegations of this paragraph, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies each and every such allegation.

33. Denied.

34. Responding to paragraph 34 of the Amended Complaint, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies each and every such allegation.

### Wells Fargo's Allegedly Infringing Services

35. Responding to paragraph 35 of the Amended Complaint, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies each and every such allegation.

36. Responding to paragraph 36 of the Amended Complaint, Visa U.S.A. admits that Visa's contactless protocols include a transaction-specific value known as a dynamic card verification value ("dCVV"). As to the remaining allegations of this paragraph, Visa U.S.A. is

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

- 7 -

Case No.: C 07 3257

22319\1387952.1

without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies each and every such allegation.

37. Denied.

38. Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies each and every such allegation.

## COUNT I

39. Responding to paragraph 39 of the Amended Complaint, denied.

40. Responding to paragraph 40 of the Amended Complaint, denied as to the allegations regarding Visa U.S.A.'s conduct. As to the allegations regarding Chase's and Wells Fargo's conduct, Visa U.S.A. is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies each and every such allegation.

41. Responding to paragraph 41 of the Amended Complaint, denied.

42. Responding to paragraph 42 of the Amended Complaint, denied.

43. Responding to paragraph 43 of the Amended Complaint, denied.

## VISA USA'S DEFENSES

### First Defense

44. Visa U.S.A. has not infringed and does not infringe any valid claim of the '154 patent.

### Second Defense

45. Visa U.S.A. is informed and believes and thereon alleges that the '154 patent is invalid because it fails to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, Sections 101, 102, 103, and 112.

### Third Defense

46. Visa U.S.A. is informed and believes and thereon alleges that the relief sought by PrivaSys is barred by virtue of PrivaSys' unclean hands..

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 8 -

22319\1387952.1

### Fourth Defense

47. The '154 patent is unenforceable due to inequitable conduct for the reasons set forth in the Third and Fourth Counterclaims below, hereby incorporated by reference.

### Fifth Defense

48. Visa U.S.A. is informed and believes and thereon alleges that the relief sought by PrivaSys is barred in whole or in part by the doctrine of estoppel and/or laches.

### Sixth Defense

49. The '154 patent is unenforceable due to prosecution laches for the reasons set forth in the Fifth Counterclaim below, hereby incorporated by reference.

### Seventh Defense

50. Visa U.S.A. is informed and believes and thereon alleges that the relief sought by PrivaSys is barred in whole or in part by the doctrines of first sale and patent exhaustion.

### COUNTERCLAIMS FOR DECLARATION OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '154 PATENT

Defendant and Counterclaimant Visa U.S.A., Inc. ("Visa U.S.A.") for its Counterclaims against Plaintiff and Counterclaim Defendant PrivaSys, Inc. ("PrivaSys") avers as follows:

51. Visa U.S.A. incorporates by reference and realleges its responses set forth in the paragraphs above.

52. Visa U.S.A. is a Delaware membership corporation having its principal place of business in Foster City and San Francisco, California.

53. Based on information in the Amended Complaint, PrivaSys is a Delaware corporation with its principal place of business in Newbury Park, California.

54. Visa U.S.A. counterclaims against PrivaSys pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the Courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

55. This Court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 9 -

22319\1387952.1

56. Venue over this counterclaim in this District is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because, on information and belief, PrivaSys is a corporation subject to personal jurisdiction in this District and regularly and systemically conducts its business in this District.

57. An actual controversy exists between PrivaSys and Visa U.S.A. as set forth in the allegations of the Amended Complaint in this action and Visa U.S.A.'s answer as to whether the '154 patent in invalid, unenforceable, and not infringed by Visa U.S.A.

### First Counterclaim For Relief
### (Non-Infringement)

58. Visa U.S.A. has not infringed and does not infringe any valid claim of the '154 patent.

59. Based on the foregoing, Visa U.S.A. is entitled to a judgment that the '154 patent is not infringed by Visa U.S.A.

### Second Counterclaim for Relief
### (Invalidity)

60. The '154 patent is invalid because it fails to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, Sections 101, 102, 103, 112, and 256.

61. Based on the foregoing, Visa U.S.A. is entitled to a judgment that the '154 patent is invalid.

### Third Counterclaim for Relief
### (Inequitable Conduct – Material Nondisclosure)

62. Each of the claims of the '154 patent are unenforceable at least due to inequitable conduct during the prosecution of the U.S. patent application No. 09/960,715 ("the '715 Application"), during which the named inventors, prosecutors, and those substantively involved in the prosecution of the '154 patent failed to disclose to the U.S. Patent and Trademark Office ("Patent Office") material information and all non-cumulative, material prior art of which they were aware.

