IAN N. FEINBERG (SBN 88324)
 ifeinberg@mayerbrownrowe.com
W. JOSEPH MELNIK (*pro hac vice*)
 jmelnik@mayerbrownrowe.com
ERIC B. EVANS (SBN 232476)
 eevans@mayerbrownrowe.com

MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2000
Facsimile:   (650) 331-2060

Attorneys for Defendant and Counterclaimant
VISA INTERNATIONAL SERVICE ASSOCIATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PRIVASYS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VISA INTERNATIONAL SERVICE ASSOCIATION and VISA U.S.A.,<br><br>Defendants.<br><br>VISA INTERNATIONAL SERVICE ASSOCIATION,<br><br>Counterclaimant,<br><br>v.<br><br>PRIVASYS, INC.,<br><br>Counterclaim Defendant. | Case No. C 07-3257 SI<br><br>**DEFENDANT AND COUNTERCLAIMANT VISA INTERNATIONAL SERVICE ASSOCIATION'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMAND** |

Defendant Visa International Service Association ("Visa International"), for its answer to the Amended Complaint filed November 19, 2007, (the "Amended Complaint") of PrivaSys, Inc. ("PrivaSys"), states as follows:

## INTRODUCTION

1. Responding to paragraph 1 of the Amended Complaint, Visa International admits that PrivaSys purports to have licensed a portion of its intellectual property to MasterCard and First Data, Inc. Except as so expressly admitted, denied.

## PARTIES

2. Responding to paragraph 2 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and on that basis denies them.

3. Responding to paragraph 3 of the Amended Complaint, Visa International is a Delaware membership corporation with offices in San Francisco and Foster City, California. Visa International and Visa U.S.A. are both wholly owned subsidiaries of Visa Inc. and separate corporations. PrivaSys' usage of the name "Visa" to denote both corporations and their "predecessor and subsidiaries" creates confusion and ambiguity throughout the remainder of the Amended Complaint. Throughout this Answer, unless otherwise indicated, Visa International's response is limited to its knowledge. Except as so expressly admitted, denied.

4. Responding to paragraph 4 of the Amended Complaint, PrivaSys's usage of the name "Chase" to denote multiple Defendants creates confusion and ambiguity throughout the remainder of the Amended Complaint. Visa International admits that JPMorgan Chase & Co. is a stockholder of Visa Inc. Visa International is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

5. Responding to paragraph 5 of the Amended Complaint, PrivaSys's usage of the name "Wells Fargo" to denote multiple Defendants creates confusion and ambiguity throughout the remainder of the Amended Complaint. Visa International admits that Wells Fargo & Co. is a

1  stockholder of Visa Inc. Visa International is without knowledge or information sufficient to
2  form a belief as to the truth of the remaining allegations of this paragraph, and on that basis
3  denies them.

### JURISDICTION AND VENUE

5  6.  Responding to paragraph 6 of the Amended Complaint, Visa International admits
6  that PrivaSys purports to bring a claim for patent infringement under 35 U.S.C. § 271 over which
7  the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a). Visa International
8  further admits that venue over PrivaSys' purported patent claim against Visa International is
9  proper in this judicial district. Except as so expressly admitted, denied.

10  7.  Responding to paragraph 7 of the Amended Complaint, Visa International admits
11  that it has offices in this judicial district. Except as so expressly admitted, denied.

12  8.  Responding to paragraph 8 of the Amended Complaint, Visa International is
13  without knowledge or information sufficient to form a belief as to the truth of the allegations of
14  that paragraph, and on that basis denies them.

15  9.  Responding to paragraph 9 of the Amended Complaint, Visa International is
16  without knowledge or information sufficient to form a belief as to the truth of the allegations of
17  that paragraph, and on that basis denies them.

### INTRADISTRICT ASSIGNMENT

19  10.  Responding to paragraph 10 of the Amended Complaint, admitted.

### BACKGROUND

21  11.  Responding to paragraph 11 of the Amended Complaint, Visa International
22  admits that a typical Visa-branded payment card may be made of plastic, may have embossed
23  characters showing the account number and information about the cardholder, and may have an
24  encoded magnetic stripe on the back of the card. Some Visa-branded payment cards contain a
25  printed, visible three-digit security code. Except as so expressly admitted, Visa International is
26  without knowledge or information sufficient to form a belief as to the truth of the remaining
27  allegations of this paragraph, and on that basis denies them.

