# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIVASYS, INC, <br><br> Plaintiff, <br><br> v. <br><br> VISA INTERNATIONAL, et al., <br><br> Defendants. | No. C 07-03257 SI <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMEND COMPLAINT AND DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS** |

Plaintiff has filed a motion for leave to file an amended complaint, and defendants ask the Court to stay the proceedings against certain defendants. The motions are scheduled for hearing on November 16, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the arguments of the parties and the papers submitted, the Court hereby GRANTS plaintiff's motion for leave to file an amended complaint and DENIES defendants' motion to stay the proceedings.

**BACKGROUND[1]**

On June 20, 2007, plaintiff PrivaSys filed a complaint against defendants Visa U.S.A. and Visa International Service Association ("Visa"), alleging that defendants infringed plaintiff's patent by incorporating and using plaintiff's patented technology in defendants' "payWave" credit and debit cards. Plaintiff's complaint states that in response to the problem of credit card fraud, it developed a system wherein a credit card uses a cryptographic algorithm to create an authentication code, unique to each

---

[1] The following background facts are taken from the allegations of plaintiff's First Amended Complaint, which for purposes of this motion, must be taken as true.

1 card and transaction, which is transmitted to a merchant's credit card reader and then compared with the authentication code generated by the bank that issued the credit card. If the two codes are the same, the credit card is deemed authentic because a counterfeit card would not have the ability to create the unique authentication code. Plaintiff's system does all this using existing magnetic stripe technology, i.e. the credit card swipe, that most U.S. merchants currently use, but can also be adapted to radio frequency, wireless, infrared, and other methods of transmitting information from a credit card to a merchant and, ultimately, the issuing bank.

Plaintiff owns U.S. Patent No. 7,195,154 ("the '154 patent"), which was issued on March 27, 2007. As plaintiff explained in its complaint, this patent "discloses a method that uses an encrypted and compressed authentication code that is dynamically calculated with each transaction and transmitted via the discretionary data field through the legacy payment card processing system and which was validated by duplicating the calculation in the issuing bank's data processing systems and comparing the two values for a match." First Amended Complaint at ¶ 25. Plaintiff has licensed this technology to MasterCard and other Visa competitors, but defendants have not purchased a license for their payWave card. According to plaintiff, the payWave card infringes the '154 patent because it uses a dynamic authentication code in much the same way as plaintiff's system. Plaintiff now seeks leave to amend its complaint to add Chase Bank and Wells Fargo Bank as defendants. Chase and Wells Fargo are members of Visa, and both issue Visa credit cards using the payWave technology.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). Leave to amend should be granted "with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), so long as factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment" are not present, *id.* at 1052 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, but leave may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment is "futile" only if no set of facts can be proved under the amendment which would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Permissive joinder of parties is governed by Federal Rules of Civil Procedure 20 and 21. Rule 21 states: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Rule 20, governing permissive joinder of parties, states:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Although amendments seeking to add parties are granted less freely than those seeking to add claims, the requirements governing permissive joinder are construed so as to promote trial convenience and to expedite the final determination of disputes. *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991); *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

## DISCUSSION

**1.     Plaintiff's motion for leave to file an amended complaint**

Plaintiff moves for leave to amend its complaint to add Chase Bank and Wells Fargo Bank as defendants. Defendants argue that leave to amend should be denied because the proposed amendment would be futile. That is, defendants argue that plaintiff cannot state a claim for infringement against Chase and Wells Fargo because these banks do not practice each step or element of any of the claims of plaintiff's '154 patent. Defendants are correct that "[d]irect infringement requires a party to perform or use each and every step or element of a claimed method or product." *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007). Where some of the steps are carried out by a third party, this requirement may be met by showing that the infringing party "controlled the conduct

of the acting party." *Id.* at 1379; *see also id.* at 1382 (stating that the infringing party must direct or control the activities of third parties). In addition, indirect infringement – in which a defendant "participates in or encourages infringement but does not directly infringe a patent," *id.* at 1379 – requires "a finding that some party amongst the accused actors has committed the entire act of direct infringement," *id.*

Here, defendants do not argue that joinder is improper, and the Court finds that joinder is appropriate under Federal Rule of Civil Procedure 20 because the claims arise out of the same transaction or occurrence and common questions of law and fact will arise. The Court does not agree with defendants that plaintiff's proposed amendment is futile because defendants have not shown that plaintiff can present no set of facts that would constitute a valid claim against Chase and Wells Fargo. *See Miller*, 845 F.2d at 214. To the contrary, plaintiff may well be able to put forth facts showing that defendant and the issuing banks directed or controlled the conduct of other parties, such that direct infringement may be proven. *BMC Resources*, 498 F.3d at 1379, 1382. Plaintiff may also be able to put forth facts showing that Visa directly infringed the '154 patent while Chase and Wells Fargo participated in the infringement but did not directly infringe the patent. *Id.* at 1379. Indeed, in response to defendants' motion, plaintiff has already indicated that it can produce precisely the type of evidence that had been absent in *BMC Resources*, i.e. that Visa "provides instructions or directions regarding the use of" its payWave card to the merchants and banks involved in the process, *id.* at 1381, and also that Visa has a "contractual relationship" with "the financial institutions," *id.* at 1382. Both pieces of evidence tend to show that Visa exercised "direction or control" over the customer-merchant interaction as well as over the banks, and thus "perform[ed] or cause[d] to be performed each and every element of the claims," *id.*, such that Chase and Wells Fargo could be liable, at the very least, as indirect infringers. For these reasons, plaintiff's proposed amendment is not futile and the Court GRANTS plaintiff's motion for leave to file an amended complaint.