63. On September 21, 2001, the inventors filed the '715 Application with the Patent Office. The '715 Application subsequently issued as the '154 patent.

64. The inventors named in the '715 Application, and each individual associated with

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 10 -

22319\1387952.1

the filing and prosecution of the application, had a continuing duty to disclose all information they were aware of that was material to the patentability of the inventions being claimed in the '715 Application and which was not merely cumulative over the prior art already before the Patent Office. The conduct of each person appearing before the Patent Office is governed by 37 C.F.R. § 1.56, which requires that:

> "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section…"

65. As part of the duty of candor, the Manual of Patent Examining Procedure, § 2001.06(c) specifically requires that individuals involved in the prosecution of a pending patent application disclose the existence of and material information resulting from litigation related to the subject matter of the pending application. In particular, § 2001.06(c) requires, in pertinent part, as follows:

> Where the subject matter for which a patent is being sought is or has been involved in litigation, *the existence of such litigation and any other material information arising therefrom* must be brought to the attention of the U.S. Patent and Trademark Office. Examples of such material information include evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure." (emphasis added)

66. This duty of candor to the Patent Office was owed by (1) the purported inventor of the '154 patent (Larry Routhenstein), (2) each attorney or agent who prepared or prosecuted the '715 Application, including at least Roy L. Anderson and Paul L. Hickman, and (3) every person who was substantively involved in the preparation or prosecution of the '715 Application and who was associated with the inventor, with the assignee, or with anyone to whom there is an obligation to assign the application (the "Obligated Persons").

67. PrivaSys alleges that the '154 Patent covers methods for providing secure transactions between a money source and a customer. More specifically, the claims of the '154 Patent are directed to methods and systems for securing transactions between two or more entities through the use of what the claims describe as a "Secure Card Number." The "Secure Card

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 11 -

22319\1387952.1

Number" is defined throughout the '154 Patent as including at least a "Transaction Information Block," a "Counter Block," and an "encrypted Personal Identification Number ("PIN") Block."

68. PrivaSys purports to be the owner of U.S. Patent Number 6,805,288 ("the '288 patent") entitled "Method for Generating Customer Secure Card Numbers Subject to Use Restrictions by an Electronic Card." Larry Routhenstein is also listed as an inventor on the '288 patent as is Roy L. Anderson, William R. Bryant, and Jacob Y. Wong. The '288 patent issued from U.S. Patent Application No. 09/960,714 ("the '714 Application"), which was filed the same day as the '715 Application (from which the '154 patent issued). The '288 Patent was issued by the U.S. Patent and Trademark Office on October 19, 2004.

69. The claims of the '288 patent are directed to methods for securing transactions between two or more entities through use of the same "Secure Card Number" as is claimed in the '154 patent. The only two independent claims of the '288 patent define the "Secure Card Number" to include the same "Transaction Information Block," "Counter Block," and "encrypted Personal Identification Number ('PIN') Block" as identified in the '154 patent.

70. The subject matter of the '154 patent is substantially the same as the subject matter of the '288 patent. Not only are the specifications of both applications substantially similar, the applicants for both the '154 patent and the '288 patent expressly stated in the "Cross Reference to Related Applications" section of the patents that the two patents are related to each other. Furthermore, because the claims of the '154 patent cover substantially the same subject matter as the claims of '288 patent, the Patent Office repeatedly rejected some claims of the '715 Application on the basis that the claims of the '715 Application were not patentably distinct from the claims of the '288 patent. This rejection was only overcome by the filing by the applicants of a terminal disclaimer, relinquishing any patent term for the '154 patent which would extend beyond the term of the '288 patent.

71. Upon information and belief, during the pendency of the '715 Application, PrivaSys was simultaneously litigating claims related to the proper inventorship of the subject matter that is claimed in the '288 Patent. In PrivaSys, Inc. v. MasterCard International Inc., N.D. Cal. Case No. 05-3663 CW (filed Sept. 12, 2005) and MasterCard International Inc. v. PrivaSys,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 12 -

22319\1387952.1

Inc., S.D.N.Y. Case No. 05-8511 CLB (filed Oct. 3, 2005) (collectively, "the PrivaSys-MasterCard Litigation"), PrivaSys alleged, inter alia, that MasterCard misappropriated PrivaSys' proprietary technology and incorporated such technology into U.S. Patent No. 6,657,566 ("the '566 Patent"), which is owned by MasterCard.