1    12.    Responding to paragraph 12 of the Amended Complaint, Visa International admits that a typical merchant accepting Visa-brand payment cards may have a reader at the point of sale that can read the data from the magnetic stripe of a Visa-branded payment card and transmit data to the issuing bank with an authorization request. Track 1 data on the magnetic stripe of a typical Visa-branded payment card may contain the account number, customer's name, expiration date, and may also include discretionary data. Track 2 data on the magnetic stripe of a typical Visa-branded payment card may contain the account number, expiration date, and may also include discretionary data. Except as so expressly admitted, Visa International is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

13.    Responding to paragraph 13 of the Amended Complaint, Visa International admits that "skimming" and data compromise are terms commonly used to refer to fraud that may occur in the payment card industry. Except as so expressly admitted, Visa International is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

14.    Responding to paragraph 14 of the Amended Complaint, Visa International admits that "smart card" is a term commonly understood to be a payment card with an embedded microchip. Visa International understands that EMVCo LLP was formed by Europay International, MasterCard International, and Visa International. Except as so expressly admitted, Visa International is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

15.    Responding to paragraph 15 of the Amended Complaint, denied.

16.    Responding to paragraph 16 of the Amended Complaint, denied.

17.    Responding to paragraph 17 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding MasterCard's activities, and on that basis denies them. Except as so stated, denied.

18. Responding to paragraph 18 of the Amended Complaint, Visa International admits that it has studied the economics of smart card use. Except as so expressly admitted, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding MasterCard's activities, and on that basis denies them.

19. Responding to paragraph 19 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to the allegations of that paragraph, and on that basis denies them.

20. Responding to paragraph 20 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to truth of the allegations of that paragraph, and on that basis denies them.

21. Responding to paragraph 21 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to truth of the allegations of that paragraph, and on that basis denies them.

22. Responding to paragraph 22 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to truth of the allegations of that paragraph, and on that basis denies them.

23. Responding to paragraph 23 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to truth of the allegations of that paragraph, and on that basis denies them.

24. Responding to paragraph 24 of the Amended Complaint, Visa International admits that a copy of U.S. Patent No. 7,195,154 titled "Method for Generating Customer Secure Card Numbers" ("the '154 patent") was attached to the Amended Complaint as Exhibit A, and that the '154 patent lists the "Date of Patent" as March 27, 2007, the "Inventor" as Larry Routhenstein, and the "Assignee" as PrivaSys, Inc. Except as so expressly admitted, Visa International is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

25. Responding to paragraph 25 of the Amended Complaint, Visa International admits that the '154 patent lists 35 patent claims. Except as so expressly admitted, Visa International is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them. To the extent legal conclusions are set forth in that paragraph, no response is required.

26. Responding to paragraph 26 of the Amended Complaint, Visa International admits that PrivaSys purports to have licensed a portion of its intellectual property to MasterCard and First Data, Inc. Visa International also admits it does not have a license to any of PrivaSys' patents. Except as so expressly admitted, denied.

27. Responding to paragraph 27 of the Amended Complaint, Visa International admits that the '154 patent lists March 27, 2003 under "prior publication data." Except as so expressly admitted, denied.

28. Responding to paragraph 28 of the Amended Complaint, Visa International admits that some of its member banks have issued Visa-branded payment cards using contactless technology. Visa International's contactless technology is known as Visa Wave in Asia. Visa-branded contactless technology cards with payWave contain an embedded microchip and radio-frequency antenna (RF) that allows a reader at the point-of-sale to receive data from the chip when it is placed in close proximity of the reader. Visa-branded payWave cards may send data in accordance with Track 1 or Track 2 magnetic stripe formats. Except as so expressly admitted, denied.

29. Responding to paragraph 29 of the Amended Complaint, Visa International admits that Visa's contactless protocols include a transaction-specific value known as a dynamic card verification value ("dCVV"). A pre-existing key in each card is applied with a variable factor in an algorithm to create a dCVV. The dCVV may be embedded within Track 2 Equivalent Data. The bank that issued the card is able to confirm the dCVV calculation to verify each contactless transaction. Except as so expressly admitted, denied.