**2.      Defendants' motion to stay proceedings against the banks**

In the event the Court grants plaintiff's motion for leave to file an amended complaint, defendants ask the Court to stay the proceedings against Chase, Wells Fargo, and any other banks

4

issuing credit cards that use Visa's payWave technology. Defendants argue that the "customer suit" exception of patent litigation should apply here to stay infringement suits against Visa's customers while the suit against Visa is pending. The Court agrees with plaintiff, however, that this exception is not applicable in these circumstances. Early case law, as well as subsequent applications by various district courts, makes clear that the "customer suit" exception is an exception to the venue rule that when two or more patent infringement suits, involving the same or similar parties and issues, are filed, courts normally grant priority to the first-filed suit and enjoin or stay the other suits. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990). The exception comes into play when the first-filed suit in one district court is against customers of the infringing manufacturer, while a subsequent suit in another district court is against the manufacturer itself. In these circumstances, there is "a rebuttable presumption that a manufacturer's declaratory judgment action, in its home forum, at least if brought no later than promptly after a customer action, should take precedence over a mere customer action in a jurisdiction in which the manufacturer could not be sued." *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977).

Where, as here, plaintiff has brought suit against both the supplier and its customers in the same suit and in the same district, the "customer suit" exception does not apply. *See*, *e.g.*, *Lifelink Pharm., Inc. v. NDA Consulting, Inc.*, 2007 WL 2459879 *3 (N.D. Ohio Aug. 24, 2007) ("granting a stay in such a situation would run counter to the goal of fostering judicial economy without enhancing the product source defendant's ability to litigate the issue of patent infringement"); *Alloc, Inc., v. Unilin Decor N.V.*, 2005 WL 3448060 *3 (E.D. Wis. Dec. 15, 2005) (where manufacturer and customer "are defending claims of infringement in the same consolidated suit in the same jurisdiction . . . there is no issue of which jurisdiction should be granted priority and therefore the exception to the typical priority rule is inapposite"); *Naxon Telesign Corp. v. GTE Info. Sys.*, 89 F.R.D. 333, 339 (N.D. Ill. 1980) ("In this action, where the suit against the manufacturer and customer would take place simultaneously . . . the problem addressed in *Codex* and *Gluckin & Co.* is not presented."). The case of *Refac Int'l, Ltd. v. IBM*, 790 F.2d 79 (Fed. Cir. 1986), is not to the contrary. There, the Federal Circuit approved, as a matter of case management, the district court's stay of proceedings against 31 customer defendants pending suit against six manufacturer defendants, where the customer defendants had agreed to be bound by the

5

district court's decision with regard to the manufacturers. *Id.* at 81. Here, by contrast, the number of defendants do not pose case management issues, and neither Chase nor Wells Fargo has agreed to be bound by the Court's decision with regard to Visa. Moreover, "[s]ubsequent decisions have held that the stay fashioned in *Refac* was a product of the rare circumstances presented and have limited its application." *Alloc*, 2005 WL 3448060 at *4 (citing other cases).

Finally, the *Codex* court explained that "[t]here may be situations, due to the prospects of recovery of damages or other reasons, in which the patentee has a special interest in proceeding against a customer himself, rather than solely as a shadow of the manufacturer, and therefore less weight should be given to the manufacturer's forum." *Codex*, 553 F.2d at 738 n.6. This may be such a situation. Plaintiff argues that Chase and Wells Fargo are not mere customers because they manufacture and issue payWave cards themselves, and are involved in carrying out the infringement of the patented method. Plaintiff also argues that it has special reasons to pursue claims against Visa's customer banks because it has significant damages claims against them. Thus, even if the "customer suit" exception to the forum rule applied here, the Court would not be inclined to stay the proceedings against Chase and Wells Fargo. *See id.*; *Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 241 (8th Cir. 1979). For all of these reasons, the Court DENIES defendants' motion to stay the proceedings against the customer banks.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion for leave to amend the complaint [Docket No. 27] and DENIES defendants' motion to stay the proceedings against the customer defendants [Docket No. 39].

**IT IS SO ORDERED.**

Dated: November 14, 2007

SUSAN ILLSTON
United States District Judge

6

7