72. In particular, in the PrivaSys-MasterCard Litigation, PrivaSys alleged that PrivaSys disclosed to MasterCard information for securing transactions using a "dynamic authentication code." PrivaSys further alleged that this "dynamic authentication code" technology was incorporated into PrivaSys' '288 Patent, MasterCard's U.S. Provisional Patent Application No. 60/337,913 (the "the '913 Application"), and MasterCard's Patent Application No. 10/302,976 (filed Nov. 25, 2002), which matured into the '566 Patent. In the PrivaSys-MasterCard Litigation, PrivaSys described the '913 Application as being directed to the creation and use of a "dynamic authentication code" to secure transactions, as was included in PrivaSys' patents such as the '288 patent.

73. In the PrivaSys-MasterCard Litigation, PrivaSys further described the '913 Application as "claiming the PrivaSys DAC technology in the RF context." PrivaSys further alleged that this claimed invention "was not novel and original with MasterCard …. It was novel and original with PrivaSys." As a result, in their first cause of action, PrivaSys alleged that Routhenstein should be declared at least a co-inventor on the '566 Patent. In other words, in PrivaSys' view, the PrivaSys-MasterCard Litigation involved disputed questions regarding the proper inventorship of technology for the creation and use of dynamic authentication codes to secure transactions using radio frequency (RF) communications. This technology is or has been alleged by PrivaSys to be included in each of the '566 patent, the '288 patent, and the '154 patent.

74. Although the '715 Application was pending before the Patent Office throughout the entirety of the PrivaSys-MasterCard Litigation and further that the patents in dispute in the PrivaSys-MasterCard Litigation involved substantially the same subject matter as that claimed in the '715 Application, the Obligated Persons did not disclose to the Patent Office either the existence of the PrivaSys-MasterCard Litigation or the questions raised regarding the inventorship of the subject matter. The Obligated Persons failed and refused to satisfy their duty

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 13 -

22319\1387952.1

of candor to the Patent Office in spite of clear knowledge of both the PrivaSys-MasterCard Litigation and the questions of inventorship and further did so, upon information and belief, with the intent to deceive the examiner so that the '154 patent would be allowed to issue.

75. Visa U.S.A.'s investigation of the '154 patent is continuing. The '154 patent purports to be related to many other pending applications and issued patents. In addition, the lawyer who filed the '715 Application was simultaneously prosecuting other related applications and is the named inventor on some of them. Several of these related patents and applications are parts of large chains of related patents and pending applications. Visa U.S.A. has not completed its investigation of whether, in light of these circumstances, the Obligated Persons failed to comply with their duties of candor and related obligations in other respects (in addition to the material omissions described above). In addition, discovery in this case has not begun and no Rule 26 disclosures by PrivaSys have been made. Visa U.S.A. reserves its right to amend and supplement its inequitable conduct defenses, as appropriate additional information is obtained and evaluated.

76. As a result, the '154 patent was obtained in contravention of 37 C.F.R. § 1.56. Therefore, each of the claims of the '154 patent are unenforceable.

### Fourth Counterclaim for Relief
### (Inequitable Conduct – "Buried" Prior Art)

77. The '154 patent is unenforceable due to inequitable conduct. On information and belief, the attorney(s) and/or others substantively involved in the prosecution of the application leading to the '154 patent submitted 74 additional prior art references to the examiner at the U.S. Patent and Trademark Office ("PTO") on September 11, 2006, three months after the PTO had issued a notice of allowance, intending to make it extremely unlikely that the examiner would read, review and evaluate all of the cited references. Some of the added references were material to the application. One such reference is the 1996 EMV Co. Integrated Circuit Card Application Specification for Payment Systems, Version 3.1.1 released on May 31, 1998. The "burying" of this and other material prior art with intent to deceive the PTO constitutes inequitable conduct.

78. Based on either of the foregoing two counts, Visa U.S.A. is entitled to a judgment

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 14 -

22319\1387952.1

that the '154 patent is unenforceable due to inequitable conduct.