30. Responding to paragraph 30 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

31. Responding to paragraph 31 of the Amended Complaint, Visa International understands that Chase Bank USA, N.A., and JPMorgan Chase Bank, N.A., issue Visa-branded "Blink" contactless payment cards. Visa International is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

32. Responding to paragraph 32 of the Amended Complaint, Visa International admits that Visa's contactless protocols include a transaction-specific value known as a dynamic card verification value ("dCVV"). As to the remaining allegations of this paragraph, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

33. Responding to paragraph 33 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

34. Responding to paragraph 34 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

35. Responding to paragraph 35 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

36. Responding to paragraph 36 of the Amended Complaint, Visa International admits that Visa's contactless protocols include a transaction-specific value known as a dynamic card verification value ("dCVV"). As to the remaining allegations of this paragraph, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

37. Responding to paragraph 37 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

38. Responding to paragraph 38 of the Amended Complaint, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

## COUNT I

39. Responding to paragraph 39 of the Amended Complaint, denied.

40. Responding to paragraph 40 of the Amended Complaint, denied as to allegations regarding Visa International's conduct. As to allegations regarding other parties' conduct, Visa International is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

41. Responding to paragraph 41 of the Amended Complaint, denied.

42. Responding to paragraph 42 of the Amended Complaint, denied.

43. Responding to paragraph 43 of the Amended Complaint, denied.

## VISA INTERNATIONAL'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

44. Visa International has not infringed and does not infringe any valid claim of the '154 patent.

### Second Affirmative Defense

45. Visa International is informed and believes and thereon alleges that the '154 patent is invalid because it fails to comply with the requirements of 35 U.S.C. § 100 *et seq.*, including without limitation, Sections 101, 102, 103, and 112.

### Third Affirmative Defense

46. Visa International is informed and believes and thereon alleges that the relief sought by PrivaSys is barred by virtue of PrivaSys' unclean hands.

### Fourth Affirmative Defense

47. The '154 patent is unenforceable due to inequitable conduct for the reasons set forth in the Third and Fourth Counterclaims for Relief below in paragraphs 62-78, hereby incorporated by reference.

### Fifth Affirmative Defense

48. Visa International is informed and believes and thereon alleges that the relief sought by PrivaSys is barred in whole or in part by the doctrine of estoppel and/or laches.

### Sixth Affirmative Defense

49. The '154 patent is unenforceable due to prosecution laches for the reasons set forth in the Fifth Counterclaim for Relief below in paragraphs 79-84, hereby incorporated by reference.

### Seventh Affirmative Defense

50. Visa International is informed and believes and thereon alleges that the relief sought by PrivaSys is barred in whole or in part by the doctrines of first sale and patent exhaustion.

### COUNTERCLAIMS

Defendant and Counterclaimant Visa International Service Association ("Visa International") for its Counterclaims against Plaintiff and Counterclaim Defendant PrivaSys, Inc. ("PrivaSys") avers as follows:

### Nature of the Action

51. This is an action for a declaration of patent non-infringement, patent unenforceability, and patent invalidity under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. and the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

52. Visa International incorporates by reference and realleges its responses set forth in the paragraphs above.

1 **The Parties**

2    53.    Visa International is a Delaware corporation with its principal place of business in Foster City, California.

4    54.    Based on the information in the Amended Complaint, PrivaSys is a Delaware corporation which purports to be the owner of U.S. Patent 7,195,154 ("the '154 patent"), issued by the U.S. Patent and Trademark Office on March 27, 2007 entitled "Method for Generating Customer Secure Card Numbers."

**Jurisdiction**

55.    This Court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, 2201 and 2202 and 15 U.S.C. § 1121.

56.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because this suit was filed in this district by Counter-Defendant and Counter-Defendant is found in this district.

57.    An immediate, real, and justiciable controversy exists between Visa International and PrivaSys with respect to validity, enforceability, and infringement of PrivaSys' asserted patent as set forth in the allegations of the Amended Complaint and Visa International's answer as to whether the '154 patent is invalid, unenforceable, and not infringed by Visa International.

**First Counterclaim for Relief**
**(Non-infringement)**

58.    Visa International has not infringed and does not infringe any valid claim of the '154 patent.

59.    Based on the foregoing, Visa International is entitled to a judgment that the '154 patent is not infringed by Visa International.

**Second Counterclaim for Relief**
**(Invalidity)**

60. The '154 patent is invalid because it fails to comply with the requirements of 35 U.S.C. § 100 *et seq.*, including without limitation, Sections 101, 102, 103, and 112.