### Fifth Counterclaim for Relief
### (Prosecution laches)

79. Visa U.S.A. is informed and believes and thereon alleges that the '154 patent is unenforceable due to prosecution laches. The named inventor, the attorneys who conducted the prosecution before the USPTO and/or others substantively involved in the prosecution of the application leading to the '154 patent systematically delayed the prosecution of Claim 27, and the claims that depend from it—claims that PrivaSys assert are infringed by Visa U.S.A. During this period of delay, member banks issued Visa-branded payment cards with the payWave feature in the United States.

80. On September 21, 2001, the '715 Application was submitted to the USPTO. But it was not signed by the inventor and the required fee was not included. Thereafter, this pattern of repeated, simple administrative errors, missed deadlines, extensions of time, failures to pay filing fees continued for the next four years. On March 27, 2003, the '715 Application was published as Patent Application No. 2003/0061168 without Claim 27, or its dependent claims. On November 5, 2003, the patent office examiner indicated that claims 7-22 were allowable and provided a statement of reasons for allowance. Instead of proceeding to obtain issuance of the patent, the applicant responded by filing an amendment to those claims, which was not signed and the fee for the new claims was not paid. These defects produced still more needless delay. This pattern suggests a deliberate plan by the named inventor, the prosecuting attorney(s), and/or others substantively involved in the prosecution to achieve delay and thereby lengthen the period of time available to add new claims.

81. In contrast, also on September 21, 2001, the same inventor, represented by the same attorney filed another application, the '714 Application, whose disclosure was virtually identical to the disclosure of the '715 Application. The '714 Application, however, was prosecuted more diligently. A notice of allowance was mailed on June 4, 2004 and the patent issued as U.S. Patent No. 6,805,288 ("the '288 Patent") on October 19, 2004.

82. On October 21, 2005, more than four years after the '715 Application was filed,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS

- 15 -

22319\1387952.1

Case No.: C 07 3257

three years after the first Visa-branded payment cards with contactless technology were released in the United States, and eight months after publication of Visa International's patent application describing Visa's technology, the named inventor, prosecutors, and/or individuals substantively involved in the prosecution of the '154 patent first submitted a set of amended claims that included Claim 27 and its dependent claims. PrivaSys now points to Claim 27 and its dependent claims as allegedly covering Visa's technology. The '154 patent issued with Claim 27 and its dependent claims on March 27, 2007, five-and-half years after the application was first submitted.

83. PrivaSys filed its original application without these patent claims and deliberately awaited intervening developments before adding Claim 27 and its dependent claims. Visa U.S.A. has been potentially prejudiced by this delay. The unreasonable and unexplained delay in prosecuting Claim 27 and its dependent claims therefore constitutes prosecution laches.

84. Based on the foregoing, Visa U.S.A. is entitled to a judgment that the '154 patent is unenforceable due to prosecution laches.

## PRAYER FOR RELIEF

Wherefore, Visa U.S.A., Inc. respectfully request that the Court enter judgment as follows:

A. That PrivaSys' Amended Complaint be dismissed with prejudice, that judgment be entered in favor of Visa U.S.A. against PrivaSys, and that PrivaSys take nothing under its Amended Complaint;

B. Declaring this case as an exceptional case, and that PrivaSys be required to pay Visa U.S.A. its cost of suit, including its attorneys' fees pursuant to 35 U.S.C. § 285;

C. Declaring that the '154 patent is not valid and/or is unenforceable;

D. Declaring that no valid claim of the '154 patent is infringed by Visa U.S.A. or by the use of its products or services;

E. That PrivaSys and each of its officers, employees, agents, alter egos, attorneys and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Visa U.S.A. or any of its members or otherwise claiming that Visa U.S.A.'s products or services infringe the '154 patent;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS
Case No.: C 07 3257

- 16 -

22319\1387952.1

F.    That this Court award Visa U.S.A. the damages to which it is entitled due to PrivaSys's tortious interference with Visa U.S.A's existing contracts, with both pre-judgment and post-judgment interest,

G.    That PrivaSys and each of its officers, employees, agents, alter egos, attorneys and any persons in active concert or participation with them be restrained and enjoined from sending further letters to Visa U.S.A's affiliates or any of its members banks; and

H.    For such relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Visa U.S.A. hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

Dated: December 5, 2007

FARELLA BRAUN & MARTEL LLP

By: _____/s/ Roderick Thompson_____
           Roderick Thompson

Attorneys for Defendant
VISA U.S.A. INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA USA'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

- 17 -

Case No.: C 07 3257

22319\1387952.1