61. Based on the foregoing, Visa International is entitled to a judgment that the '154 patent is invalid.

**Third Counterclaim for Relief**
**(Inequitable Conduct – Material Nondisclosure)**

62. Each of the claims of the '154 patent are unenforceable at least due to inequitable conduct during the prosecution of the U.S. patent application No. 09/960,715 ("the '715 Application"), during which the named inventors, prosecutors, and those substantively involved in the prosecution of the '154 patent failed to disclose to the U.S. Patent and Trademark Office ("PTO") material information and all non-cumulative, material prior art of which they were aware.

63. On September 21, 2001, the inventors filed the '715 Application with the PTO. The '715 Application subsequently issued as the '154 patent.

64. The inventors named in the '715 Application, and each individual associated with the filing and prosecution of the application, had a continuing duty to disclose all information they were aware of that was material to the patentability of the inventions being claimed in the '715 Application and which was not merely cumulative over the prior art already before the PTO. The conduct of each person appearing before the PTO is governed by 37 C.F.R. § 1.56, which requires that:

> "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section…"

65. As part of the duty of candor, the Manual of Patent Examining Procedure, § 2001.06(c) specifically requires that individuals involved in the prosecution of a pending patent application disclose the existence of and material information resulting from litigation related to

-11-

the subject matter of the pending application. In particular, § 2001.06(c) requires, in pertinent part, as follows:

> Where the subject matter for which a patent is being sought is or has been involved in litigation, *the existence of such litigation and any other material information arising therefrom* must be brought to the attention of the U.S. Patent and Trademark Office. Examples of such material information include evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure." (emphasis added)

66. This duty of candor to the PTO was owed by (1) the purported inventor of the '154 patent (Larry Routhenstein), (2) each attorney or agent who prepared or prosecuted the '715 Application, including at least Roy L. Anderson and Paul L. Hickman, and (3) every person who was substantively involved in the preparation or prosecution of the '715 Application and who was associated with the inventor, with the assignee, or with anyone to whom there is an obligation to assign the application (the "Obligated Persons").

67. PrivaSys alleges that the '154 patent covers methods for providing secure transactions between a money source and a customer. More specifically, the claims of the '154 patent are directed to methods and systems for securing transactions between two or more entities through the use of what the claims describe as a "Secure Card Number". The "Secure Card Number" is defined throughout the '154 patent as including at least a "Transaction Information Block," a "Counter Block," and an "encrypted Personal Identification Number ("PIN") Block."

68. PrivaSys purports to be the owner of U.S. Patent Number 6,805,288 ("the '288 patent") entitled "Method for Generating Customer Secure Card Numbers Subject to Use Restrictions by an Electronic Card." Larry Routhenstein is also listed as an inventor on the '288 patent as are Roy L. Anderson, William R. Bryant, and Jacob Y. Wong. The '288 patent issued from U.S. Patent Application No. 09/960,714 (the "'714 Application"), which was filed the same day as the '715 Application (from which the '154 patent issued). The '288 patent was issued by the U.S. Patent and Trademark Office on October 19, 2004.

69. The claims of the '288 patent are directed to methods for securing transactions between two or more entities through use of the same "Secure Card Number" as is claimed in the '154 patent. The only two independent claims of the '288 patent define the "Secure Card Number" to include the same "Transaction Information Block," "Counter Block," and "encrypted Personal Identification Number ('PIN') Block" as identified in the '154 patent.

70. The subject matter of the '154 patent is substantially the same as the subject matter of the '288 patent. Not only are the specifications of both applications substantially similar, the applicants for both the '154 patent and the '288 patent expressly stated in the "Cross Reference to Related Applications" section of the patents that the two patents are related to each other. Furthermore, because the claims of the '154 patent cover substantially the same subject matter as the claims of '288 patent, the PTO repeatedly rejected some claims of the '715 Application on the basis that the claims of the '715 Application were not patentably distinct from the claims of the '288 patent. This rejection was only overcome by the filing by the applicants of a terminal disclaimer, relinquishing any patent term for the '154 patent which would extend beyond the term of the '288 patent.

71. Upon information and belief, during the pendency of the '715 Application, PrivaSys was simultaneously litigating claims related to the proper inventorship of the subject matter that is claimed in the '288 patent. In *Privasys, Inc. v. MasterCard International Inc.*, N.D. Cal. Case No. 05-3663 CW (filed Sept. 12, 2005) and *MasterCard International Inc. v. Privasys, Inc.*, S.D.N.Y. Case No. 05-8511 CLB (filed Oct. 3, 2005) (collectively, "the Privasys-MasterCard Litigation"), PrivaSys alleged, *inter alia*, that MasterCard misappropriated PrivaSys' proprietary technology and incorporated such technology into U.S. Patent No. 6,657,566 ("the '566 patent"), which is owned by MasterCard.

72. In particular, in the Privasys-MasterCard Litigation, PrivaSys alleged that PrivaSys disclosed to MasterCard information for securing transactions using a "dynamic authentication code." PrivaSys further alleged that this "dynamic authentication code" technology was incorporated into PrivaSys' '288 patent, MasterCard's U.S. Provisional Patent

Application No. 60/337,913 (the "the '913 Application"), and MasterCard's Patent Application No. 10/302,976 (filed Nov. 25, 2002), which matured into the '566 patent. In the Privasys-MasterCard Litigation, PrivaSys described the '913 Application as being directed to the creation and use of a "dynamic authentication code" to secure transactions, as was included in PrivaSys' patents such as the '288 patent.

73.     In the Privasys-MasterCard Litigation, PrivaSys further described the '913 Application as "claiming the PrivaSys DAC technology in the RF context." PrivaSys further alleged that this claimed invention "was not novel and original with MasterCard …. It was novel and original with PrivaSys." As a result, in their first cause of action, PrivaSys alleged that Routhenstein should be declared at least a co-inventor on the '566 patent. In other words, in PrivaSys' view, the Privasys-MasterCard Litigation involved disputed questions regarding the proper inventorship of technology for the creation and use of dynamic authentication codes to secure transactions using radio frequency (RF) communications. This technology is or has been alleged by PrivaSys to be included in each of the '566 patent, the '288 patent, and the '154 patent.

74.     Although the '715 Application was pending before the PTO throughout the entirety of the Privasys-MasterCard Litigation and further that the patents in dispute in the Privasys-MasterCard Litigation involved substantially the same subject matter as that claimed in the '715 Application, the Obligated Persons did not disclose to the PTO either the existence of the Privasys-MasterCard Litigation or the questions raised regarding the inventorship of the subject matter. The Obligated Persons failed and refused to satisfy their duty of candor to the PTO in spite of clear knowledge of both the Privasys-MasterCard Litigation and the questions of inventorship and further did so, upon information and belief, with the intent to deceive the examiner so that the '154 patent would be allowed to issue.

75.     Visa International's investigation of the '154 patent is continuing. The '154 patent purports to be related to many other pending applications and issued patents. In addition, the lawyer who filed the '715 Application was simultaneously prosecuting other related applications

-14-

VISA INTERNATIONAL'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS
CASE NO. C 07-3257 SI

44042634

and is the named inventor on some of them. Several of these related patents and applications are parts of large chains of related patents and pending applications. Visa International has not completed its investigation of whether, in light of these circumstances, the Obligated Persons failed to comply with their duties of candor and related obligations. In addition, discovery in this case has not begun and no Rule 26 disclosures by PrivaSys have been made. Visa International reserves its right to amend and supplement its inequitable conduct defenses, as appropriate additional information is obtained and evaluated.

76. As a result, the '154 patent was obtained in contravention of 37 C.F.R. § 1.56. Therefore, each of the claims of the '154 patent are unenforceable.

**Fourth Counterclaim for Relief**
**(Inequitable Conduct – "Buried" Prior Art)**

77. The '154 patent is unenforceable due to inequitable conduct. On information and belief, the attorney(s) and/or others substantively involved in the prosecution of the application leading to the '154 patent submitted 74 additional prior art references to the examiner at the U.S. Patent and Trademark Office ("PTO") on September 11, 2006, three months after the PTO had issued a notice of allowance, intending to make it extremely unlikely that the examiner would read, review and evaluate all of the cited references. Some of the added references were material to the application. One such reference is the 1996 EMV Co. Integrated Circuit Card Application Specification for Payment Systems, Version 3.1.1 released on May 31, 1998. The "burying" of this and other material prior art with intent to deceive the PTO constitutes inequitable conduct.

78. Based on either of the foregoing two counts, Visa is entitled to a judgment that the '154 patent is unenforceable due to inequitable conduct.

**Fifth Counterclaim for Relief**
**(Prosecution Laches)**

79. Visa International is informed and believes and thereon alleges that the '154 patent is unenforceable due to prosecution laches. The named inventor, the attorneys who conducted the prosecution before the PTO and/or others substantively involved in the

-15-

1  prosecution of the application leading to the '154 patent systematically delayed the prosecution
2  of Claim 27, and the claims that depend from it—claims that PrivaSys assert are infringed by
3  Visa International. During this period of delay, member banks issued Visa-branded payment
4  cards with the payWave feature in the United States.

5      80.  On September 21, 2001, the '715 Application was submitted to the PTO. But it
6  was not signed by the inventor and the required fee was not included. Thereafter, this pattern of
7  repeated, simple administrative errors, missed deadlines, extensions of time, and failures to pay
8  filing fees continued for the next four years. On March 27, 2003, the '715 Application was
9  published as Patent Application No. 2003/0061168 without Claim 27, or its dependent claims.
10 On November 5, 2003, the PTO examiner indicated that claims 7-22 were allowable and
11 provided a statement of reasons for allowance. Instead of proceeding to obtain issuance of the
12 patent, the applicant responded by filing an amendment to those claims, which was not signed
13 and the fee for the new claims was not paid. These defects produced still more needless delay.
14 This pattern suggests a deliberate plan by the named inventor, the prosecuting attorney(s), and/or
15 others substantively involved in the prosecution to achieve delay and thereby lengthen the period
16 of time available to add new claims.

17     81.  In contrast, also on September 21, 2001, the same inventor, represented by the
18 same attorney filed another application, the '714 Application, whose disclosure was virtually
19 identical to the disclosure of the '715 Application. The '714 Application, however, was
20 prosecuted more diligently. A notice of allowance was mailed on June 4, 2004 and the patent
21 issued as U.S. Patent No. 6,805,288 ("the '288 patent") on October 19, 2004.

22     82.  On October 21, 2005, more than four years after the '715 Application was filed,
23 three years after the first Visa-branded payment cards with contactless technology were released
24 in the United States, and eight months after publication of Visa International's patent application
25 describing Visa's technology, the named inventor, prosecutors, and/or individuals substantively
26 involved in the prosecution of the '154 patent first submitted a set of amended claims that
27 included Claim 27 and its dependent claims. PrivaSys now points to Claim 27 and its dependent

28

claims as allegedly covering Visa's technology. The '154 patent issued with Claim 27 and its dependent claims on March 27, 2007, five and a half years after the application was first submitted.

83. PrivaSys filed its original application without these patent claims and deliberately awaited intervening developments before adding Claim 27 and its dependent claims. Visa International has been potentially prejudiced by this delay. The unreasonable and unexplained delay in prosecuting Claim 27 and its dependent claims therefore constitutes prosecution laches.

84. Based on the foregoing, Visa International is entitled to a judgment that the '154 patent is unenforceable due to prosecution laches.

///

///

///

**PRAYER FOR RELIEF**

Wherefore, Visa International respectfully requests that the Court enter judgment as follows:

A. That PrivaSys' Amended Complaint be dismissed with prejudice, that judgment be entered in favor of Visa International against PrivaSys, and that PrivaSys take nothing under its Amended Complaint;

B. Declaring this case as an exceptional case, and that PrivaSys be required to pay Visa International its cost of suit, including its attorneys' fees pursuant to 35 U.S.C. § 285;

C. Declaring that the '154 patent is not valid and/or is unenforceable;

D. Declaring that no valid claim of the '154 patent is infringed by Visa International or by the use of its products or services;

E. That PrivaSys and each of its officers, employees, agents, alter egos, attorneys and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Visa International or any its members or otherwise claiming that Visa International's products or services infringe the '154 patent;

F. For such relief as this Court may deem just and proper.

Dated: December 5, 2007          MAYER BROWN LLP

                                 By: /s/ Joseph Melnik
                                     W. Joseph Melnik
                                     Attorneys for Defendant
                                     VISA INTERNATIONAL SERVICE
                                     ASSOCIATION

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Visa International hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

Dated:  December 5, 2007                    MAYER BROWN LLP

                                            By:  /s/ Joseph Melnik
                                                 W. Joseph Melnik

                                            Attorneys for Defendant
                                            VISA INTERNATIONAL SERVICE
                                            ASSOCIATION